# OLMSTEAD, HARRELL & GARNER, LLC
## ATTORNEYS AT LAW

Mailing Address: P.O. Box 4850, Gulf Shores, Alabama 36547
Street Address: 2201 West 1st Street, 2nd Floor, Gulf Shores, Alabama 36542
Facsimile: Facsimile: 855-787-5991

| Craig D. Olmstead, Esq. | C. Andrew Harrell, Jr., Esq. | Timothy D. Garner, Esq. |
|---|---|---|
| Email: craig@ohglaw.com | Email: andrew@ohglaw.com | Email: tim@ohglaw.com |
| Phone: 251-943-4000 | Phone: 251-968-1555 | Phone: 251-943-4000 |

October 13, 2022

<u>Via First Class Mail and Email: franklineatonjr@mac.com; franklin@callaghanlawoffice.com</u>

Franklin H. Eaton, Jr., Esq.
THE CALLAGHAN LAW OFFICE
Post Office Box 1036
Gulf Shores, AL 36547

   Re: Unit No. 44, Fairhope Motorcoach Resort Condominium (the "Unit")
      Mark and Julie Heimkes

Dear Frank:

  I understand your client, Mark Heimkes, attempted to attend a board meeting at the clubhouse today with his dog, Rex. As you are aware, dogs are not allowed in the clubhouse. To date, neither you nor Mr. Heimkes has made a request for a reasonable accommodation. As you were informed in my September 21, 2022, letter, a copy of which is enclosed, the board will consider any request for a reasonable accommodation supported by proper documentation when it is made. Until a reasonable accommodation is granted allowing such, Mr. Heimkes is not to have his dog in the clubhouse or in the pool area.

                Sincerely,

                C. Andrew Harrell, Jr.
                For the Firm

/cah

cc: Fairhope Motorcoach Resort Condominium Owners Association, Inc.

Enclosure

**Exhibit E**

# OLMSTEAD, HARRELL & GARNER, LLC

ATTORNEYS AT LAW

Mailing Address: P.O. Box 4850, Gulf Shores, Alabama 36547
Street Address: 2201 West 1st Street, 2nd Floor, Gulf Shores, Alabama 36542
Facsimile: Facsimile: 855-787-5991

| Craig D. Olmstead, Esq. | C. Andrew Harrell, Jr., Esq. | Timothy D. Garner, Esq. |
|---|---|---|
| Email: craig@ohglaw.com | Email: andrew@ohglaw.com | Email: tim@ohglaw.com |
| Phone: 251-943-4000 | Phone: 251-968-1555 | Phone: 251-943-4000 |

September 21, 2022

<u>Via First Class Mail and Email: franklineatonjr@mac.com; franklin@callaghanlawoffice.com</u>

Franklin H. Eaton, Jr., Esq.
THE CALLAGHAN LAW OFFICE
Post Office Box 1036
Gulf Shores, AL 36547

   Re: Unit No. 44, Fairhope Motorcoach Resort Condominium (the "Unit")
     Mark and Julie Heimkes

Dear Frank:

   I have received your letter dated September 12, 2022, requesting "clarification" on their request for a reasonable accommodation.

   I am confused by your request. Mr. Heimkes has yet to make a request for a reasonable accommodation. He has further failed to provide documentation that Rex is trained to provide a service that is necessary to ameliorate Mr. Heimkes' alleged disability or that Logan is trained at all. The investigation by the Department of Housing and Urban Development ("HUD") confirmed those failures in its report based on Mr. Heimkes' complaint. A copy of the results of the HUD investigation based on Mr. Heimkes' complaint is attached for your reference. As you can see, HUD found no discrimination by the Association.

   The Association will consider Mr. Heimkes' request for a reasonable accommodation once it is made supported by the appropriate documentation.

Sincerely,

C. Andrew Harrell, Jr.
For the Firm

/cah

cc: Fairhope Motorcoach Resort Condominium Owners Association, Inc.

Enclosure



U.S. Department of Housing and Urban Development
Region IV Office of Fair Housing and Equal Opportunity
Five Points Plaza
40 Marietta Street, 16th Floor
Atlanta, GA 30303-2806

September 01, 2022

Pat Achee
Vice President of the Board of Directors
c/o Fairhope Motorcoach Resort COA, Inc.
11251 State Hwy 104 Fairhope Al 36532
Fairhope, AL 36532

Dear Respondent:

Subject: Housing Discrimination Complaint
Heimkes, Mark and Julie v Fairhope Motorcoach Resorts COA, Inc., et al
Inquiry No.: 647153
HUD File No.: 04-21-7036-8

The U.S. Department of Housing and Urban Development (HUD) administratively enforces the Fair Housing Act of 1968 (the Act). HUD has completed its investigation of the above-referenced complaint. Efforts to voluntarily conciliate the complaint during the course of the investigation were unsuccessful.

Based on the evidence obtained during the investigation, HUD has determined that no reasonable cause exists to believe that a discriminatory housing practice has occurred. Accordingly, HUD has completed its administrative processing of this complaint under the Act, and the complaint is hereby dismissed. The enclosed Determination of No Reasonable Cause contains a summary of the factual evidence supporting this dismissal.

This Determination only addresses the violations of the Fair Housing Act alleged in the complaint and does not address any potential violations of any other provision of the law. If you wish to request a copy of the Final Investigative Report, please send an email request to Investigations04@hud.gov. Include the case name, number and "FIR Request" in the subject line of your message. Due to the coronavirus pandemic, email is the preferred communication method, as many of HUD's employees are working remotely and have limited ability to retrieve postal mail, deliveries or faxes. We apologize for the inconvenience.

**Retaliation is a violation of the Fair Housing Act.** Section 818 of the Act makes it unlawful to retaliate against any person because he or she has filed a housing discrimination complaint; is associated with a complainant; has counseled or otherwise assisted any person to file such a complaint; or has provided information to HUD during a complaint investigation. Section 818 also protects complainants against retaliatory acts that occur after a complainant has withdrawn, settled, or conciliated a housing discrimination complaint. Section 818 protects complainants against retaliatory acts that occur after a finding of no reasonable cause. Any



person who believes that he or she has been a victim of retaliation for any of the reasons listed above may file a housing discrimination complaint with HUD within one (1) year of the date on which the most recent alleged retaliatory act(s) occurred or ended.

**Right to file a civil lawsuit.** Notwithstanding HUD's dismissal of this complaint, under Section 813(a) of the Act, the complainant may file a civil lawsuit in an appropriate federal district court or state court within two (2) years of the date on which the alleged discriminatory housing practice occurred or ended. The computation of this two-year period does not include the time during which this administrative proceeding was pending with HUD. If, upon the application of either party, the court determines that the party is financially unable to bear the costs of the civil lawsuit, the court may appoint an attorney, or may authorize the commencement of or continuation of the civil lawsuit without the payment of fees, costs, or security.

**Public Disclosure.** Section 103.400(a)(2)(ii) of HUD's regulation implementing the Act requires that HUD shall publicly disclose the dismissal of this complaint, unless a complainant or a respondent requests in writing that no such disclosure shall be made. Requests for nondisclosure must be made within thirty (30) days after receipt of this Determination. Nondisclosure requests should be submitted to the same HUD Office that issued the Determination. Notwithstanding such a request, the fact of this dismissal, including the names of all parties to the complaint, is public information and is available upon request.

If you have any questions regarding this closure, please contact (800) 440-8091 or (800) 669-9777 for assistance.

Sincerely,

Carlos Osegueda, Regional Director
Region IV, Office of Fair Housing and Equal Opportunity

Enclosures



# DETERMINATION OF NO REASONABLE CAUSE

CASE NAME: Heimkes, Mark and Julie v Fairhope Motorcoach Resorts COA, Inc., et al
CASE NUMBER: 04-21-7036-8

Complainants Julie and Mark Heimkes who identifies as a person with a non-visible disability, alleged Respondents subjected them to discriminatory terms and conditions in the refusal to grant a reasonable accommodation in violation of Sections 804(f)(2) and 804(f)(3)(B) of the Fair Housing Act (Act). Respondents are Fairhope Motorcoach Resort COA, Inc. (COA Board) and Pat Achee (COA Board Vice President). All jurisdictional requirements have been met.

## Summary and Analysis of Evidence

Complainants alleged Respondents violated the Act by issuing a violation letter to revoke Mr. Heimkes' previously approved reasonable accommodation for his service animal and refusing to allow Complainant to take his animal into the common areas of the property. To establish a violation under the Act, the investigation must demonstrate that Complainant requested an accommodation in the rules, policies, practices, or services of the Respondent.

The Department determined that there is insufficient evidence to support that Respondents' actions were based on disability. Specifically, Complainants moved into the subject property in or around the Summer of 2018 with their dog Logan. The investigation revealed that Complainant did not immediately request a reasonable accommodation however, on April 14, 2020, Complainant informed Respondent Achee that he had a disability, and that Logan was his service animal. The investigation determined that Respondents were not aware of the nature of Complainant's disability, nor any disability-related services Logan allegedly provided. In accordance with Respondents' pet policy which states in relevant part, "No pets shall be allowed in the pool, pool deck area, pool house or Owner's Lodge" and "all pets must be kept on leashes... when not within a unit." The evidence shows that Logan was identified as wandering around the pool area, the neighborhood unleashed, and sitting on furniture in the pool area. It was further alleged that Logan had also defecated in the bushes in the common area. As a result, on December 2, 2020, Respondents issued Complainants a violation for "taking the dog into unauthorized areas." The notice requested that Complainants place the dog on a leash when outside and further stated that Complainants should discontinue taking the dog into the lodge and pool areas.

On December 29, 2020, Complainant's counsel sent a letter to Respondents stating that Complainant is a person with disabilities and Logan is a service animal. Complainants counsel demanded that Respondents rescind the violation letter. In response, on January 11, 2021, Respondents sent a letter indicating that there was never a reasonable accommodation in place for Complainant and requested that Complainant make a reasonable accommodation request by providing information to verify he is a person with a disability, describe the needed



accommodation, and show the relationship between the disability and the need for the requested accommodation to assess the request. On January 21, 2021, Respondents contacted Complainant requesting a meeting to discuss the need for the requested accommodation. Respondents also contacted Complainants' counsel on January 28, 2021, to invite Complainant to discuss his accommodation request. The investigation established that Complainant did not meet with Respondents nor provide the requested documentation, and in response Complainant filed a lawsuit alleging that Respondents denied the reasonable accommodation request to allow him the use of a service animal in the pool house and owner's lodge. The investigation determined that Complainant did not enter the interactive process to give Respondents the opportunity to assess the request prior to filing the lawsuit.

The evidence shows that sometime during the course of the investigation, Logan became deceased and on or around October 8, 2021, Complainant acquired a German Shephard puppy named Rex that he planned to train as a service animal. The investigation established that after obtaining the second animal, multiple residents made complaints to Respondents in reference to the animal's aggressive behavior. As a result, on November 12, 2021, Respondents sent Complainant a letter indicating that Rex had been aggressive toward residents and needed to be removed from the property. On November 16, 2021, Respondents filed a temporary restraining order against Rex through the court. While Complainants alleged that Respondents actions equated to acts of harassment, the investigation was able to determine that the complaints made by the residents were valid. On December 10, 2021, Complainant and Respondents agreed that Rex would remain on Complainants' property during the pending litigation while he was being trained. A review of the evidence shows that on January 2, 2022, Complainant electronically submitted training records identifying Rex as a service animal in training to The District Court of Baldwin County, Alabama. The investigation did not find evidence to support that Complainant provided records to Respondents prior to the court filing. On March 11, 2022, the parties appeared in court and a summary judgement was issued in favor of the Respondents.

The investigation established that Respondents do not maintain demographic data on residents but have confirmed that multiple residents have had service animals on the property without issue. During the relevant period, there was one other family that made a reasonable accommodation request which is under review. Based on the foregoing analysis, the Department concludes that there is no reasonable cause to believe Respondents violated Sections 804(f)(2) and 804(f)(3)(B) of the Act.

_____                                September 1, 2022
Carlos Osegueda, Regional Director                       Date
Region IV, Office of Fair Housing and Equal Opportunity

