| Case Name and Citation | Relevant Statute and Sub-Elements | Key Holdings | Applicability to Service Dogs/ESAs |
|---|---|---|---|
| Aikins v. St. Helena Hosp., 843 F. Supp. 1329 (N.D. Cal. 1994). | ADA, 42 U.S.C. § 12182(a); Sub-elements: Operator requires control over policy; Independent contractor exemption. | The court dismissed, holding doctor not operator without policy authority. Step-by-step: (1) Language implies control over services; (2) Independent contractor lacks power to amend policy; (3) No authority to ensure nondiscrimination; (4) Proper defendant owns/operates/leases; (5) Retains accountability for those in position. | Applies to ADA public accommodations; operator needs remedial control; relevant for FMRCOA on HOA vs. individual liability. |
| Auburn Woods I Homeowners Ass'n v. Fair Emp't & Hous. Comm'n, 121 Cal. App. 4th 1578, 18 Cal. Rptr. 3d 669 (2004). | FHA, 42 U.S.C. § 3604(f); Sub-elements: Repeated denials; Service dog for mental health. | The court affirmed the Commission's decision, holding that repeated denials of a waiver for an emotional support dog violated the FHA. Step-by-step: (1) The residents' depression qualified as a mental disability; (2) Necessity was proven by medical testimony on companionship benefits; (3) Enforcement of no-pet rules constituted discrimination without undue burden. | Applies to emotional support animals; state law mirroring FHA; relevant for persistent HOA denials in mental health contexts. |
| Baird v. 1600 Church Rd. Condo. Ass'n, No. 16-1432, 2017 WL 4150785 (E.D. Pa. Sept. 19, 2017). | FHA, 42 U.S.C. § 3604(f); ADA, 42 U.S.C. § 12181(7); Sub-elements: Proof of disability; Documentation; Training distinction. | The court granted the defendants' motion for summary judgment, dismissing claims due to insufficient proof of disability and lack of training for the dogs under ADA standards. Step-by-step: (1) No medical records or expert testimony substantiated substantial limitations in major life activities; (2) The FHA requires a nexus between the animals and disability mitigation; (3) The animals failed to qualify as service animals under ADA due to absence of task-specific training | Applies to emotional support animals under the FHA but dismissed for failed proof; contrasts ADA's training mandate by noting emotional support animals may qualify without it if necessity is proven; emphasizes the need for robust documentation in housing disputes. |

| Case Name and Citation | Relevant Statute and Sub-Elements | Key Holdings | Applicability to Service Dogs/ESAs |
|---|---|---|---|
| | | evidence; (4) Emotional support claims under FHA similarly lacked evidentiary support for necessity. | |
| Baltimore Neighborhoods, Inc. v. Rommel Builders, Inc., 40 F. Supp. 2d 700 (D. Md. 1999). | ADA, 42 U.S.C. § 12181(7); Sub-elements: Model units as sales offices; DOJ guidance. | The court denied dismissal, holding sales offices in models public. Step-by-step: (1) DOJ manual: accessible if sales; (2) No exemption for location; (3) Plain language requires sale/rental; (4) Deference to DOJ; (5) Broad purpose. | Applies to ADA public accommodations; model sales covered; relevant for FMRCOA on HOA sales/leasing. |
| Belcher v. Grand Reserve MGM, LLC, 269 F. Supp. 3d 1219 (M.D. Ala. 2017). | FHA, 42 U.S.C. § 3604(f); Sub-elements: Familial status; Direct threat; Breed restrictions. | The court granted partial summary judgment, holding FHA violation for denying ESA (pit bull) without individualized threat assessment. Step-by-step: (1) Disability (anxiety/depression) established; (2) ESA necessary for emotional support; (3) Breed ban discriminatory absent actual threat; (4) No undue burden; (5) Retaliation via eviction. | Applies to ESAs under FHA; breed restrictions require individualized inquiry; no training needed; relevant for FMRCOA on pit bulls, direct threat. |
| Bhogaita v. Altamonte Heights Condo. Ass'n, Inc., 765 F.3d 1277 (11th Cir. 2014). | FHA, 42 U.S.C. § 3604(f)(3)(B) (reasonable accommodation for disability); Sub-elements: Disability definition (mental impairment substantially limiting major life activities); Necessity of accommodation; Constructive denial through delay; No undue burden on housing provider. | The court held that the condominium association violated the FHA by constructively denying a reasonable accommodation request for an emotional support animal exceeding a 25-pound pet weight limit. Step-by-step: (1) Plaintiff established post-traumatic stress disorder as a disability under 42 U.S.C. § 3602(h) based on evidence of substantial limitations in major life activities like sleeping and socializing; (2) The emotional support animal was necessary to afford equal use | Applies to emotional support animals under the FHA in housing contexts; highlights that emotional support animals, unlike ADA service animals, do not require specific task training but must provide therapeutic support linked to the disability; not directly applicable to ADA public access rights but reinforces FHA protections against arbitrary restrictions like |

| Case Name and Citation | Relevant Statute and Sub-Elements | Key Holdings | Applicability to Service Dogs/ESAs |
|---|---|---|---|
| | | and enjoyment of the dwelling, as supported by medical evidence linking the animal to ameliorating symptoms; (3) The association's repeated requests for excessive and irrelevant information, coupled with indeterminate delays, constituted a constructive denial without justification; (4) No evidence of undue financial or administrative burden or fundamental alteration to operations was presented, nor was there proof of a direct threat to health or safety. This ruling emphasizes the obligation for timely and good-faith engagement in the interactive process to avoid discrimination claims. | weight limits in residential settings. |
| Carolyn v. Orange Park Cmty. Ass'n, 177 Cal. App. 4th 1090 (2009). | ADA, 42 U.S.C. § 12181(7); Sub-elements: Public accommodation in HOAs; Recreational facilities open to public. | The court affirmed, holding HOA facilities private absent public access. Step-by-step: (1) Factors: nonmember use, purpose, advertisement, status; (2) Limited to owners/guests; (3) No indiscriminate public use; (4) Occasional nonmember insufficient; (5) Exemption if genuinely private. | Applies to ADA in HOAs; condos generally private; relevant for FMRCOA arguing not public accommodation unless open. |
| Castellano v. Access Premier Realty, Inc., 181 F. Supp. 3d 798 (E.D. Cal. 2016). | FHA, 42 U.S.C. § 3604(f)(3)(B); Sub-elements: Waiver of no-pet policy; Cat as ESA. | The court denied the defendants' motion for summary judgment, holding that waiving a no-pet policy for an emotional support cat was a reasonable accommodation. Step-by-step: (1) The plaintiff's disability (anxiety) was established through medical evidence; (2) The cat provided necessary emotional | Applies to emotional support animals, extending beyond dogs to cats; focuses on FHA housing waivers without training requirements. |

| Case Name and Citation | Relevant Statute and Sub-Elements | Key Holdings | Applicability to Service Dogs/ESAs |
|---|---|---|---|
| Chavez v. Aber, No. EP-15-CV-00068-KC, 2015 WL 4724807 (W.D. Tex. Aug. 10, 2015). | FHA, 42 U.S.C. § 3604(f)(2) (discrimination in rental terms); Sub-elements: Direct threat exception (24 C.F.R. § 100.202(d)); Breed-specific denials; Retaliation under § 3617; Reasonable accommodation necessity. | support without imposing undue burden; (3) Denial based on the policy alone was discriminatory absent threat or cost issues. The court denied the defendants' motion to dismiss, holding that a pit bull as an emotional support animal constituted a reasonable accommodation absent individualized evidence of a direct threat. Step-by-step: (1) The plaintiff's minor son was established as having a mental disability based on allegations of substantial limitations in learning and concentrating; (2) The emotional support animal was necessary to provide therapeutic benefits, such as reducing anxiety, as alleged in the complaint; (3) A veterinarian's assessment confirmed the dog showed no signs of aggression, overriding presumptions based on breed stereotypes alone; (4) The refusal to accommodate, grounded solely in breed concerns and a no-pet policy, violated the FHA without proof of actual threat; (5) The retaliation claim survived due to eviction threats following the accommodation request, demonstrating a causal link. This case underscores the requirement for individualized assessments rather than blanket breed bans in evaluating direct threat exceptions. | Applies to emotional support animals in FHA-covered rental housing; specifies that breed designations, such as pit bull, are not automatically disqualifying if no evidence of threat exists; contrasts with ADA service animals, which require task-specific training for public access but share protections against unfounded denials; directly relevant for challenging HOA or landlord policies in the FMRCOA case involving potential breed or size restrictions. |

| Case Name and Citation | Relevant Statute and Sub-Elements | Key Holdings | Applicability to Service Dogs/ESAs |
|---|---|---|---|
| Coddington v. Adelphi Univ., 45 F. Supp. 2d 211 (E.D.N.Y. 1999). | ADA, 42 U.S.C. § 12182(a); Sub-elements: Operator power to accommodate; University dean liability. | The court denied dismissal, holding dean operator with facilitation power. Step-by-step: (1) Identifies owners/operators/lessors as liable; (2) Power to facilitate necessary accommodations; (3) Retains accountability for those in position; (4) No joint ownership required; (5) Individual liability possible. | Applies to ADA accommodations; operator as authority holder; relevant for FMRCOA on HOA board liability. |
| Cohan v. Ocean Club at Deerfield Beach Condo. Ass'n, Inc., No. 14-60196-CIV-COHN/SELTZER, 2014 WL 1283543 (S.D. Fla. Mar. 27, 2014). | ADA, 42 U.S.C. § 12182; Sub-elements: Public accommodation status; Condo exemptions; Accessibility barriers (pool lift). | The court granted dismissal, holding condo not a public accommodation under ADA. Step-by-step: (1) Plaintiff alleged disabilities requiring wheelchair; (2) No pool lift discriminated; (3) Condo facilities private, not open to public; (4) No sales/leasing office alleged; (5) Residential exemptions apply. Leave to amend for specificity. | Applies to service animals indirectly (ADA exemptions); condos generally not public accommodations unless commercial elements; distinguishes FHA (covers housing); relevant for FMRCOA arguing HOA not ADA-covered. |
| Cordoves v. Miami-Dade County, 92 F. Supp. 3d 1221 (S.D. Fla. 2015). | ADA, 42 U.S.C. § 12182; FHA, 42 U.S.C. § 3604(f); Sub-elements: Service animal training (family-trained); Necessity for equal enjoyment; Public accommodation discrimination. | The court denied summary judgment on the ADA claim, holding a genuine issue existed on whether the dog was a service animal. Step-by-step: (1) Plaintiff established PTSD as disability limiting major life activities; (2) Dog trained by daughter to detect/alert to panic attacks via jumping, pawing, massaging; (3) Family training suffices under ADA if tasks performed; (4) Emotional support alone insufficient, but alerting qualifies; (5) No training required beyond basics if linked to disability. | Applies to service animals under ADA Title III (mall/public); self/family-training ok if tasks performed; distinguishes ESAs (no tasks); relevant for FMRCOA to show training evidence needed but not professional certification. |

| Case Name and Citation | Relevant Statute and Sub-Elements | Key Holdings | Applicability to Service Dogs/ESAs |
|---|---|---|---|
| DuBois v. Ass'n of Apartment Owners of 2987 Kalakaua, 453 F.3d 1175 (9th Cir. 2006). | FHA, 42 U.S.C. § 3604(f); Sub-elements: Knowledge of disability and necessity; Constructive vs. actual knowledge; No denial if accommodation granted. | The court affirmed summary judgment for the defendants, holding no FHA violation where the association never explicitly or constructively denied the request for emotional support cats. Step-by-step: (1) The plaintiff must prove the defendant's knowledge of the disability, which can be constructive based on circumstances; (2) Knowledge extends to the necessity of the accommodation for equal opportunity; (3) The accommodation must be necessary to mitigate disability effects; (4) No refusal or denial occurred, as the association did not act adversely; (5) The burden remains on the plaintiff to establish all elements of the claim. This case establishes a five-element test for FHA reasonable accommodation claims while noting circuit splits on knowledge standards. | Applies to emotional support animals under the FHA; outlines the evidentiary framework for claims without requiring task training; not ADA-specific but useful for clarifying knowledge thresholds in housing disputes, contrasting with stricter actual knowledge requirements in some circuits. |
| Dunn v. Phoenix W. II, LLC, No. 15-00258-KD-N, 2016 WL 7385007 (S.D. Ala. Feb. 23, 2016). | ADA, 42 U.S.C. § 12181(7); Sub-elements: Rental office as public accommodation; Residential exemptions. | The court dismissed most claims, holding units exempt but office compliant. Step-by-step: (1) Residential not public; (2) Office for rentals covered; (3) No noncompliance alleged in office; (4) Model homes as sales offices accessible; (5) DOJ guidance deferential. | Applies to ADA in apartments; rental offices public; relevant for FMRCOA on HOA offices/leasing. |
| Fair Hous. of the Dakotas, Inc. v. Goldmark Prop. Mgmt., Inc., 778 F. | FHA, 42 U.S.C. § 3604(f); Sub-elements: All animal types; No training required. | The court denied summary judgment in part, holding that the FHA protects untrained assistance animals from discriminatory fees. Step-by-step: (1) | Applies to emotional support animals; distinguishes from ADA by not requiring training; |

| Case Name and Citation | Relevant Statute and Sub-Elements | Key Holdings | Applicability to Service Dogs/ESAs |
|---|---|---|---|
| Supp. 2d 1028 (D.N.D. 2011). | | Broad definition of assistance animals includes emotional support; (2) Policies charging fees for such animals violate nondiscrimination; (3) Housing providers must accommodate without additional burdens. | key for challenging fee-based policies in FMRCOA. |
| Florida Comm'n on Human Relations v. Cypress Creek Golf Condos. of McKinney CDO, Inc., 306 So. 3d 127 (Fla. 1st DCA 2020), 306 So.3d 127. | FHA, 42 U.S.C. § 3604(f)(3)(B); Florida Fair Housing Act, Fla. Stat. § 760.23; Sub-elements: Reasonable accommodation for service dog (alerting for epilepsy/seizures); No training proof or certification required; No disability proof if obvious; No denial if seizures reduced by medication; Limited to two questions. | The court affirmed commission ruling, holding condo violated FHA by denying service dog for epilepsy without training proof, despite reduced seizures from medication. Step-by-step: (1) Epilepsy limited major life activities (driving, working), qualifying as disability even if managed by meds; (2) Dog trained to alert/seize during seizures, but no formal proof required under FHA; (3) Resident's statement and dog's task sufficient, no doctor's prescription needed; (4) Condo's demands for certification excessive, inquiries limited to two questions (disability need, dog's task); (5) No denial allowed for managed condition; (6) No direct threat shown. Emphasizes FHA's low proof bar, medication management does not disqualify. | Applies to service dogs under FHA/FFHA for epilepsy; no training/disability proof required beyond statement; limited to two questions; no denial if seizures reduced by medication; directly relevant for FMRCOA on HOA denials for managed epilepsy/PTSD/TBI with ESAs/service dogs. |
| Gragg v. Park Ridge Mobile Home Court LLP, No. 10-3313, 2011 WL 4459701 | FHA, 42 U.S.C. § 3604(f); Sub-elements: Disability proof; Necessity; No-pet denial. | The court granted dismissal, holding insufficient proof of disability/necessity for ESA. Step-by-step: (1) No substantial limitation shown; (2) ESA nexus unproven; | Applies to ESAs under FHA (mobile home); emphasizes proof requirements; relevant for FMRCOA on evidentiary burdens. |

| Case Name and Citation | Relevant Statute and Sub-Elements | Key Holdings | Applicability to Service Dogs/ESAs |
|---|---|---|---|
| (C.D. Ill. Sept. 26, 2011). | | (3) Lot rental not "dwelling"; (4) No refusal; (5) Claim failed. | |
| Green v. Hous. Auth. of Clackamas Cnty., 994 F. Supp. 1253 (D. Or. 1998). | FHA, 42 U.S.C. § 3604(f); Sub-elements: Hearing assistance dogs; Superior to devices. | The court granted plaintiffs' summary judgment, holding the dog more effective than alternatives. Step-by-step: (1) Disability required animal alerts; (2) Devices inadequate for comprehensive coverage. | Applies to service dogs under FHA; reinforces necessity over inferior alternatives. |
| Groner v. Golden Gate Gardens Apartments, 250 F.3d 1039 (6th Cir. 2001). | FHA, 42 U.S.C. § 3604(f); Sub-elements: Reasonable accommodation for mentally disabled tenant's noise; Interactive process; Reasonableness. | The court affirmed summary judgment for defendants, holding no FHA violation as landlord attempted reasonable accommodations for noisy mentally disabled tenant. Step-by-step: (1) Disability (schizophrenia/depression) conceded; (2) Noise linked to disability; (3) Landlord contacted social worker multiple times, soundproofed door, offered neighbor relocation; (4) Accommodations ineffective, no undue burden shown; (5) No duty for interactive process under FHA. | Applies to FHA accommodations for mental disabilities; emphasizes reasonableness balancing burdens vs. benefits; no training for accommodations like noise mitigation; relevant for FMRCOA on failed accommodations, direct threat from behavior. |
| Harborcrest Property Mgmt. v. Santana, 125 So. 3d 860 (Fla. 4th DCA 2013), 125 So.3d 860. | FHA, 42 U.S.C. § 3604(f)(3)(B); Florida Fair Housing Act, Fla. Stat. § 760.23; Sub-elements: Reasonable accommodation for ESA (no training); Anxiety disorder nexus; No disability proof required beyond statement; No denial if condition managed. | The court affirmed denial of eviction, holding FHA violation for denying ESA cat for anxiety without training or extensive disability proof. Step-by-step: (1) Anxiety limited major life activities, qualifying as disability; (2) ESA necessary for emotional support, no task training needed; (3) Tenant's statement and basic doctor's note sufficient, no detailed proof required; (4) Landlord's demands for | Applies to ESAs under FHA/FFHA for anxiety (analogous to PTSD/TBI); no training or detailed disability proof required; no denial if managed by meds; limited inquiries; relevant for HOA overreach in proof demands for managed mental disabilities. |

| Case Name and Citation | Relevant Statute and Sub-Elements | Key Holdings | Applicability to Service Dogs/ESAs |
|---|---|---|---|
| | | certification excessive; (5) Anxiety managed by meds did not disqualify accommodation; (6) Inquiries limited to need and animal's role. Reinforces minimal proof thresholds under FHA. | |
| Higgins v. 120 Riverside Blvd. at Trump Place Condo., No. 21-CV-4203 (LJL), 2022 WL 3972444 (S.D.N.Y. Aug. 31, 2022). | FHA, 42 U.S.C. § 3604(f)(3)(B); Sub-elements: Reasonable accommodation for disability (noise/fumes/mold in condo); Constructive denial through delay; Necessity nexus; Statute of limitations/continuing violation; Business judgment rule for board members. | The court granted in part and denied in part motions to dismiss, holding some FHA failure-to-accommodate claims timely under continuing violation doctrine for ongoing denials (e.g., advance notice of construction), but dismissed mold-related claims for lack of nexus to disability. Step-by-step: (1) Disabilities (traumatic brain injury, vertigo, hearing/vision impairment) established substantial limitations; (2) Accommodations like construction notice necessary to afford equal enjoyment, supported by medical evidence; (3) Repeated delays and inadequate responses constituted constructive denial; (4) Mold lacked proven link to disabilities (sinus issues not tied); (5) Statute accrues at denial knowledge, but continuing acts (post-2019) timely; (6) Business judgment rule shields board absent bad faith/self-dealing; (7) No undue burden shown. Emphasizes timely interactive process, individualized nexus. | Applies broadly to FHA reasonable accommodations in condos (noise, fumes, mold); no mention of service dogs/ESAs, but principles (necessity nexus, constructive denial, knowledge from communications, no undue burden) extend to animal cases; useful for FMRCOA on HOA duties, timeliness of ongoing denials without verification. |
| Hogarth v. Thornhill Condo. Ass'n, Inc., 310 | FHA, 42 U.S.C. § 3604(f)(3)(B); Florida Fair | The court reversed summary judgment for condo, holding genuine issues on FHA | Applies to ESAs under FHA/FFHA for PTSD; |

| Case Name and Citation | Relevant Statute and Sub-Elements | Key Holdings | Applicability to Service Dogs/ESAs |
|---|---|---|---|
| So. 3d 128 (Fla. 2d DCA 2020). | Housing Act, Fla. Stat. § 760.23; Sub-elements: Reasonable accommodation for ESA (no training proof required); PTSD disability nexus; No doctor's prescription or certification needed; Constructive denial via delays/harassment; No denial if condition managed. | violation for denying ESA dog for PTSD without training proof or doctor's prescription. Step-by-step: (1) PTSD substantially limited major life activities (sleeping, concentrating), qualifying as disability; (2) ESA necessary to ameliorate symptoms through companionship/alerting, no specific task training required under FHA; (3) Resident's statement of disability and dog's role sufficient, no doctor's note or certification needed; (4) Condo's demands for proof and delays constituted constructive denial; (5) No direct threat shown, PTSD managed by meds/therapy did not disqualify; (6) Inquiries limited to disability need and animal's task. Emphasizes FHA's broad protections, verbal assertions suffice if credible. | explicitly no training proof or doctor's prescription required if nexus shown; limited to two inquiries (disability need, animal's task); no denial if PTSD managed by meds; relevant for FMRCOA on HOA demands for proof in PTSD cases, verbal statements sufficient. |
| Jankey v. Twentieth Century Fox Film Corp., 14 F. Supp. 2d 1174 (C.D. Cal. 1998). | ADA, 42 U.S.C. § 12181(7); Sub-elements: Public accommodation factors; Private facilities. | The court granted summary judgment, holding studio lot private. Step-by-step: (1) Question of law; (2) Factors: nonmember use, purpose, ads, status; (3) Regular/indiscriminate use contradicts private; (4) Occasional insufficient; (5) Open indiscriminately key. | Applies to ADA exemptions; private if limited access; relevant for FMRCOA on HOA privacy. |
| Janush v. Charities Hous. Dev. Corp., 169 F. Supp. 2d 1133 (N.D. Cal. 2000). | FHA, 42 U.S.C. § 3604(f); Sub-elements: Multiple animals (birds/cats); Mental health companionship. | The court denied summary judgment, holding factual issues on whether eviction for emotional support animals violated the FHA. Step-by-step: (1) Disability required animals for companionship; (2) No-pet | Applies to multiple emotional support animals; supports broad therapeutic accommodations in housing. |

| Case Name and Citation | Relevant Statute and Sub-Elements | Key Holdings | Applicability to Service Dogs/ESAs |
|---|---|---|---|
| | | enforcement potentially discriminatory; (3) Reasonableness depends on burden assessment. | |
| Keys Youth Servs., Inc. v. City of Olathe, 248 F.3d 1267 (10th Cir. 2001). | FHA, 42 U.S.C. § 3604(f)(3)(B); Sub-elements: Actual knowledge of necessity; Zoning as housing practice; Reasonable accommodation. | The court affirmed the district court's ruling for the defendant on the reasonable accommodation claim, holding no liability without actual knowledge of the accommodation's necessity. Step-by-step: (1) The youths' behavioral disabilities were conceded; (2) The city lacked actual knowledge of the specific economic necessity for housing ten rather than eight residents to sustain operations; (3) The zoning denial was not discriminatory absent this knowledge; (4) This imposes a stricter standard than constructive knowledge recognized in other circuits like the Ninth; (5) Conflicts in circuit approaches were noted, but the Tenth Circuit required evidence of communicated necessity. | Applies broadly to FHA accommodations in group homes for disabled individuals, including potential emotional support contexts; emphasizes actual knowledge, contrasting with constructive standards elsewhere; relevant for arguing in FMRCOA that clear communications of necessity trigger duties, even if not animal-specific. |
| LaRosa v. River Quarry Apartments, LLC, No. 1:18-cv-00384-BLW, 2019 WL 1013413 (D. Idaho Mar. 4, 2019). | FHA, 42 U.S.C. § 3604(f); Sub-elements: Inquiries into disability; Ultimate approval; No violation if accommodated. | The court granted the defendants' motion to dismiss, holding no FHA violation where the emotional support dog was ultimately permitted after a verification process. Step-by-step: (1) Reasonable inquiries into the disability and necessity were permissible under HUD guidelines, provided they were not excessive or harassing; (2) The ultimate approval of the accommodation negated | Applies to emotional support animals under the FHA; demonstrates that limited verification processes are allowed if they lead to approval; distinguishes from ADA by encompassing broader animal types without training mandates. |

| Case Name and Citation | Relevant Statute and Sub-Elements | Key Holdings | Applicability to Service Dogs/ESAs |
|---|---|---|---|
| | | any claim of denial or refusal; (3) No undue delay was proven, as the process aligned with standard verification timelines without evidence of bad faith. | |
| Lentini v. California Ctr. for the Arts, Escondido, 370 F.3d 837 (9th Cir. 2004). | ADA, 42 U.S.C. § 12182(a); Sub-elements: Operator as authority position; Service animal exclusion. | The court reversed, holding director operator with authority to admit/exclude. Step-by-step: (1) Operator means control/direct functioning; (2) Position to instruct staff on access; (3) Ability to ensure nondiscrimination; (4) Participated in discriminatory acts; (5) Retains accountability for those in power. | Applies to service animals under ADA; operator liability for exclusions; relevant for FMRCOA on HOA officials controlling animal access. |
| McClendon v. Bresler, No. CV 21-01527-ODW (MRWx), 2023 WL 2820330 (C.D. Cal. Mar. 30, 2023). | FHA, 42 U.S.C. § 3604(f)(3)(B); ADA, 42 U.S.C. § 12182(b)(2)(A)(ii) (reasonable modification); Sub-elements: Constructive knowledge of disability; Documentation requests; No-dog policies; Compensatory damages. | The court granted the plaintiff's motion for summary judgment in part, awarding $14,800 in compensatory damages for the FHA violation stemming from the denial of a rental application due to an emotional support animal. Step-by-step: (1) Communications referencing "reasonable accommodation" and ADA compliance implied the presence of a disability, establishing constructive knowledge on the landlord's part without explicit disclosure; (2) The landlord had a duty to engage in an interactive process upon such knowledge; (3) The blanket no-dog policy was discriminatory as applied, without assessment of reasonableness; (4) Failure to accommodate by not waiving the policy or discussing alternatives violated the | Applies to emotional support animals under the FHA, described in the opinion as a "verified emotional support animal"; incorporates ADA references but primarily adjudicated under FHA for private housing; contrasts ADA's requirement for task training by focusing on therapeutic necessity; relevant for the Heimkes/Allfrey case to demonstrate that constructive knowledge suffices, even without detailed medical disclosure, in challenging unverified denials. |

| Case Name and Citation | Relevant Statute and Sub-Elements | Key Holdings | Applicability to Service Dogs/ESAs |
|---|---|---|---|
| | | FHA; (5) Damages were calculated based on emotional distress, lost housing opportunities, and related expenses, but no injunction was issued absent ongoing discrimination. | |
| Meza v. Union Pac. R.R. Co., No. 24-1367 (8th Cir. July 25, 2025). | ADA, 42 U.S.C. § 12102(1)(C); Sub-elements: Regarded-as disabled (brain injury seizure risk); No training for accommodations. | The court vacated summary judgment, holding genuine issues on whether employer regarded plaintiff as disabled due to brain injury. Step-by-step: (1) Injury caused perceived impairment; (2) Risk of future seizures from alteration; (3) No training discussed; (4) Restrictions discriminatory; (5) Remand for qualification/direct threat. | Applies to ADA regarded-as (work restrictions); analogies to FHA ESAs without training; relevant for FMRCOA on perceived disability risks, no-training parallels. |
| Mission Working Dogs v. Brookfield Properties Retail, Inc., No. 2:23-cv-00230-JAW (D. Me. Mar. 7, 2025). | ADA, 42 U.S.C. § 12182; MHRA; Sub-elements: Service dogs in training; Public accommodation access; State vs. federal distinctions. | The court denied summary judgment on ADA/MHRA claims, holding service dogs in training protected under MHRA but not ADA Title III. Step-by-step: (1) Plaintiffs established disabilities requiring trained dogs; (2) Dogs individually trained for tasks like alerting, grounding; (3) Training ongoing but tasks performed; (4) Denial of mall access discriminatory under MHRA (allows in-training); (5) ADA requires full training, no protection for in-training animals. Emphasizes state law broader than ADA. | Applies to service dogs in training under ADA Title III (mall); no federal protection for in-training, but state laws may differ; contrasts FHA (no training for ESAs); relevant for FMRCOA on training distinctions in quasi-public HOA areas. |
| Moore v. Equity Residential Mgmt., L.L.C., No. 16-cv- | ADA, 42 U.S.C. § 12181(7); Sub-elements: Apartment | The court dismissed, holding apartments exempt, commercial spaces covered. Step-by-step: (1) Residential not public; (2) | Applies to ADA in apartments/HOAs; private |

| Case Name and Citation | Relevant Statute and Sub-Elements | Key Holdings | Applicability to Service Dogs/ESAs |
|---|---|---|---|
| 07204-MEJ, 2017 WL 897442 (N.D. Cal. Mar. 7, 2017). | complexes exempt, commercial exceptions. | Open indiscriminately key; (3) Factors: nonmember use, purpose, ads, status; (4) Occasional public insufficient; (5) HOAs public if facilities open. | unless public access; relevant for FMRCOA exemptions. |
| Neff v. American Dairy Queen Corp., 58 F.3d 1063 (5th Cir. 1995). | ADA, 42 U.S.C. § 12182(a); Sub-elements: Operate meaning (control/function/manage); Franchisor liability. | The court affirmed dismissal, holding franchisor not operator absent control over accessibility. Step-by-step: (1) Operate means put/keep in operation, control functioning, conduct affairs; (2) Franchise agreement limited control to trademarks, not modifications; (3) No authority over ADA compliance; (4) No liability without remedial power; (5) Statutory canon favors ordinary meaning. | Applies to ADA Title III (public accommodations); operator requires active control; relevant for FMRCOA on HOA as operator if controlling animal policies in common areas. |
| New Horizons Rehabilitation, Inc. v. State of Indiana, 400 F. Supp. 3d 751 (S.D. Ind. 2019). | FHA, 42 U.S.C. § 3604(f)(3)(B); ADA, 42 U.S.C. § 12132; Rehabilitation Act, 29 U.S.C. § 794; Sub-elements: Reasonable accommodation in zoning classification (Class 1 vs. Class 2); Disparate treatment via commercial requirements (fire suppression); Necessity for equal opportunity; Permanent injunction and damages. | The court granted summary judgment and permanent injunction for plaintiff, holding state's Class 1 commercial classification of disabled supported living home (requiring fire suppression) violated FHA/ADA/Rehab Act. Step-by-step: (1) Residents' intellectual/developmental disabilities limited major life activities; (2) Waiver of Class 1 requirements necessary for equal residential access, as disabled cannot live independently like non-disabled families; (3) Disparate treatment shown, as similar non-disabled tenant homes treated as Class 2; (4) Accommodation reasonable, no undue burden (safety concerns speculative, comparable to single-family | Applies to FHA/ADA accommodations in disabled group homes; parallels ESAs by challenging burdensome classifications/restrictions solely for disabled housing; no training needed if nexus shown; useful for FMRCOA on discriminatory HOA safety/breed rules without individualized assessment. |

| Case Name and Citation | Relevant Statute and Sub-Elements | Key Holdings | Applicability to Service Dogs/ESAs |
|---|---|---|---|
| | | homes); (5) $30,400 in damages for delays/architect costs; permanent injunction reclassifying as Class 2. Reinforces FHA's remedial purpose against proxy discrimination in zoning. | |
| Osborne v. Belton, No. 3:20-cv-02008-TAD-KDM, 2022 WL 3031178 (W.D. La. Aug. 3, 2022). | FHA, 42 U.S.C. § 3604(f); Sub-elements: Assistance animal necessity; No training requirement; Retaliation under § 3617. | The court granted summary judgment for plaintiff, holding landlord violated FHA by denying ESA and evicting. Step-by-step: (1) Developmental disabilities/anxiety qualified as disability; (2) Doctor's note established ESA necessity for symptom management; (3) No training required under FHA for ESAs; (4) Denial without burden/threat; (5) Eviction causally linked to request, establishing retaliation. | Applies to ESAs under FHA (housing); no training needed if therapeutic; relevant for FMRCOA to emphasize FHA's broad protection without training mandates. |
| Overlook Mut. Homes, Inc. v. Spencer, 415 F. App'x 617 (6th Cir. 2011). | FHA, 42 U.S.C. § 3604(f); Sub-elements: No training for ESAs; Necessity for emotional support; Reasonable accommodation. | The court affirmed denial of injunction, holding untrained ESA qualified under FHA. Step-by-step: (1) Child's anxiety/depression as disability; (2) Dog provided support without training; (3) FHA assistance animals include untrained ESAs if necessary; (4) No undue burden; (5) Denial discriminatory absent threat. | Applies to ESAs under FHA (housing); explicitly no training required, contrasting ADA; key for FMRCOA to direct court to FHA's lower threshold for assistance animals. |
| Peklun v. Tierra Del Mar Condo. Ass'n, Inc., No. 15-CIV-80801, 2015 WL 8029840 (S.D. Fla. Dec. 7, 2015). | FHA, 42 U.S.C. § 3604(f)(3)(B); Sub-elements: Disability (sleep apnea); Necessity; Training distinctions (ESA vs. service). | The court denied summary judgment on FHA claim, holding issues on whether dog was necessary ESA/service animal. Step-by-step: (1) Sleep apnea as disability limiting breathing/sleeping; (2) Doctor letters showed nexus to dog alerting to apnea; (3) No training needed under FHA | Applies to ESAs/service animals under FHA; sleep apnea qualifies; no formal training if nexus shown; relevant for FMRCOA on revocation, verification limits. |

| Case Name and Citation | Relevant Statute and Sub-Elements | Key Holdings | Applicability to Service Dogs/ESAs |
|---|---|---|---|
| | | if therapeutic; (4) Revocation of prior approval factual; (5) Delay/denial constructive refusal. | |
| Phillips v. Acacia on the Green Condo. Ass'n, Inc., 43 F.4th 577 (6th Cir. 2022), aff'g No. 1:19-cv-1277, 2020 WL 6074055 (N.D. Ohio Oct. 15, 2020). | FHA, 42 U.S.C. § 3604(f)(3)(B); Sub-elements: Reasonable modification (gas grills); Necessity for disability. | The Sixth Circuit affirmed the district court's grant of summary judgment for defendant, holding gas grills not necessary accommodation for asthma/COPD. Step-by-step: (1) Disabilities established; (2) No nexus to grills alleviating symptoms; (3) Alternatives (electric grills) sufficient; (4) No undue burden needed as unnecessary; (5) Policy not discriminatory. The court noted FHA claims are remedial and survive death under federal common law. | Applies to modifications under FHA; necessity requires direct nexus; relevant for FMRCOA on non-animal accommodations, proof standards, and survival of claims after death. |
| Prindable v. Ass'n of Apartment Owners of 2987 Kalakaua, 304 F. Supp. 2d 1245 (D. Haw. 2003). | FHA, 42 U.S.C. § 3604(f); Sub-elements: Untrained dogs not "service animals." | The court granted summary judgment for defendants, holding an untrained dog did not qualify as a service animal under FHA or ADA. Step-by-step: (1) No evidence of task training linked to disability; (2) Emotional support alone insufficient for service classification; (3) But noted potential separate protection for emotional support animals. | Applies to emotional support animals vs. service animals; clarifies distinctions in FHA/ADA overlap, requiring proof for claims. |
| Reaves v. Immediate Medical Care, No. 3:23-cv-00156-WGY (M.D. Fla. Feb. 10, 2025). | ADA, 42 U.S.C. § 12182; Sub-elements: Service animal definition (individual training); Direct threat exception (allergies); Reasonable modifications. | The court ruled for the defendant after a bench trial, holding no ADA violation due to the direct threat exception despite the dog qualifying as a service animal. Step-by-step: (1) Plaintiff established disabilities (PTSD, anxiety, bipolar) substantially limiting major life activities like work and | Applies to service dogs under ADA Title III (public accommodations); affirms self-training ok, no certification needed, but allows exclusion for direct threats like allergies if modifications considered; |

| Case Name and Citation | Relevant Statute and Sub-Elements | Key Holdings | Applicability to Service Dogs/ESAs |
|---|---|---|---|
| | | basic tasks; (2) The dog was trained by owners and an academy to perform tasks like grounding and alerting to self-harm; (3) Self-training suffices under ADA, no certification required; (4) Exclusion justified by individualized assessment of doctor's severe allergy as a direct threat, after considering modifications like alternate doctor or dog outside; (5) No discrimination as threat outweighed access. | contrasts FHA by requiring task training; relevant for FMRCOA to show training thresholds but also exceptions in housing-like settings. |
| Revock v. Cowpet Bay W. Condo. Ass'n, 853 F.3d 96 (3d Cir. 2017). | FHA, 42 U.S.C. §§ 3604(f)(3)(B), 3617; Sub-elements: Survival of claims; Reasonable accommodation for ESAs; Interference via harassment; Preemption. | The court reversed summary judgment, holding FHA claims survive death under federal common law as remedial. Step-by-step: (1) FHA silent on survival, §1988(a) inapplicable; (2) Remedial claims survive; (3) Genuine issues on ESA denial (constructive refusal); (4) Interference via harassment (severe/pervasive blog posts); (5) No preemption of local rules, but individualized threat assessment required. | Applies to ESAs under FHA; no training needed; survival after death; harassment as interference; key for FMRCOA on claim continuation, ESA protections, retaliation. |
| Sabal Palm Condos. of Pine Island Ridge Ass'n, Inc. v. Fischer, 6 F. Supp. 3d 1272 (S.D. Fla. 2014). | FHA, 42 U.S.C. § 3604(f)(3)(B); Sub-elements: Size-specific needs; Alternate accommodations. | The court denied summary judgments, holding an alternate small dog may be unreasonable for mobility needs. Step-by-step: (1) Specific size necessary for assistance; (2) Denial discriminatory if not tailored. | Applies to service dogs/emotional support animals; emphasizes individualized accommodations. |
| Sapp v. MHI P'ship, Ltd., 199 F. Supp. 2d 578 (N.D. Tex. 2002). | ADA, 42 U.S.C. § 12181(7); Sub-elements: Model homes as sales offices; Mixed purposes. | The court denied dismissal, holding model/sales office public. Step-by-step: (1) Multiple purposes possible; (2) Sales function covered; (3) DOJ guidance on | Applies to ADA public accommodations; sales offices in residentials covered; relevant |

| Case Name and Citation | Relevant Statute and Sub-Elements | Key Holdings | Applicability to Service Dogs/ESAs |
|---|---|---|---|
| | | models; (4) Leasing offices retail; (5) Exemption if example only. | for FMRCOA on HOA common areas/offices. |
| Storms v. Fred Meyer Stores, Inc., 129 Wash. App. 820, 120 P.3d 126 (2005). | ADA, 42 U.S.C. § 12182; State law mirroring; Sub-elements: Service animal training (obedience sufficient if task-linked); Public accommodation restriction. | The court reversed dismissal, holding evidence of training sufficient to survive directed verdict. Step-by-step: (1) Agoraphobia/panic as disability; (2) Dog trained in obedience and to create space/buffer crowds; (3) Basic training plus task (circling) qualifies; (4) No certification needed; (5) Restriction on shopping discriminatory. | Applies to service dogs under ADA/state law (store); obedience training ok if linked to tasks; relevant for FMRCOA to show minimal training thresholds in quasi-public settings. |
| Tamara v. El Camino Hosp., 964 F. Supp. 2d 1077 (N.D. Cal. 2013). | ADA, 42 U.S.C. § 12182; FHA overlap; Sub-elements: Service dogs in facilities; No fundamental alteration. | The court denied summary judgment, holding issues on whether excluding a service dog from a psychiatric ward constituted a fundamental alteration. Step-by-step: (1) ADA requires access unless direct threat or alteration; (2) Applies to hospital settings with housing-like elements. | Applies to service dogs under ADA; extends principles to FHA-overlapping contexts like facilities. |
| Thomas v. Univ. of S. Fla., No. 8:19-cv-55-T-36AAS, 2019 WL 2562359 (M.D. Fla. Jun. 12, 2019). | ADA, 42 U.S.C. § 12182; Sub-elements: Service animal control (leash/tether); Denial of access. | The court granted dismissal, holding no ADA violation for denying bus access to unleashed service dog. Step-by-step: (1) PTSD as disability; (2) Dog as service animal; (3) Must be leashed unless interfering with tasks; (4) "Wireless leash" insufficient; (5) No facts on why tether impossible. | Applies to service dogs under ADA Title II (university bus); leash required unless justified; relevant for FMRCOA on control standards in public areas. |
| Threatt v. Sylacauga Hous. Auth., No. 1:20-cv-00096-ACA, 2022 | FHA, 42 U.S.C. §§ 3604(f), 3617; Sub-elements: Retaliation for FHA-protected | The court granted summary judgment on some claims but denied on FHA retaliation, holding genuine issues on protected | Applies to FHA retaliation in public housing; protected activity includes aiding fair |

| Case Name and Citation | Relevant Statute and Sub-Elements | Key Holdings | Applicability to Service Dogs/ESAs |
|---|---|---|---|
| WL 4448596 (N.D. Ala. Sept. 28, 2022). | activity; Survival of claims; Interference in housing. | activity (complaints re: housing discrimination/segregation). Step-by-step: (1) Reported mismanagement as FHA violations; (2) Causal link to suspension; (3) Interference via adverse actions; (4) Remedial nature; (5) No underlying violation required for §3617. | housing; relevant for FMRCOA on interference/retaliation without underlying denial, survival of claims. |
| Treece v. Perrier Condo. Owners Ass'n, Inc., No. 17-10153, 2019 WL 6464985 (E.D. La. Dec. 2, 2019). | FHA, 42 U.S.C. §§ 3604(c), 3617; Sub-elements: Familial status discrimination; Interference/retaliation; Individual liability in condos. | The court denied summary judgment on §3617 interference, holding factual issues on harassment (noise complaints, occupancy rules, shed lockout, camera) motivated by children. Step-by-step: (1) Familial status protected; (2) Emails showed preference against families; (3) Actions interfered with housing enjoyment; (4) Individual members liable for discriminatory acts/votes; (5) No §3604(c) violation as statements not re: rental. | Applies to FHA in condos (familial status); interference via harassment/retaliation; individual HOA liability; extends to ESAs by analogy (no-training, nexus); relevant for FMRCOA on HOA liability, interference claims. |
| U.S. v. Hialeah Housing Authority, 418 F. App'x 872 (11th Cir. 2011). | FHA, 42 U.S.C. § 3604(f)(3)(B); Sub-elements: Knowledge of disability and necessity; Constructive denial; Interactive process. | The court reversed summary judgment for defendant, holding genuine issues on whether HHA knew of disability/necessity and refused accommodation. Step-by-step: (1) Plaintiff informed HHA of disability and stair-climbing difficulty; (2) Written request noted surgery preventing stair use; (3) Affirmative defense in eviction asserted hip/back issues; (4) Mediation explained disability preventing stairs; (5) Offer to waitlist but vacate unit constituted | Applies to FHA accommodations (housing transfer); constructive knowledge from communications suffices; no formal request needed; relevant for FMRCOA on knowledge, delay as denial, interactive process duties. |

| Case Name and Citation | Relevant Statute and Sub-Elements | Key Holdings | Applicability to Service Dogs/ESAs |
|---|---|---|---|
| | | constructive denial. Emphasizes prompt engagement; undue delay equals refusal. | |
| United States v. Pelfrey, No. CIV-18-945-HE, 2019 WL 2110767 (W.D. Okla. May 14, 2019). | FHA, 42 U.S.C. § 3604(f); Sub-elements: Survival of claims after death; Remedial vs. penal; Preemption. | The court denied dismissal, holding FHA sexual harassment claims survive defendant's death as remedial. Step-by-step: (1) FHA lacks survival provision; (2) Federal common law governs, remedial claims survive; (3) FHA broadly remedial; (4) No preemption of local laws discussed; (5) Claims proceed against estate. | Applies to FHA claims generally; remedial nature allows survival after death; relevant for FMRCOA if parties decease, emphasizing continuation of housing discrimination suits. |
| United States v. Univ. of Neb. at Kearney, 940 F. Supp. 2d 974 (D. Neb. 2013). | FHA, 42 U.S.C. § 3604(f); Sub-elements: Student housing as dwelling; No-pet denial. | The court denied dismissal, holding university housing qualifies as a dwelling and denial of emotional support dog violated FHA. Step-by-step: (1) Dorms covered under FHA; (2) Denial discriminatory; (3) Accommodation reasonable. | Applies to emotional support animals in student housing; treats as FHA-protected dwellings. |
| Valencia v. City of Springfield, 883 F.3d 959 (7th Cir. 2018). | FHA, 42 U.S.C. §§ 3604(f)(1), (f)(3)(B); ADA, 42 U.S.C. § 12132; Rehabilitation Act, 29 U.S.C. § 794; Sub-elements: Reasonable accommodation necessity for equal housing opportunity; Zoning spacing restrictions (600 feet); Disparate treatment in group homes for disabled; Preliminary injunction standards. | The court affirmed the preliminary injunction, holding the city's denial of a conditional use permit for a disabled group home within 600 feet of another violated FHA reasonable accommodation requirements. Step-by-step: (1) Residents' developmental disabilities substantially limited major life activities, qualifying under 42 U.S.C. § 3602(h); (2) Waiver of spacing rule necessary for equal residential opportunity, as group homes provide only viable option for independent living; (3) City's enforcement disparate treatment, as | Applies to FHA reasonable accommodations in disabled group homes; analogous to ESAs/service animals by challenging zoning barriers to equal housing; no training focus, but supports broad FHA protections against spacing/breed restrictions in residential settings; relevant for FMRCOA on HOA denials without verification. |

| Case Name and Citation | Relevant Statute and Sub-Elements | Key Holdings | Applicability to Service Dogs/ESAs |
|---|---|---|---|
| | | unrelated non-disabled could occupy similar homes without restriction; (4) No undue burden or fundamental alteration shown, neighbors' safety concerns speculative; (5) Preliminary injunction warranted given irreparable harm (eviction) and likelihood of success. Emphasizes zoning must accommodate disabled housing without animus. | |
| Velez v. Coral Gate W. Condo. Ass'n, Inc., No. 1:18-cv-24931, 2019 WL 2568856 (S.D. Fla. Jun. 21, 2019). | FHA, 42 U.S.C. § 3604(f)(1), (3)(B); Sub-elements: Denial based on disability; Reasonable accommodation; Direct threat defense. | The court denied motion to dismiss, holding plausible FHA violation for evicting due to child's autism-related ESA incident. Step-by-step: (1) Autism as disability limiting major activities; (2) ESA request for therapeutic correction; (3) Denial despite accommodation request; (4) Direct threat affirmative defense factual, not for dismissal; (5) Breed/size not disqualifying absent individualized threat. | Applies to ESAs under FHA (housing); direct threat is defense, not dismissal ground; no training needed; relevant for FMRCOA on ESAs for mental disabilities, interactive process. |
| Warren v. Delvista Towers Condo. Ass'n, Inc., 49 F. Supp. 3d 1082 (S.D. Fla. 2014). | FHA, 42 U.S.C. § 3604(f)(3)(B); Sub-elements: Waiver of no-pet policies; County ordinances vs. federal preemption; Direct threat (individualized); Undue burden. | The court denied the defendant's motion for summary judgment on the FHA claim, holding that enforcing a county pit bull ban could violate the FHA if it prevents a reasonable accommodation for an emotional support animal. Step-by-step: (1) The plaintiff established a disability (post-traumatic stress disorder) requiring the emotional support animal for equal enjoyment of the dwelling; (2) The accommodation was reasonable as it | Applies to emotional support animals under the FHA; establishes that federal law preempts conflicting local ordinances, such as breed bans, in housing accommodation requests; distinguishes from ADA service animals by permitting untrained animals providing emotional support; particularly useful for |

| Case Name and Citation | Relevant Statute and Sub-Elements | Key Holdings | Applicability to Service Dogs/ESAs |
|---|---|---|---|
| | | imposed no undue financial or administrative burden on the association; (3) Local breed bans are preempted by the FHA when they conflict with federal protections for disabled individuals; (4) Factual disputes remained regarding whether the specific dog posed a direct threat, requiring evidence beyond mere breed classification, such as past behavior or expert assessments. The ruling clarified that no fundamental alteration to housing operations occurs from waiving pet policies for verified accommodations. | contesting FMRCOA's potential reliance on local rules or breed-specific restrictions. |
| Whitaker v. West Village Ltd. P'ship, No. 3:03-CV-0411-P, 2004 WL 2005793 (N.D. Tex. Sept. 8, 2004). | ADA, 42 U.S.C. § 12181(7); Sub-elements: Mixed-use developments; Leasing offices. | The court denied summary judgment, holding leasing office public. Step-by-step: (1) Residential exempt, offices not; (2) Parking/loading zones covered if for retail; (3) DOJ manual deferential; (4) DOJ views entitled deference; (5) No barriers alleged in units. | Applies to ADA in apartments; offices public; relevant for FMRCOA on HOA facilities. |
| Whiteaker v. City of Southgate, No. 22-cv-11143, 2023 WL 371412 (E.D. Mich. Jan. 24, 2023). | FHA, 42 U.S.C. § 3604(f)(3)(B); Sub-elements: Non-traditional animals (chickens); Multiple animals; Reasonableness balancing burden vs. benefit; Necessity for equal enjoyment. | The court denied the defendant's motion for summary judgment, holding that factual issues existed regarding whether six emotional support chickens were a reasonable and necessary accommodation. Step-by-step: (1) The plaintiff's disability (anxiety and depression) was conceded; (2) Evidence suggested therapeutic need for all six chickens to alleviate symptoms through companionship and routine; (3) No undue | Applies to unconventional emotional support animals under the FHA; permits multiple animals if justified by medical necessity; not applicable under ADA due to lack of training requirement; broadens FHA protections for diverse therapeutic needs in residential zoning disputes. |

| Case Name and Citation | Relevant Statute and Sub-Elements | Key Holdings | Applicability to Service Dogs/ESAs |
|---|---|---|---|
| | | burden on the city was shown, as costs for zoning waiver were minimal; (4) Reasonableness required balancing benefits to the plaintiff against potential health or safety impacts, with disputes precluding summary judgment. | |
| Woodside Vill. Condo. Ass'n v. Hertzmark, No. CV93 0065675S, 1993 WL 268293 (Conn. Super. Ct. June 22, 1993). | FHA, 42 U.S.C. § 3604(f); Sub-elements: Waste disposal rules; Eviction valid if rules violated. | The court held eviction not discriminatory if based on rule violations post-accommodation. Step-by-step: (1) Accommodation granted for dog; (2) Non-compliance with waste rules justified action. | Applies to emotional support animals; limits protections if violations create threats. |