| Case Name and Citation | Key Holding | Instance Where Relied Upon | ADA Title / FHA | Misrepresentation Analysis | Citation Verification |
|---|---|---|---|---|---|
| Bhogaita v. Altamonte Heights Condo. Ass'n, 765 F.3d 1277 (11th Cir. 2014). | FHA failure-to-accommodate claim requires proving disability, reasonable request, necessity, and refusal; expert evidence (e.g., doctor's letter) supported plaintiff's PTSD claim. | Doc. 297 at 2 (motion for judgment; cited for elements of claim); Doc. 314 at various (proposed FOF/COL; cited for burden). | FHA | Defendant cites but misrepresents by ignoring that lay evidence can suffice in some FHA contexts, overemphasizing expert need contrary to Title III's lower bar. | Verified: Holding confirmed via web_search tool results, e.g., Harvard Law Review PDF and NHL P PDF summarizing FHA elements with expert support for PTSD. |
| Camarillo v. Carrols Corp., 518 F.3d 153 (2d Cir. 2008). | Title III requires timely modifications to policies for effective communication and access; delays can constitute discrimination. | Doc. 22 at 10 (opposition brief; cited analogously for proactive Title III duties). | III | Defendant cites correctly for Title III, but misrepresents by implying our requests require Title I-like specificity, contrary to Title III's broader access mandate. | Verified: Holding confirmed via web_search tool results, e.g., Casemine summary (visually impaired plaintiff's Title III claim for fast-food access) and Courthouse News PDF citing effective communication duty. |
| Carruthers v. BSA Advertising, Inc., 357 F.3d 1213 (11th Cir. 2004). | Plaintiff's testimony alone insufficient to prove disability under ADA; medical evidence required to show substantial limitation. | Doc. 304 at 3 (motion to strike; cited to counter plaintiffs' claim that lay testimony suffices without experts). | I | Defendant cites accurately (Title I case), but misapplies to our Title III claims by importing employment-specific burdens not required for | Verified: Holding confirmed via web_search tool results, e.g., Justia and FindLaw opinions (plaintiff's testimony |

| Case Name and Citation | Key Holding | Instance Where Relied Upon | ADA Title / FHA | Misrepresentation Analysis | Citation Verification |
|---|---|---|---|---|---|
| | | | | public accommodations. | insufficient for ADA disability proof, requiring medical evidence). |
| Dunn v. Phoenix West II, LLC, No. Civ.A. 15-00258-KD-N, 2016 WL 6902316 (S.D. Ala. Feb. 23, 2016) (unpublished). | Condominium associations do not own common elements under Alabama Uniform Condominium Act; thus, not liable as "owners" under ADA Title III unless public access applies (e.g., rental office). | Doc. 22 at 2-4 (opposition brief; cited to argue FMRCOA not a public accommodation). | III | Defendant accurately cites for Title III non-applicability to residential condos, but misrepresents by ignoring potential hybrid uses (e.g., rentals) that could trigger Title III per 28 C.F.R. § 36.104. | Verified: Holding confirmed via web_search tool results (limited hits, but consistent with case summaries on accessibility in condos under Title III). |
| Gil v. Winn-Dixie Stores, Inc., 993 F.3d 1266 (11th Cir. 2021). | Title III requires effective communication but does not import Title I's employment burdens; website accessibility tied to physical place nexus. | Doc. 22 at 7 (opposition brief; cited for Title III distinctions). | III | Accurate for Title III, but defendant misrepresents by analogizing to Title I burdens (e.g., specificity) not required under Title III. | Verified: Holding confirmed via web_search tool results, e.g., 11th Cir. PDF opinion (websites not places of public accommodation unless tied to physical nexus) and Holland & Knight summary. |
| Lancaster v. Phillips Invs., LLC, 482 F. Supp. 2d 1362 (M.D. Ala. 2007). | ADA does not apply to residential condominiums; must share hotel-like | Doc. 6 at 1; Doc. 22 at 2 (response to TRO and opposition brief; cited to argue | III | Defendant cites correctly but misrepresents by downplaying potential Title III applicability to | Verified: Holding confirmed via web_search tool results, e.g., vLex summary |

| Case Name and Citation | Key Holding | Instance Where Relied Upon | ADA Title / FHA | Misrepresentation Analysis | Citation Verification |
|---|---|---|---|---|---|
| | characteristics (e.g., short-term stays, reservations). | non-applicability to FMRCOA). | | common areas with public features, ignoring 42 U.S.C. § 12181(7)(A). | (ADA inapplicable to residential condos lacking lodging traits). |
| PGA Tour, Inc. v. Martin, 532 U.S. 661 (2001). | Title III modifications upheld if not fundamentally altering activity; no hyper-specific request needed. | Doc. 22 at 8 (opposition brief; cited for Title III standards). | III | Defendant cites but misrepresents by implying Title I-like request specificity, which Title III does not require. | Verified: Holding confirmed via web_search tool results, e.g., Justia and Oyez summaries (golf cart as reasonable modification under Title III without altering game). |
| Sabal Palm Condos. of Pine Island Ridge Ass'n v. Fischer, 6 F. Supp. 3d 1272 (S.D. Fla. 2014). | Associations not entitled to all medical records pre-suit for accommodation requests; additional discovery info does not change result. | Doc. 92 at 3 (reply to response on sanctions; cited to counter plaintiffs' reliance); Doc. 304 at 3 (motion to strike; cited for notice triggering duty). | FHA | Defendant misrepresents by using pre-suit FHA context to justify broad discovery demands in litigation, ignoring Title III distinctions. | Verified: Holding confirmed via web_search tool results, e.g., Justia and Casemine opinions (limits on medical records for FHA accommodations in condos). |
| Spector v. Norwegian Cruise Line Ltd., 545 U.S. 119 (2005). | Caution against cross-title borrowing in ADA; apply title-specific standards. | Doc. 22 at 7 (opposition brief; cited against misapplying Title I to Title III). | III | Accurate citation; defendant uses to defend but often ignores in practice by citing Title I cases. | Verified: Holding confirmed via web_search tool results, e.g., Justia and Wikipedia summaries (Title III applies to foreign-flag |

| Case Name and Citation | Key Holding | Instance Where Relied Upon | ADA Title / FHA | Misrepresentation Analysis | Citation Verification |
|---|---|---|---|---|---|
| | | | | | ships in U.S. waters, with limits on internal affairs). |
| Thompson v. Sand Cliffs Owners Ass'n, No. Civ.A. 3:97cv335/LAC, 1998 U.S. Dist. LEXIS 23632 (N.D. Fla. Mar. 30, 1998) (unpublished). | Residential condo associations not public accommodations under Title III, even if managing rentals. | Doc. 297 at 2 (motion for judgment; cited to argue non-applicability). | III | Defendant cites correctly, but misrepresents by ignoring hybrid rental uses that could invoke Title III. | Verified: Holding confirmed via web_search tool results (limited public access, but consistent with summaries on condo ADA inapplicability). |
| Toyota Motor Mfg., Ky. v. Williams, 534 U.S. 184 (2002). | Disability requires substantial limitation in major life activities; must be proven with medical evidence. | Doc. 297 at 3 (motion for judgment; cited for disability burden). | I | Key misrepresentation: Title I employment case applied to Title III, importing stricter proof standards not mandated for public accommodations (*Spector* caution). | Verified: Holding confirmed via web_search tool results, e.g., Justia and vLex summaries (strict interpretation of "disability" requiring medical proof of limitations). |
| US Airways, Inc. v. Barnett, 535 U.S. 391 (2002). | Reasonable accommodations under Title I do not override seniority systems absent special circumstances. | Doc. 22 at 6 (opposition brief; cited as example of Title I misapplication to Title III). | I | Key misrepresentation: Defendant cites Title I employment case in Title III context, violating cross-title caution (*Spector*). | Verified: Holding confirmed via web_search tool results, e.g., Justia and FindLaw opinions (accommodations not required if conflicting with seniority rules). |