**COCOUNSEL**

---

**Skill:** Review Documents

**Result created:** August 11, 2025

**Prompt:** Review the defendants' filings for any references or mentions that the plaintiff is required to have an expert to prove disability. Add these instances to the timeline, including the document number, exact quote, and any case referenced.

**Files:** See the **Files Appendix**.

---

**Result:**

# Chronological Timeline of Defendant's Arguments that Plaintiff Must Have an Expert to Prove Disability

Below is a table listing, chronologically by document number, every instance in the defendant's filings referencing or arguing that the plaintiff is required to present expert medical testimony or admissible expert evidence to prove disability, along with the exact quotes and any cases referenced.

| Doc No. | Quote / Reference | Cases/Authorities Cited | Citation |
|---------|-------------------|-------------------------|----------|
| 297 (Filed 07/15/25) | "Neither Plaintiff, however, has presented any admissible medical evidence to support these allegations or other admissible evidence sufficient to satisfy their requisite burdens of proof under the ADA or the FHA. See Fed. R. Evid. 701, 702, 801, 802, 901." | Fed. R. Evid. 701, 702, 801, 802, 901 | [1] |
| 297 | "Plaintiffs have presented no expert testimony or admissible medical | Toyota Motor Mfg., Ky. v. Williams, Bragdon v. Abbott, | [2] |

---

[1] animal. Specifically, Plaintiff Heimkes's claims are premised upon his conclusory and unsubstantiated contention that he has PTSD and TBI, that the symptoms and effects of PTSD and TBI substantially limit one or more of his major life activities, and that his purported service dog is required to ameliorate the effects of PTSD and TBI. Plaintiff Allfrey makes the equally unsupported assertions that she has PTSD, epilepsy, and PNES, that the symptoms and effects of these conditions substantially limit one or more of her major life activities, and that her purported service dog is required to ameliorate the effects of seizures due to epilepsy and PNES. Neither Plaintiff, however, has presented any admissible medical evidence to support these allegations or other admissible evidence sufficient to satisfy their requisite burdens of proof under the ADA or the FHA. See Fed. R. Evid. 701, 702, 801, 802, 901., pg. 2, **297 2025-07-15 Defendants Motion for Judgment on Partial Findings.pdf**

[2] Moreover, "[a] successful failure-to-accommodate claim has four elements. To prevail, one must prove that (1) he is disabled within the meaning of the FHA [or ADA], (2) he requested a reasonable accommodation, (3) the requested accommodation was necessary to afford him an opportunity to

| Doc No. | Quote / Reference | Cases/Authorities Cited | Citation |
|---|---|---|---|
| | evidence to establish that they have a diagnosed mental or physical impairment, that any such impairment is the cause of any alleged limitation, or that any physician has ever prescribed a service animal or otherwise determined that a service animal is necessary, or even able, to ameliorate the effects of their claimed disabilities, or that the specific dogs they each requested be deemed service animals were individually trained to perform some task necessary to afford them an opportunity to use and enjoy their dwellings. Accordingly, neither Plaintiff can satisfy their burden to obtain any relief from FMRCOA. See Toyota Motor Mfg., Ky. v. Williams, 534 U.S. 184, 194-95 (2002); Bragdon v. Abbott, 524 U.S. 624, 637 (1998); Schwarz v. City of Treasure Island, 544 F.3d 1201, 1218-19 (11th Cir. 2008). Fed. R. Evid. 701, 702, 801, 802, 901." | Schwarz v. City of Treasure Island, Fed. R. Evid. 701, 702, 801, 802, 901 | |
| 297 | "Neither Plaintiff has made the threshold showing of an actual physical or mental | Fed. R. Evid. 701, 702, 801, 802, 901 | [3] |

use and enjoy his dwelling, and (4) the defendants refused to make the accommodation." Bhogaita v. Altamonte Heights Condo. Ass'n, 765 F.3d 1277, 1285 (11th Cir. 2014). Neither Plaintiff can present the evidence required to satisfy any element of this mandatory burden. Plaintiffs have presented no expert testimony or admissible medical evidence to establish that they have a diagnosed mental or physical impairment, that any such impairment is the cause of any alleged limitation, or that any physician has ever prescribed a service animal or otherwise determined that a service animal is necessary, or even able, to ameliorate the effects of their claimed disabilities, or that the specific dogs they each requested be deemed service animals were individually trained to perform some task necessary to afford them an opportunity to use and enjoy their dwellings. Accordingly, neither Plaintiff can satisfy their burden to obtain any relief from FMRCOA. See Toyota Motor Mfg., Ky. v. Williams, 534 U.S. 184, 194-95 (2002); Bragdon v. Abbott, 524 U.S. 624, 637 (1998); Schwarz v. City of Treasure Island, 544 F.3d 1201, 1218-19 (11th Cir. 2008). Fed. R. Evid. 701, 702, 801, 802, 901., pg. 3, **297 2025-07-15 Defendants Motion for Judgment on Partial Findings.pdf**

[3] As to the first step, neither Plaintiff has made the threshold showing of an actual physical or mental impairment via admissible evidence. See Fed. R. Evid. 701, 702, 801, 802, 901. The Supreme Court has made clear that a plaintiff may suffer from "physical characteristics or medical conditions that do not rise to the level of an impairment." Sutton v. United Air Lines, 527 U.S. 471, 490 (1999). A mental or physical impairment must be a "mental or physiological disorder." 29 C.F.R. § 1630.2(h)(1)-(2); 42 U.S.C.S. § 12205a; Forsyth v. Univ. of Ala., 2021 U.S. App. LEXIS 26945, at *12 (11th Cir. Sep. 8, 2021). In short, "medically diagnosed mental [or physiological] conditions are impairments." Emerson v. N. States Power Co., 256 F.3d 506, 511 (7th Cir. 2001) (quoting Krocka v. City of Chicago, 203 F.3d 507, 512 (7th Cir. 2000); emphasis added). Moreover, Plaintiffs failed to offer competent medical evidence establishing that their claimed limitations are "caused by their

| Doc No. | Quote / Reference | Cases/Authorities Cited | Citation |
|---|---|---|---|
| | impairment via admissible evidence. See Fed. R. Evid. 701, 702, 801, 802, 901." | | |
| 297 | "[U]nder the law in Alabama, only a licensed physician is legally permitted '[t]o diagnose, treat, correct, advise or prescribe for any human disease, ailment, injury, infirmity, deformity, pain or other condition, physical or mental, real or imaginary, by any means or instrumentality.'…Plaintiffs, however, have presented no testimony from a licensed physician to establish any medical diagnosis or to link any claimed limitation to a medically diagnosed mental or physical impairment. See Bragdon, 524 U.S. at 631…" | Ala. Code §§ 34-24-50(1), 34-24-51, 34-26-1(b); Bragdon v. Abbott | 4 |
| 297 | "'[I]n evaluating whether medical evidence [i]s required to show that | Mancini v. City of Providence, Small v. Amgen, Inc., Fed. R. | 5 |

impairment." Toyota Motor, 534 U.S. at 198 (emphasis added)., pg. 7, **297 2025-07-15 Defendants Motion for Judgment on Partial Findings.pdf**

[4] 801, 802, 901. Under the law in Alabama, only a licensed physician is legally permitted "[t]o diagnose, treat, correct, advise or prescribe for any human disease, ailment, injury, infirmity, deformity, pain or other condition, physical or mental, real or imaginary, by any means or instrumentality." Ala. Code §§ 34-24-50(1), 34-24-51, 34-26-1(b). In fact, any non-physician, "is guilty of the crime of 'Practicing medicine or osteopathy without license,' a Class C felony in Alabama, when such [person] undertakes activities subsumed within the 'practice of medicine." Shultz v. Wells, 2010 U.S. Dist. LEXIS 26984, at *33- 34 (M.D. Ala. Mar. 3, 2010) (citing Ala. Code § 34-24-51). Plaintiffs, however, have presented no testimony from a licensed physician to establish any medical diagnosis or to link any claimed limitation to a medically diagnosed mental or physical impairment. See Bragdon, 524 U.S. at 631; see also, Ala. Code § 24-8A-2(4)., pg. 8, **297 2025-07-15 Defendants Motion for Judgment on Partial Findings.pdf**

[5] "[I]n evaluating whether medical evidence [i]s required to show that [plaintiff] had a physical [or mental] impairment, the critical inquiry is whether a lay [factfinder] would be capable of making such an assessment without medical evidence." Mancini v. City of Providence, 909 F.3d 32, 39-40 (1st Cir. 2018). "Some long-term impairments would be obvious to a lay [factfinder] (e.g., a missing arm)." Id. Conversely, "[m]edical evidence is more likely to be necessary to show an impairment when a condition would be unfamiliar to a lay [factfinder] and only an expert could diagnose that condition"; i.e., PTSD, TBI, epilepsy, or PNES. Id. Put simply, "where a [factfinder] is asked to assess complex medical or scientific issues outside the scope of a layperson's knowledge, an expert's testimony is required." Small v. Amgen, Inc., 723 Fed. Appx 722, 726 (11th Cir. 2018); Fed. R. Evid. 701, 702. See Bhogaita, 765 F.3d at 1286-87 (explaining the type of medical, pg. 8, **297 2025-07-15 Defendants Motion for Judgment on Partial Findings.pdf**

Case 1:22-cv-00448-TFM-N, pg. 9, **297 2025-07-15 Defendants Motion for Judgment on Partial Findings.pdf**

Doc# 297 Filed 07/15/25 9818, pg. 9, **297 2025-07-15 Defendants Motion for Judgment on Partial Findings.pdf**

Page 9 of 43, pg. 9, **297 2025-07-15 Defendants Motion for Judgment on Partial Findings.pdf**

PageID#, pg. 9, **297 2025-07-15 Defendants Motion for Judgment on Partial Findings.pdf**

| Doc No. | Quote / Reference | Cases/Authorities Cited | Citation |
|---|---|---|---|
| | [plaintiff] had a physical [or mental] impairment, the critical inquiry is whether a lay [factfinder] would be capable of making such an assessment without medical evidence.'…[M]edical evidence is more likely to be necessary to show an impairment when a condition would be unfamiliar to a lay [factfinder] and only an expert could diagnose that condition; i.e., PTSD, TBI, epilepsy, or PNES. … 'where a [factfinder] is asked to assess complex medical or scientific issues outside the scope of a layperson's knowledge, an expert's testimony is required.' Small v. Amgen, Inc.… See Bhogaita, 765 F.3d at 1286-87 (explaining the type of medical expert evidence required from plaintiff's physician – identifying plaintiff's diagnosed impairment, explaining the nature of the plaintiff's impairment and establishing that plaintiff's impairment caused plaintiff's claimed limitations in a major life activity, and that plaintiff's dog alleviated his symptoms of that disability – to establish that the requested service dog accommodation was necessary)." | Evid. 701, 702; Bhogaita v. Altamonte Heights Condo. Ass'n | |
| 297 | "when, as here, the impairments and resulting claimed limitations | Felkins v. City of Lakewood, Ahmed v. Johnson & Johnson | [6] |

expert evidence required from plaintiff's physician - identifying plaintiff's diagnosed impairment, explaining the nature of the plaintiff's impairment and establishing that plaintiff's impairment caused plaintiff's claimed limitations in a major life activity, and that plaintiff's dog alleviated his symptoms of that disability - to establish that the requested service dog accommodation was necessary)., pg. 9, **297 2025-07-15 Defendants Motion for Judgment on Partial Findings.pdf**

[6] So, when, as here, the impairments and resulting claimed limitations "complained of are of such character as to require skilled and professional persons to determine the cause and extent thereof, they must be proved by the testimony of medical experts." Felkins v. City of Lakewood, 774 F.3d 647, 652 (10th Cir. 2014). See Ahmed v. Johnson & Johnson Healthcare Sys., 2024 U.S. Dist. LEXIS 28442, at *32 (S.D. Ala. Feb. 20, 2024) ("the identification and diagnosis of a medical condition ... demands the expertise and specialized training of a medical doctor"); King v. BP Expl. & Prod., Inc., 2023 U.S. Dist. LEXIS 212061, at *10 (S.D. Ala. Nov. 29, 2023) (a plaintiff "must rely on expert testimony to prove her medical diagnosis and causation"); Fuller v. Davis, 2017 U.S. Dist. LEXIS 192482, at *11 n.12 (N.D. Ala. Oct. 25, 2017) ("the plaintiff [is] unqualified to testify regarding a specific medical diagnosis"); Hruska v. On the Edge Dockside Grill, 2020 U.S. Dist. LEXIS 10306, at *4-5 (S.D. Fla. Jan. 22, 2020) ("Medical diagnosis and medical causation opinions typically require the specialized knowledge of an expert witness."); Ruiz v. Sharkninja Operating LLC & Walmart Inc., 2024 U.S. Dist. LEXIS 94853, at *3 (M.D. Fla. Feb. 27, 2024) ("There is no dispute that lay witnesses, including Plaintiff, cannot testify on matters that require expert opinions, such as a medical diagnosis."); Giordano v. Adaptive

| Doc No. | Quote / Reference | Cases/Authorities Cited | Citation |
|---|---|---|---|
|  | 'complained of are of such character as to require skilled and professional persons to determine the cause and extent thereof, they must be proved by the testimony of medical experts.'" | Healthcare Sys., King v. BP Expl. & Prod., Inc., Fuller v. Davis, Hruska v. On the Edge Dockside Grill, Ruiz v. Sharkninja Operating LLC & Walmart Inc., Giordano v. Adaptive Learning Ctr. for Infants & Children, Inc., Watkins v. Mobile Cty. Bd. of Comm'rs, Fed. R. Evid. 701, 702 |  |
| 297 | "Indeed, 'in every known Eleventh Circuit case in which PTSD was | Thomas v. Austal, USA, LLC, Crocker v. City of Fairhope, | 7 |

Learning Ctr. for Infants & Children, Inc., 616 F. Supp., pg. 9, **297 2025-07-15 Defendants Motion for Judgment on Partial Findings.pdf**

Case 1:22-cv-00448-TFM-N Doc# 297 Filed 07/15/25 9819, pg. 10, **297 2025-07-15 Defendants Motion for Judgment on Partial Findings.pdf**

Page 10 of 43, pg. 10, **297 2025-07-15 Defendants Motion for Judgment on Partial Findings.pdf**

PageID#, pg. 10, **297 2025-07-15 Defendants Motion for Judgment on Partial Findings.pdf**

3d 1331, 1334 (N.D. Ga. 2022) ("testimony regarding Plaintiff's diagnosis or medical records would require medical testimony from an expert witness or treating physician, not a layperson such as Plaintiff or her husband"); Watkins v. Mobile Cty. Bd. of Comm'rs, 1994 U.S. Dist. LEXIS 6576, at *13 (S.D. Ala. Mar. 24, 1994) ("letter and Plaintiff's testimony as to Dr. Tam Le's diagnosis (which is substantially the same as set out in the letter) are hearsay which cannot be considered by the Court").2, pg. 10, **297 2025-07-15 Defendants Motion for Judgment on Partial Findings.pdf**

[7] suffers from PTSD or TBI. Indeed, "in 'every known Eleventh Circuit case in which PTSD was diagnosed, the diagnosis was made by a medical doctor or psychologist[] ... a wealth of authority rejects the idea that [anyone else] is qualified to render such an opinion.' As such, [non-physician witnesses] may not testify that [a plaintiff has] PTSD.'" Thomas v. Austal, USA, LLC, 2011 U.S. Dist. LEXIS 146049, at *4-5 (S.D. Ala. Dec. 20, 2011) (quoting Crocker v. City of Fairhope, 2005 WL 6217200 (S.D. Ala. May 4, 2005); Fed. R. Evid. 701, 702, 801, 802, 901; Ala. Code §§ 34-24-50(1), 34-24-51. See Hetherington v. Wal- Mart, Inc., 2012 U.S. Dist. LEXIS 80438, at 40-41 (N.D. Ala. Apr. 24, 2012) (plaintiff cannot satisfy burden, because there is "no medical or other expert evidence of any diagnosis of a 'mental or psychological disorder, such as an intellectual disability ... organic brain syndrome, emotional or mental illness, and specific learning disabilities.' 29 C.F.R. § 1630.2(h)(2)"); In re Am. River Transp., Co., LLC, 2023 U.S. Dist. LEXIS 350, at 11 (E.D. La. Jan. 3, 2023) (Lay witness "not qualified to render a medical PTSD diagnosis or testify to medical causation"); Jones v. McDonough, 2021 U.S. Dist. LEXIS 48000, at 32- 33 (M.D. Tenn. Mar. 15, 2021) ("in the context of mental health impairments and other impairments based upon a specific medical condition, ... courts have regularly held that a self-diagnosis is not sufficient to establish the existence of an impairment"); Santiago v. N.Y.C. Police Dep't, 2007 U.S. Dist. LEXIS 91880, at *20 (S.D.N.Y. Dec. 14, 2007) ("[S]elf-diagnosis that he was depressed or upset or stressed out does not constitute an impairment. There is no competent, medical diagnosis of depression; and so there can be no impairment."); Frisone v. United States, 270 F.2d 401, 403 (9th Cir. 1959) ("[A] witness may not testify to his own mental condition, past or present ... Such testimony by appellant, pg. 11, **297 2025-07-15 Defendants Motion for Judgment on Partial Findings.pdf**

Case 1:22-cv-00448-TFM-N Doc# 297 £ 9821, pg. 12, **297 2025-07-15 Defendants Motion for Judgment on Partial Findings.pdf**

Filed 07/15/25, pg. 12, **297 2025-07-15 Defendants Motion for Judgment on Partial Findings.pdf**

| Doc No. | Quote / Reference | Cases/Authorities Cited | Citation |
|---|---|---|---|
| | diagnosed, the diagnosis was made by a medical doctor or psychologist… a wealth of authority rejects the idea that [anyone else] is qualified to render such an opinion.' As such, [non-physician witnesses] may not testify that [a plaintiff has] PTSD." | Fed. R. Evid. 701, 702, Ala. Code §§ 34-24-50(1), 34-24-51; Hetherington v. Wal-Mart, Inc.; In re Am. River Transp., Co., LLC; Jones v. McDonough; Santiago v. N.Y.C. Police Dep't; Frisone v. United States; In re Paoli R.R. Yard Pcb Litig. | |
| 297 | "Plaintiff Allfrey's proof suffers the same fatal defects. There simply is no 'medical | Felkins, 774 F.3d at 651; Fed. R. Evid. 701, 702 | [8] |

Page 12 of 43 PageID#, pg. 12, **297 2025-07-15 Defendants Motion for Judgment on Partial Findings.pdf**
was inadmissible as being hearsay or opinion evidence."); see also, In re Paoli R.R. Yard Pcb Litig., 35 F.3d 717, 762 (3d Cir. 1994) (cited, with approval, Allison v. McGhan Med. Corp., 184 F.3d 1300, 1321 (11th Cir. 1999)) (Because physician witnesses "based their conclusion as to a plaintiff's symptoms solely on the plaintiff's self-report of illness in preparation for litigation, the district court acted within its discretion in excluding the testimony as based on an unreliable source of information")., pg. 12, **297 2025-07-15 Defendants Motion for Judgment on Partial Findings.pdf**

[8] Plaintiff Allfrey's proof suffers the same fatal defects. There simply is no "medical evidence [that] supports [Allfrey's] allegation that she has [PTSD, epilepsy and PNES] or details the degree to which [they] affect[] her major life activities ... That leaves only [Allfrey's] own declarations. She states that she has [PTSD, epilepsy and PNES] ... and that [they cause] her alleged difficulties [in performing activities of daily living]. Such lay evidence, however, is inadmissible in court ... [Allfrey is not] a medical expert, so her opinion testimony on a medical issue cannot be 'based on scientific, technical, or other specialized knowledge.' Fed. R. Evid. 701." Felkins, 774 F.3d at 651. Simply put, Allfrey's own statements "are inadmissible ... insofar as they diagnose her condition[s] as [PTSD, epilepsy and PNES] or state how [those conditions] cause[] limitations on major life activities, for those are clearly matters beyond the realm of common experience and, pg. 13, **297 2025-07-15 Defendants Motion for Judgment on Partial Findings.pdf**
Case 1:22-cv-00448-TFM-N Doc# 297 £ 9823, pg. 14, **297 2025-07-15 Defendants Motion for Judgment on Partial Findings.pdf**
Filed 07/15/25, pg. 14, **297 2025-07-15 Defendants Motion for Judgment on Partial Findings.pdf**
Page 14 of 43 PageID#, pg. 14, **297 2025-07-15 Defendants Motion for Judgment on Partial Findings.pdf**
require the special skill and knowledge of an expert witness." Id. at 652; Fed. R. Evid. 701, 702. In cases, such as these, where only a physician could diagnose the impairment, (PTSD, TBI, epilepsy, and PNES), and a causal nexus between a claimed impairment and any limitation would not be obvious to a layman, only the "evaluation of the medical evidence" could permissibly "lead [the trier of fact] to conclude that [a plaintiff suffered from an impairment that] substantially limited [a major life activity]." Bragdon, 524 U.S. at 639; Mancini, 909 F.3d at 39-40; Felkins, 774 F.3d at 652; Heit v. Aerotek, Inc., 726 Fed. Appx 648, 649 (9th Cir. 2018); see Tesone v. Empire Mktg. Strategies, 942 F.3d 979, 996 (10th Cir. 2019) ("Courts require expert evidence when a condition would be unfamiliar to a lay [factfinder] and only an expert could diagnose that condition."); Sweeney v. Ala. Alcoholic Bev. Control Bd., 94 F. Supp. 2d 1241, 1262 (M.D. Ala. 2000) ("in support of her claim that she suffers from 'fatigue syndrome,' Plaintiff has proffered only bald assertions that Dr. Beauchamp diagnosed her with 'fatigue syndrome' and recorded this diagnosis in a note ... The court ... finds that the only evidence supporting Plaintiff's 'fatigue syndrome' claim constitutes inadmissible hearsay. Thus, the court finds that Plaintiff has not met her burden of showing that she suffers from a physical

6

| Doc No. | Quote / Reference | Cases/Authorities Cited | Citation |
|---|---|---|---|
|  | evidence [that] supports [Allfrey's] allegation that she has [PTSD, epilepsy and PNES] or details the degree to which [they] affect[] her major life activities … That leaves only [Allfrey's] own declarations. … Such lay evidence, however, is inadmissible in court … [Allfrey is not] a medical expert, so her opinion testimony on a medical issue cannot be 'based on scientific, technical, or other specialized knowledge.' Fed. R. Evid. 701." |  |  |
| 297 | "In cases, such as these, where only a physician could diagnose the impairment, (PTSD, TBI, epilepsy, and PNES), and a causal nexus between a claimed impairment and any limitation would not be obvious to a layman, only the 'evaluation of the medical evidence' could permissibly 'lead [the trier of fact] to conclude that [a plaintiff suffered from an impairment that] substantially limited [a major life activity].'" | Bragdon, 524 U.S. at 639; Mancini, 909 F.3d at 39-40; Felkins, 774 F.3d at 652; Heit v. Aerotek, Inc.; Tesone v. Empire Mktg. Strategies; Sweeney v. Ala. Alcoholic Bev. Control Bd. | [9] |

---

impairment, as her statements are inadmissible hearsay"); Munday v. Lees-Mcrae Coll., 2022 U.S. Dist. LEXIS 213251, at *26 (W.D.N.C. Nov. 28, 2022) ("While expert evidence is not always required to establish a disability, courts generally have required expert testimony when a condition would be unfamiliar to a lay jury and only an expert could diagnose that condition.")., pg. 14, **297 2025-07-15 Defendants Motion for Judgment on Partial Findings.pdf**

[9] require the special skill and knowledge of an expert witness." Id. at 652; Fed. R. Evid. 701, 702. In cases, such as these, where only a physician could diagnose the impairment, (PTSD, TBI, epilepsy, and PNES), and a causal nexus between a claimed impairment and any limitation would not be obvious to a layman, only the "evaluation of the medical evidence" could permissibly "lead [the trier of fact] to conclude that [a plaintiff suffered from an impairment that] substantially limited [a major life activity]." Bragdon, 524 U.S. at 639; Mancini, 909 F.3d at 39-40; Felkins, 774 F.3d at 652; Heit v. Aerotek, Inc., 726 Fed. Appx 648, 649 (9th Cir. 2018); see Tesone v. Empire Mktg. Strategies, 942 F.3d 979, 996 (10th Cir. 2019) ("Courts require expert evidence when a condition would be unfamiliar to a lay [factfinder] and only an expert could diagnose that condition."); Sweeney v. Ala. Alcoholic Bev. Control Bd., 94 F. Supp. 2d 1241, 1262 (M.D. Ala. 2000) ("in support of her claim that she suffers from 'fatigue syndrome,' Plaintiff has proffered only bald assertions that Dr. Beauchamp diagnosed her with 'fatigue syndrome' and recorded this diagnosis in a note … The court … finds that the only evidence supporting Plaintiff's 'fatigue syndrome' claim constitutes inadmissible hearsay. Thus, the court finds that Plaintiff has not met her burden of showing that she suffers from a physical impairment, as her statements are inadmissible hearsay"); Munday v. Lees-Mcrae Coll., 2022 U.S. Dist. LEXIS 213251, at *26 (W.D.N.C. Nov. 28, 2022) ("While expert evidence is not always required to establish a disability, courts generally have required expert testimony when a condition would be unfamiliar to a lay jury and only an expert could diagnose that condition.")., pg. 14, **297 2025-07-15 Defendants Motion for Judgment on Partial Findings.pdf**

| Doc No. | Quote / Reference | Cases/Authorities Cited | Citation |
|---|---|---|---|
| 297 | "Plaintiffs simply cannot satisfy their mandatory burden to establish a viable cause of action under the ADA or the FHA, as they have presented no competent evidence to this Court to establish an impairment or link any alleged limitation to a diagnosed physical or mental impairment. Given the complete absence of the required expert medical testimony, Plaintiffs could only attempt to present their own testimony of a diagnosed impairment, and limitations that they claim are caused by that impairment, which would be categorically inadmissible. Fed. R. Evid. 701, 702, 801, 802." | Fed. R. Evid. 701, 702, 801, 802 | [10] |
| 297 | "There are no medical records before the Court, nor has [either] Plaintiff disclosed | Davis v. United States | [11] |

[10] Plaintiffs simply cannot satisfy their mandatory burden to establish a viable cause of action under the ADA or the FHA, as they have presented no competent evidence to this Court to establish an impairment or link any alleged limitation to a diagnosed physical or mental impairment. Given the complete absence of the required expert medical testimony, Plaintiffs could only attempt to present their own testimony of a diagnosed impairment, and limitations that they claim are caused by that impairment, which would be categorically inadmissible. Fed. R. Evid. 701, 702, 801, 802. "There are no medical records before the Court, nor has [either] Plaintiff disclosed any competent witness with personal knowledge of his [or her] diagnoses who will testify at trial. While [each] Plaintiff may testify to his [or her] subjective impressions of his [or her limitations], [each] is a layperson who cannot draw inferences from those impressions or otherwise provide a medical opinion." Davis v. United States, 2022 U.S. Dist. LEXIS 145609, at *13 (M.D. Fla. Aug. 15, 2022)*. "Nor can [either] Plaintiff testify to statements of diagnoses purportedly made to him [or her] by his [or her] treating physicians." Id .; Fed. R. Evid. 701, 702, 801, 802. Indeed, pretermitting the need of further analysis, "[t]here is no competent, medical diagnosis of [PTSD, TBI, epilepsy, or PNES]; and so there can be no impairment." Santiago, 2007 U.S. Dist. LEXIS 91880, at* 20; See Luke v. United States, 84 F.2d 823, 825 (5th Cir. 1936) (plaintiff's testimony that "doctors told him that [he] was disabled ... [i]s clearly hearsay testimony, and [i]s properly excluded"); United States v. Buck, 70 F.2d 1007 (5th Cir. 1934) (plaintiff's testimony about statements of his medical diagnosis "are pure hearsay, with all the unreliability that attaches to such recitals by an interested witness of what was said long ago ... statements of unidentified persons are not, pg. 16, **297 2025-07-15 Defendants Motion for Judgment on Partial Findings.pdf**

[11] Plaintiffs simply cannot satisfy their mandatory burden to establish a viable cause of action under the ADA or the FHA, as they have presented no competent evidence to this Court to establish an impairment or link any alleged limitation to a diagnosed physical or mental impairment. Given the complete absence of the required expert medical testimony, Plaintiffs could only attempt to present their own testimony of a diagnosed impairment, and limitations that they claim are caused by that impairment, which would be categorically inadmissible. Fed. R. Evid. 701, 702, 801, 802. "There are no medical records before the Court, nor has [either] Plaintiff disclosed any competent witness with personal knowledge of his [or her] diagnoses who will testify at trial. While [each] Plaintiff may testify to his [or her] subjective impressions of his [or her limitations], [each] is a layperson who cannot draw inferences from those impressions or otherwise provide a medical opinion." Davis v. United

| Doc No. | Quote / Reference | Cases/Authorities Cited | Citation |
|---|---|---|---|
|  | any competent witness with personal knowledge of his [or her] diagnoses who will testify at trial. While [each] Plaintiff may testify to his [or her] subjective impressions of his [or her limitations], [each] is a layperson who cannot draw inferences from those impressions or otherwise provide a medical opinion." |  |  |
| 297 | Cites multiple examples where self-diagnosis, hearsay, and lay testimony | Santiago, 2007 U.S. Dist. LEXIS 91880; Luke v. United | [12] |

States, 2022 U.S. Dist. LEXIS 145609, at *13 (M.D. Fla. Aug. 15, 2022). "Nor can [either] Plaintiff testify to statements of diagnoses purportedly made to him [or her] by his [or her] treating physicians." Id .; Fed. R. Evid. 701, 702, 801, 802. Indeed, pretermitting the need of further analysis, "[t]here is no competent, medical diagnosis of [PTSD, TBI, epilepsy, or PNES]; and so there can be no impairment." Santiago, 2007 U.S. Dist. LEXIS 91880, at* 20; See Luke v. United States, 84 F.2d 823, 825 (5th Cir. 1936) (plaintiff's testimony that "doctors told him that [he] was disabled ... [i]s clearly hearsay testimony, and [i]s properly excluded"); United States v. Buck, 70 F.2d 1007 (5th Cir. 1934) (plaintiff's testimony about statements of his medical diagnosis "are pure hearsay, with all the unreliability that attaches to such recitals by an interested witness of what was said long ago ... statements of unidentified persons are not, pg. 16, **297 2025-07-15 Defendants Motion for Judgment on Partial Findings.pdf**

[12] Plaintiffs simply cannot satisfy their mandatory burden to establish a viable cause of action under the ADA or the FHA, as they have presented no competent evidence to this Court to establish an impairment or link any alleged limitation to a diagnosed physical or mental impairment. Given the complete absence of the required expert medical testimony, Plaintiffs could only attempt to present their own testimony of a diagnosed impairment, and limitations that they claim are caused by that impairment, which would be categorically inadmissible. Fed. R. Evid. 701, 702, 801, 802. "There are no medical records before the Court, nor has [either] Plaintiff disclosed any competent witness with personal knowledge of his [or her] diagnoses who will testify at trial. While [each] Plaintiff may testify to his [or her] subjective impressions of his [or her limitations], [each] is a layperson who cannot draw inferences from those impressions or otherwise provide a medical opinion." Davis v. United States, 2022 U.S. Dist. LEXIS 145609, at *13 (M.D. Fla. Aug. 15, 2022). "Nor can [either] Plaintiff testify to statements of diagnoses purportedly made to him [or her] by his [or her] treating physicians." Id .; Fed. R. Evid. 701, 702, 801, 802. Indeed, pretermitting the need of further competent, medical diagnosis of [PTSD, TBI, epilepsy, or PNES]; and so there can be no impairment." Santiago, 2007 U.S. Dist. LEXIS 91880, at* 20; See Luke v. United States, 84 F.2d 823, 825 (5th Cir. 1936) (plaintiff's testimony that "doctors told him that [he] was disabled ... [i]s clearly hearsay testimony, and [i]s properly excluded"); United States v. Buck, 70 F.2d 1007 (5th Cir. 1934) (plaintiff's testimony about statements of his medical diagnosis "are pure hearsay, with all the unreliability that attaches to such recitals by an interested witness of what was said long ago ... statements of unidentified persons are not, pg. 16, **297 2025-07-15 Defendants Motion for Judgment on Partial Findings.pdf**

Case 1:22-cv-00448-TFM-N Doc# 297 Filed 07/15/25 9826, pg. 17, **297 2025-07-15 Defendants Motion for Judgment on Partial Findings.pdf**

Page 17 of 43, pg. 17, **297 2025-07-15 Defendants Motion for Judgment on Partial Findings.pdf**

PageID#, pg. 17, **297 2025-07-15 Defendants Motion for Judgment on Partial Findings.pdf**

admissible to establish the facts stated, nor would they be if attributed to examining physicians of the army"); Schleife v. Royal Caribbean Cruises, Ltd., 2021 U.S. Dist. LEXIS 82996, at *9 (S.D. Fla. Apr. 30, 2021) ("a witness may not testify to a doctor's statements on the witness's diagnosis if those

| Doc No. | Quote / Reference | Cases/Authorities Cited | Citation |
|---|---|---|---|
| | are inadequate to establish an impairment, indicating expert testimony is required. | States, United States v. Buck, Schleife v. Royal Caribbean Cruises, Ltd., Jay v. Auburn Univ., Baird v. 1600 Church Rd. Condo. Ass'n, Smith v. Spindletop MHMR Servs. | |
| 301 (Filed 07/16/25) | "these cases are cited in support of Defendant's position that Plaintiff must | No direct cases quoted here; reference to prior cited cases in Doc. 297 | 13 |

*statements are offered to prove the truth of the matter asserted, because the doctor's statements are considered 'pure hearsay.'"); Jay v. Auburn Univ., 2019 U.S. Dist. LEXIS 84501, at 14 (S.D. Ala. May 20, 2019) ("Federal Rule of Evidence 803(4) makes an exception for statements made for the purpose of a medical diagnosis or treatment, but this exception is understood to apply to out-of-court statements made by the plaintiff, and not to such statements made by the treating physician." Likewise, the "medical records from [plaintiff's treating physicians] are inadmissible hearsay because they are diagnoses or treatment notes from a treating physician and not merely Jay's own experience of the symptoms. The declarants are the physicians (and not Jay) and were not disclosed as expert witnesses under the scheduling order."); Baird v. 1600 Church Rd. Condo. Ass'n, No. 17-4792, 2017 U.S. Dist. LEXIS 191533, at 12-13 (E.D. Pa. Nov. 17, 2017) ("Plaintiff failed to show that she suffers from a handicap. She presented the letter from Dr. Kron stating that she suffers from 'mental health issues.' Although Plaintiff testified specifically that she suffers from panic attacks, there was no medical evidence or expert testimony offered to substantiate this testimony. In addition, to establish a claim under the FHA, Plaintiff would have also needed to present evidence that her panic attacks substantially limit one or more major life activities. Plaintiff testified that her sleep was affected by her panic attacks. However, ... she presented no expert testimony on this issue."); Smith v. Spindletop MHMR Servs., 2020 U.S. Dist. LEXIS 110476, at 6-7 (E.D., pg. 17, **297 2025-07-15 Defendants Motion for Judgment on Partial Findings.pdf***

Case 1:22-cv-00448-TFM-N Doc# 297 Filed 07/15/25 9827, pg. 18, **297 2025-07-15 Defendants Motion for Judgment on Partial Findings.pdf**

Page 18 of 43 PageID#, pg. 18, **297 2025-07-15 Defendants Motion for Judgment on Partial Findings.pdf**

Tex. Mar. 24, 2020) (Plaintiff "provides Social Security documentation indicating that he is a disabled individual. The SSA's disability determination is an extensive analysis that differs from the ADA's standards. 20 C.F.R. § 404.1520 ... Because of the differences between SSA and ADA's disability determination, [plaintiff's] qualification as a disabled individual by the SSA does not equate to a disability qualification under the ADA"); Berry v. Lewis Trucking & Grading, 2007 U.S. Dist. LEXIS 117036, at *45 (N.D. Ga. Mar. 23, 2007) (plaintiff's use of disability forms "to prove that Dr. Dawson diagnosed Plaintiff with major depressive disorder" prohibited as inadmissible hearsay)., pg. 18, **297 2025-07-15 Defendants Motion for Judgment on Partial Findings.pdf**

13

22. Plaintiffs' assertion that Defendant's other cited case law is inapplicable is also incorrect. The noted cases stand for the propositions and principles for which they are cited. Just because Plaintiffs may point out some minor factual discrepancies does not make the cases distinguishable or inapplicable. Indeed, these cases are cited in support of Defendant's position that Plaintiff must present admissible expert testimony in order to prove a disability. Defense Counsel did not make misrepresentations to the

10

| Doc No. | Quote / Reference | Cases/Authorities Cited | Citation |
|---|---|---|---|
| | present admissible expert testimony in order to prove a disability." | | |
| 301 | "Defendant further adopts and incorporates by reference as if fully set forth herein its arguments set forth in Defendant's Response to Plaintiffs' Motion in Limine to Preclude Defendant from Asserting Reliance on Counsel Defense and to Permit Introduction of Counsel's Testimony with Request for Expedited Ruling by July 10, 2025 (Doc. 284)." | (Refers to Doc. 284, which may contain further statements regarding expert testimony.) | [14] |

**Documents 247, 264, 304, and the duplicate 301 from Document 5**:
These documents do **not** contain references stating plaintiff must have an expert to prove disability. Their arguments are focused on other procedural, ethical, or

---

Court about these cases. Just because Plaintiffs' Counsel may interpret the cases differently does not mean that Defense Counsel misrepresented their findings., pg. 16, **301 2025-07-16 Def's Consolidated Responses to Plts Mtn in Limine and Mtn to Amend.pdf**

[14]

31. Defendant further adopts and incorporates by reference as if fully set forth herein its arguments set forth in Defendant's Response to Plaintiffs' Motion in Limine to Preclude Defendant from Asserting Reliance on Counsel Defense and to Permit Introduction of Counsel's Testimony with Request for Expedited Ruling by July 10, 2025 (Doc. 284). Given the similarities of Plaintiffs' two pending Motion (Doc. 279 and Doc. 292), said previously filed Response (Doc. 284) should be taken in conjunction with this Consolidated Response., pg. 24, **301 2025-07-16 Def's Consolidated Responses to Plts Mtn in Limine and Mtn to Amend.pdf**

litigation conduct issues, or are thematically unrelated to the evidentiary burden for proving disability, and do not reference expert requirement arguments. [15] [16]

---

[15] Case 1:22-cv-00448-TFM-N, pg. 1, **247 2025-05-26 Def's Mtn for Sanctions and for Dismissal.pdf**

Doc# 247 Filed 05/26/25 Page 1 of 6 PageID# 7990, pg. 1, **247 2025-05-26 Def's Mtn for Sanctions and for Dismissal.pdf**

IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF ALABAMA SOUTHERN DIVISION, pg. 1, **247 2025-05-26 Def's Mtn for Sanctions and for Dismissal.pdf**

MARK HEIMKES, Plaintiff,, pg. 1, **247 2025-05-26 Def's Mtn for Sanctions and for Dismissal.pdf**

) CIV. ACT. NO. 1:22-cv-00448-TFM-N ) ), pg. 1, **247 2025-05-26 Def's Mtn for Sanctions and for Dismissal.pdf**

V. FAIRHOPE MOTORCOACH RESORT CONDOMINIUM ) OWNERS ASSOCIATION, INC., Defendant. ), pg. 1, **247 2025-05-26 Def's Mtn for Sanctions and for Dismissal.pdf**

SHEARLDINE MARIE ALLFREY,, pg. 1, **247 2025-05-26 Def's Mtn for Sanctions and for Dismissal.pdf**

Plaintiff, ) ), pg. 1, **247 2025-05-26 Def's Mtn for Sanctions and for Dismissal.pdf**

) ), pg. 1, **247 2025-05-26 Def's Mtn for Sanctions and for Dismissal.pdf**

V., pg. 1, **247 2025-05-26 Def's Mtn for Sanctions and for Dismissal.pdf**

) CIV. ACT. NO. 1:22-cv-00496-TFM-N ) ), pg. 1, **247 2025-05-26 Def's Mtn for Sanctions and for Dismissal.pdf**

FAIRHOPE MOTORCOACH RESORT CONDOMINIUM ) OWNERS ASSOCIATION, INC., Defendant. ), pg. 1, **247 2025-05-26 Def's Mtn for Sanctions and for Dismissal.pdf**

DEFENDANT'S MOTION FOR SANCTIONS AND FOR DISMISSAL, pg. 1, **247 2025-05-26 Def's Mtn for Sanctions and for Dismissal.pdf**

Comes now the DEFENDANT, FAIRHOPE MOTORCOACH RESORT CONDOMINIUM OWNERS ASSOCIATION, INC., by and through Counsel, and hereby respectfully requests the Court to enter an order of sanctions, including dismissal with prejudice, against the Plaintiffs and/or Plaintiffs' Counsel, and in support thereof, states as follows:, pg. 1, **247 2025-05-26 Def's Mtn for Sanctions and for Dismissal.pdf**

Case 1:22-cv-00448-TFM-N, pg. 2, **247 2025-05-26 Def's Mtn for Sanctions and for Dismissal.pdf**

Doc# 247 £ Filed 05/26/25, pg. 2, **247 2025-05-26 Def's Mtn for Sanctions and for Dismissal.pdf**

Page 2 of 6 PageID# 7991, pg. 2, **247 2025-05-26 Def's Mtn for Sanctions and for Dismissal.pdf**

"It has long been understood that certain implied powers must necessarily result to our Courts of justice from the nature of their institution, powers which cannot be dispensed with in a Court, because they are necessary to the exercise of all others." Thomas v. Tenneco Packaging Co., 293 F.3d 1306, 1320 (11th Cir. 2002) (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). "Accordingly, 'courts of justice are universally acknowledged to be vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates.'" Id. "This means, among other things, 'that a federal court has the power ... to discipline attorneys who appear before it.'" Id. Put simply, neither a party not its counsel is ever "justified in filing documents that do not simply relate facts [or relevant law], but instead overflow with personal insults that obviously are calculated to harass and intimidate opposing counsel [or the Court]," yet that is all Plaintiffs here have repeatedly undertaken to do. Id. at 1325., pg. 2, **247 2025-05-26 Def's Mtn for Sanctions and for Dismissal.pdf**

First, Plaintiffs have shown no legally cognizable ground for this Court's recusal. 28 U.S.C. § 455(a); Liteky v. United States, 510 U.S. 540, 554 (1994); Barnes v. Dalton, 158 F.3d 1212, 1214 (11th Cir. 1998); Bolin v. Story, 225 F.3d 1234, 1239 (11th Cir. 2000); Germany v. City of Huntsville, 2024 U.S. App. LEXIS 772, at *22 (11th Cir. Jan. 11, 2024). Instead, Plaintiffs' improper submissions do nothing "more than attempt to impugn (without basis) the integrity of the judge. Such writings are intolerable,

and [courts] will not tolerate them." Garrett v. Selby,, pg. 2, **247 2025-05-26 Def's Mtn for Sanctions and for Dismissal.pdf**

Case 1:22-cv-00448-TFM-N, pg. 3, **247 2025-05-26 Def's Mtn for Sanctions and for Dismissal.pdf**

Doc# 247 Filed 05/26/25, pg. 3, **247 2025-05-26 Def's Mtn for Sanctions and for Dismissal.pdf**

[16] Case 1:22-cv-00448-TFM-N, pg. 1, **264 2025-06-06 Def's Response to Plts Motion for Mistrial or Recusal.pdf**

Doc# 264 Filed 06/06/25 Page 1 of 9 PageID# 8067, pg. 1, **264 2025-06-06 Def's Response to Plts Motion for Mistrial or Recusal.pdf**

IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF ALABAMA SOUTHERN DIVISION, pg. 1, **264 2025-06-06 Def's Response to Plts Motion for Mistrial or Recusal.pdf**

MARK HEIMKES, Plaintiff,, pg. 1, **264 2025-06-06 Def's Response to Plts Motion for Mistrial or Recusal.pdf**

V., pg. 1, **264 2025-06-06 Def's Response to Plts Motion for Mistrial or Recusal.pdf**

) CIVIL ACTION NO. 1:22-00448-TFM-N, pg. 1, **264 2025-06-06 Def's Response to Plts Motion for Mistrial or Recusal.pdf**

FAIRHOPE MOTORCOACH RESORT CONDOMINIUM, pg. 1, **264 2025-06-06 Def's Response to Plts Motion for Mistrial or Recusal.pdf**

OWNERS ASSOCIATION, INC., Defendant., pg. 1, **264 2025-06-06 Def's Response to Plts Motion for Mistrial or Recusal.pdf**

SHEARLDINE MARIE ALLFREY, Plaintiff,, pg. 1, **264 2025-06-06 Def's Response to Plts Motion for Mistrial or Recusal.pdf**

) ) ), pg. 1, **264 2025-06-06 Def's Response to Plts Motion for Mistrial or Recusal.pdf**

V., pg. 1, **264 2025-06-06 Def's Response to Plts Motion for Mistrial or Recusal.pdf**

) CIVIL ACTION NO. 1:22-00496-TFM-N, pg. 1, **264 2025-06-06 Def's Response to Plts Motion for Mistrial or Recusal.pdf**

FAIRHOPE MOTORCOACH RESORT CONDOMINIUM, pg. 1, **264 2025-06-06 Def's Response to Plts Motion for Mistrial or Recusal.pdf**

OWNERS ASSOCIATION, INC., Defendant., pg. 1, **264 2025-06-06 Def's Response to Plts Motion for Mistrial or Recusal.pdf**

DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION FOR RECUSAL OR, IN THE ALTERNATIVE, MISTRIAL AND DEFENDANT'S RENEWED MOTION FOR SANCTIONS, pg. 1, **264 2025-06-06 Def's Response to Plts Motion for Mistrial or Recusal.pdf**

DEFENDANT FAIRHOPE MOTORCOACH RESORT CONDOMINIUM OWNERS ASSOCIATION, INC. ("Defendant" or "FMRCOA"), by and through Counsel, and hereby responds to Plaintiffs' Motion for Recusal or, In the Alternative, Mistrial, and further renews its previous motion for the Court to enter sanctions, up to and including, pg. 1, **264 2025-06-06 Def's Response to Plts Motion for Mistrial or Recusal.pdf**

Case 1:22-cv-00448-TFM-N, pg. 2, **264 2025-06-06 Def's Response to Plts Motion for Mistrial or Recusal.pdf**

Doc# 264 Filed 06/06/25, pg. 2, **264 2025-06-06 Def's Response to Plts Motion for Mistrial or Recusal.pdf**

Page 2 of 9 PageID# 8068, pg. 2, **264 2025-06-06 Def's Response to Plts Motion for Mistrial or Recusal.pdf**

dismissal with prejudice, based upon Plaintiffs' and their counsel's prohibited and abusive litigation conduct. See Fed. R. Civ. P. 11, 37; 28 U.S.C. § 1927., pg. 2, **264 2025-06-06 Def's Response to Plts Motion for Mistrial or Recusal.pdf**

1. Plaintiffs' latest filing seeking recusal, or in the alternative mistrial [doc. 262], is without any factual or legal veracity, and could not have been filed for any proper purpose. See Fed. R. Civ. P. 11; 28 U.S.C. § 1927., pg. 2, **264 2025-06-06 Def's Response to Plts Motion for Mistrial or Recusal.pdf**

13

**Summary:**

- The *Defendant's Motion for Judgment on Partial Findings* (Doc. 297) contains comprehensive and repeated arguments asserting that the plaintiff must present expert testimony or admissible medical evidence to prove disability, especially where the conditions alleged (PTSD, TBI, epilepsy, PNES) require skilled medical or scientific analysis. These arguments are supported by extensive citations to case law, the Federal Rules of Evidence, and state law.
- The *Defendant's Consolidated Response to Plaintiffs' Motions in Limine and to Amend* (Doc. 301) reiterates that "Plaintiff must present admissible expert testimony in order to prove a disability" and references/ incorporates prior filings with the same arguments.
- No such references appear in Docs. 247, 264, or 304.

If further instances are needed from incorporated or referenced documents (such as Doc. 284 as referenced in Doc. 301), those documents would need to be reviewed separately.

**Files**

- [304 2025-09-22 Def's Motion to Strike Plts Response in Opp to Def Mtn for Judgment.pdf](#)
- [301 2025-07-16 Defendant's Conslidated REsponse to Plaintiff's Motion in Limine (Doc. 279) and (292).pdf](#)
- [247 2025-05-26 Def's Mtn for Sanctions and for Dismissal.pdf](#)
- [264 2025-06-06 Def's Response to Plts Motion for Mistrial or Recusal.pdf](#)
- [301 2025-07-16 Def's Consolidated Responses to Plts Mtn in Limine and Mtn to Amend.pdf](#)
- [297 2025-07-15 Defendants Motion for Judgment on Partial Findings.pdf](#)

14