**COCOUNSEL**

---

**Skill:** Review Documents

**Result created:** August 10, 2025

**Prompt:** Expand on the defendant's use of Title I cases in the document. Analyze how the defendant uses these cases, assess the correctness and applicability to the current facts, and determine whether this constitutes a misrepresentation intended to mislead the court.

**Files:**

- **Defendants Case Citations.docx**

---

**Result:**

Expand on the defendant's use of Title I cases in the document.

# Defendant's Use of Title I Cases in the Document

The document provides a detailed account of Title I ADA (employment) case law being cited by defendants in ADA and FHA litigation, with a focus on how defendants use those cases and whether such use is appropriate. Below is an exhaustive analysis based only on the provided content.

---

## 1. Identification of Title I Cases Cited by Defendant

- **Carruthers v. BSA Advertising, Inc., 357 F.3d 1213 (11th Cir. 2004)**
- **Toyota Motor Mfg., Ky. v. Williams, 534 U.S. 184 (2002)**
- **US Airways, Inc. v. Barnett, 535 U.S. 391 (2002)**

---

## 2. Summary of Defendant's Use and Context for Each Title I Case

**A. Carruthers v. BSA Advertising, Inc.**

- **How Cited:** Defendant uses it in a motion to strike, specifically to counter plaintiffs' claim that lay testimony (without expert/medical evidence) suffices as proof of disability. [1] [2]

---

[1] I claim that lay testimony suffices without experts)., pg. 2, **Defendants Case Citations.docx**

[2] Doc. 304 at 3 (motion to strike; cited to counter plaintiffs', pg. 2, **Defendants Case Citations.docx**

1

- **Original Case Holding:** The case held that under Title I (employment), plaintiffs' testimony alone is insufficient to prove disability—medical evidence is required to show a substantial limitation. [3] [4]

- **Defendant's Analogy/Application:** The defendant extends this employment-specific evidentiary burden to Title III (public accommodations) claims, suggesting that plaintiffs in a Title III case should also be required to provide medical or expert evidence to meet their burden of proving disability. [5] [6]

- **Document Analysis:** The summary flags this as a misapplication, noting that the defense is importing "employment-specific burdens not required for public accommodation or FHA disability proof," and that "medical evidence required to show substantial limitation" is not strictly required under Title III. [7] [8]

## B. Toyota Motor Mfg., Ky. v. Williams

- **How Cited:** Cited in a motion for judgment regarding disability burden and the necessity for medical evidence. [9]

---

[3] under ADA; medical, pg. 2, **Defendants Case Citations.docx**
evidence required to show substantial limitation., pg. 2, **Defendants Case Citations.docx**

[4] insufficient, pg. 2, **Defendants Case Citations.docx**
Advertising, to prove Inc., 357 F.3d 1213 (11th Cir. 2004) (no So. Rep. parallel)., pg. 2, **Defendants Case Citations.docx**

[5] Defendant cites (federal accurately (Title I case), but misapplies to our Title III claims by importing employment- specific burdens not, pg. 2, **Defendants Case Citations.docx**

[6] under ADA; medical, pg. 2, **Defendants Case Citations.docx**
evidence required to show substantial limitation., pg. 2, **Defendants Case Citations.docx**
required for public, pg. 2, **Defendants Case Citations.docx**
e.g., Justia and FindLaw opinions (plaintiff's testimony insufficient, pg. 2, **Defendants Case Citations.docx**
accommodation for ADA S. disability proof, requiring medical evidence)., pg. 2, **Defendants Case Citations.docx**

[7] Defendant cites (federal accurately (Title I case), but misapplies to our Title III claims by importing employment- specific burdens not, pg. 2, **Defendants Case Citations.docx**

[8] accommodation for ADA S. disability proof, requiring medical evidence)., pg. 2, **Defendants Case Citations.docx**

[9] Doc. 297 at 3, pg. 6, **Defendants Case Citations.docx**
Ky. v. limitation in (motion for, pg. 6, **Defendants Case Citations.docx**
Williams, major life judgment;, pg. 6, **Defendants Case Citations.docx**

- **Original Case Holding:** Toyota (a Title I employment case) requires proof of a substantial limitation in a major life activity, generally established via medical evidence. [10] [11]
- **Defendant's Analogy/Application:** Defendant invokes Toyota to argue a stricter standard in Title III, contending that such claims must also be proven with medical evidence. [12]
- **Document Analysis:** The summary explicitly flags this as a misrepresentation: "Key misrepresentation: Title I employment case applied to Title III, importing stricter proof standards not mandated for public accommodation." [13] The summary further references cross-title caution (Spector) about erroneous borrowing between titles. [14] [15]

## C. US Airways, Inc. v. Barnett

- **How Cited:** Referenced as an example in an opposition brief, specifically in the context of what constitutes a reasonable accommodation. [16]

---

[10] Disability requires, pg. 6, **Defendants Case Citations.docx**
Motor Mfg., substantial, pg. 6, **Defendants Case Citations.docx**
Doc. 297 at 3, pg. 6, **Defendants Case Citations.docx**
Ky. v. limitation in (motion for, pg. 6, **Defendants Case Citations.docx**
Williams, major life judgment;, pg. 6, **Defendants Case Citations.docx**
534 U.S. activities; cited for, pg. 6, **Defendants Case Citations.docx**
184 (2002), pg. 6, **Defendants Case Citations.docx**
disability, pg. 6, **Defendants Case Citations.docx**

[11] medical evidence., pg. 6, **Defendants Case Citations.docx**

[12] disability, pg. 6, **Defendants Case Citations.docx**
burden)., pg. 6, **Defendants Case Citations.docx**
medical evidence., pg. 6, **Defendants Case Citations.docx**

[13] Key misrepresentati Southern on: Title I Reporter parallel employment case applied to Title III, importing stricter proof standards not mandated for, pg. 6, **Defendants Case Citations.docx**

[14] Key misrepresentati Southern on: Title I Reporter parallel employment case applied to Title III, importing stricter proof standards not mandated for, pg. 6, **Defendants Case Citations.docx**

[15] Titl Misrepresenta Citation e / tion Analysis Verification FH A public e.g., Justia accommodation and vLex s summaries ( Spector cautio (strict n). interpretatio n of "disability" requiring medical proof of limitations). Verified: No, pg. 7, **Defendants Case Citations.docx**

[16] Reasonable accommodat US Airways, ions under Inc. v. Title I do not (opposition, pg. 7, **Defendants Case Citations.docx**
Doc. 22 at 6, pg. 7, **Defendants Case Citations.docx**
Barnett, 535 override, pg. 7, **Defendants Case Citations.docx**
brief; cited, pg. 7, **Defendants Case Citations.docx**

- **Original Case Holding:** Under Title I, an employer is generally not required to provide accommodations conflicting with seniority systems, unless special circumstances exist. [17] [18]
- **Defendant's Analogy/Application:** Defendant uses the case to suggest a similar narrow approach to accommodations in Title III (implying that "reasonable accommodation" doctrine in employment can be ported over to public accommodations). [19]
- **Document Analysis:** The misapplication is flagged here as well: "Key misrepresentation: Defendant cites Title I employment case in Title III context, violating cross-title caution (Spector)." [20]

---

## 3. Thematic Patterns and Misrepresentations Observed

- **Patterned Legal Strategy:** Defendants commonly use Title I (employment) cases to argue for heightened evidentiary burdens (e.g., requiring medical or expert testimony), limit what constitutes a "reasonable accommodation," or demand more specificity in accommodation requests within Title III or FHA claims. [21] [22] [23]
- **Nature of Misapplication:**
  - The document repeatedly flags as inappropriate the direct importation of Title I standards to Title III or FHA contexts, highlighting

---

[17] U.S. 391 seniority as example I, pg. 7, **Defendants Case Citations.docx**

(2002)        (no, pg. 7, **Defendants Case Citations.docx**

systems of Title I, pg. 7, **Defendants Case Citations.docx**

[18] circumstanc es., pg. 7, **Defendants Case Citations.docx**

[19] Reasonable accommodat US Airways, ions under Inc. v. Title I do not (opposition, pg. 7, **Defendants Case Citations.docx**

Doc. 22 at 6, pg. 7, **Defendants Case Citations.docx**

Barnett, 535 override, pg. 7, **Defendants Case Citations.docx**

[20] Key misrepresentati on: Defendant cites Title I employment case in Title III context, violating cross-title caution (Spector)., pg. 7, **Defendants Case Citations.docx**

[21] Defendant cites (federal accurately (Title I case), but misapplies to our Title III claims by importing employment- specific burdens not, pg. 2, **Defendants Case Citations.docx**

[22] Key misrepresentati Southern on: Title I Reporter parallel employment case applied to Title III, importing stricter proof standards not mandated for, pg. 6, **Defendants Case Citations.docx**

[23] Key misrepresentati on: Defendant cites Title I employment case in Title III context, violating cross-title caution (Spector)., pg. 7, **Defendants Case Citations.docx**

4

that Title III has a "lower bar" and does not require the same level of medical or expert proof as employment claims. [24][25][26][27][28]

— Specific misapplications are identified, such as "importing employment-specific burdens not required for public accommodation or FHA disability proof," and attempting to "override" Title III's broader access mandate by analogizing to employment standards. [29][30]

- **Court and Internal Guidance:** The document references *Spector v. Norwegian Cruise Line Ltd.* as a "caution against cross-title borrowing in ADA" and calls out the "practice by citing Title I cases" as generally inadvisable—reinforcing the need for title-specific standards. [31][32][33]

---

[24] Title III's lower F.3d 1277 bar., pg. 1, **Defendants Case Citations.docx**

[25] accommodation for ADA S. disability proof, requiring medical evidence)., pg. 2, **Defendants Case Citations.docx**

[26] burdens (e.g., specificity) not required under Title III., pg. 3, **Defendants Case Citations.docx**

[27] Key misrepresentati Southern on: Title I Reporter parallel employment case applied to Title III, importing stricter proof standards not mandated for, pg. 6, **Defendants Case Citations.docx**

[28] Key misrepresentati on: Defendant cites Title I employment case in Title III context, violating cross-title caution (Spector)., pg. 7, **Defendants Case Citations.docx**

[29] Defendant cites (federal accurately (Title I case), but misapplies to our Title III claims by importing employment- specific burdens not, pg. 2, **Defendants Case Citations.docx**

[30] special n to Title III)., pg. 7, **Defendants Case Citations.docx**

[31] Caution, pg. 5, **Defendants Case Citations.docx**
Doc. 22 at 7, pg. 5, **Defendants Case Citations.docx**
against, pg. 5, **Defendants Case Citations.docx**
(opposition, pg. 5, **Defendants Case Citations.docx**
cross-title, pg. 5, **Defendants Case Citations.docx**
brief; cited, pg. 5, **Defendants Case Citations.docx**
III, pg. 5, **Defendants Case Citations.docx**
often ignores in confirmed via, pg. 5, **Defendants Case Citations.docx**
ADA; apply misapplying, pg. 5, **Defendants Case Citations.docx**
web search, pg. 5, **Defendants Case Citations.docx**
title-specific Title I to, pg. 5, **Defendants Case Citations.docx**
standards., pg. 5, **Defendants Case Citations.docx**
Title III)., pg. 5, **Defendants Case Citations.docx**
practice by citing Title I cases., pg. 5, **Defendants Case Citations.docx**

[32] Key misrepresentati Southern on: Title I Reporter parallel employment case applied to Title III, importing stricter proof standards not mandated for, pg. 6, **Defendants Case Citations.docx**

[33] Key misrepresentati on: Defendant cites Title I employment case in Title III context, violating cross-title caution (Spector)., pg. 7, **Defendants Case Citations.docx**

## 4. Specific Cautions and Cross-Title Concerns

- The summary section for *Spector v. Norwegian Cruise Line Ltd.* serves as a direct caution, stating that courts "often ignore in practice by citing Title I cases," and warning against misapplying "title-specific standards." [34]
- This caution is echoed repeatedly throughout the document—after each instance where a Title I holding is borrowed for a Title III/FHA argument. [35] [36] [37]

## 5. Contexts and Issue Types Where Title I Principles Are Invoked

- **Evidence Burdens:** Arguing that expert/medical testimony is required to prove disability (Carruthers, Toyota). [38] [39]

---

[34] Caution, pg. 5, **Defendants Case Citations.docx**
Doc. 22 at 7, pg. 5, **Defendants Case Citations.docx**
against, pg. 5, **Defendants Case Citations.docx**
(opposition, pg. 5, **Defendants Case Citations.docx**
cross-title, pg. 5, **Defendants Case Citations.docx**
brief; cited, pg. 5, **Defendants Case Citations.docx**
III, pg. 5, **Defendants Case Citations.docx**
often ignores in confirmed via, pg. 5, **Defendants Case Citations.docx**
ADA; apply misapplying, pg. 5, **Defendants Case Citations.docx**
web search, pg. 5, **Defendants Case Citations.docx**
title-specific Title I to, pg. 5, **Defendants Case Citations.docx**
standards., pg. 5, **Defendants Case Citations.docx**
Title III)., pg. 5, **Defendants Case Citations.docx**
practice by citing Title I cases., pg. 5, **Defendants Case Citations.docx**

[35] Defendant cites (federal accurately (Title I case), but misapplies to our Title III claims by importing employment- specific burdens not, pg. 2, **Defendants Case Citations.docx**

[36] Key misrepresentati Southern on: Title I Reporter parallel employment case applied to Title III, importing stricter proof standards not mandated for, pg. 6, **Defendants Case Citations.docx**

[37] Key misrepresentati on: Defendant cites Title I employment case in Title III context, violating cross-title caution (Spector)., pg. 7, **Defendants Case Citations.docx**

[38] Defendant cites (federal accurately (Title I case), but misapplies to our Title III claims by importing employment- specific burdens not, pg. 2, **Defendants Case Citations.docx**
confirmed via web search tool results,, pg. 2, **Defendants Case Citations.docx**
under ADA; medical, pg. 2, **Defendants Case Citations.docx**
evidence required to show substantial limitation., pg. 2, **Defendants Case Citations.docx**
required for public, pg. 2, **Defendants Case Citations.docx**
e.g., Justia and FindLaw opinions (plaintiff's testimony insufficient, pg. 2, **Defendants Case Citations.docx**
accommodation for ADA S. disability proof, requiring medical evidence)., pg. 2, **Defendants Case Citations.docx**

[39] disability, pg. 6, **Defendants Case Citations.docx**
burden)., pg. 6, **Defendants Case Citations.docx**
medical evidence., pg. 6, **Defendants Case Citations.docx**
Key misrepresentati Southern on: Title I Reporter parallel employment case applied to Title III, importing stricter proof standards not mandated for, pg. 6, **Defendants Case Citations.docx**

- **Proof of Disability:** Requiring demonstration of substantial limitation through medical evidence (Toyota, Carruthers). [40] [41] [42]
- **Reasonable Accommodations:** Insisting on the primacy of employer prerogatives (seniority systems) and limiting the scope of reasonable modification requests, based on employment law analogies (Barnett). [43] [44]
- **Specificity of Accommodation Requests:** Attempting to require "hyper-specific" or detailed requests as in employment law, although Title III does not mandate such specificity. [45]

---

## 6. Summary of Guidance and Author/Court Commentary

- Across several case summaries, the document author consistently identifies and cautions against improper analogy from Title I to Title III/FHA, noting that the standards for public accommodations are distinct and typically less onerous for plaintiffs than those for employment discrimination. [46] [47] [48] [49] [50]

---

[40] evidence required to show substantial limitation., pg. 2, **Defendants Case Citations.docx**

[41] medical evidence., pg. 6, **Defendants Case Citations.docx**

[42] Key misrepresentati Southern on: Title I Reporter parallel employment case applied to Title III, importing stricter proof standards not mandated for, pg. 6, **Defendants Case Citations.docx**

[43] Reasonable accommodat US Airways, ions under Inc. v. Title I do not (opposition, pg. 7, **Defendants Case Citations.docx**
Doc. 22 at 6, pg. 7, **Defendants Case Citations.docx**
Barnett, 535 override, pg. 7, **Defendants Case Citations.docx**
brief; cited, pg. 7, **Defendants Case Citations.docx**
U.S. 391 seniority as example I, pg. 7, **Defendants Case Citations.docx**
   (2002)      (no, pg. 7, **Defendants Case Citations.docx**
systems of Title I, pg. 7, **Defendants Case Citations.docx**

[44] special n to Title III)., pg. 7, **Defendants Case Citations.docx**
circumstanc es., pg. 7, **Defendants Case Citations.docx**
Key misrepresentati on: Defendant cites Title I employment case in Title III context, violating cross-title caution (Spector)., pg. 7, **Defendants Case Citations.docx**

[45] misrepresents by implying Title I-like request specificity, which Title III does not require., pg. 4, **Defendants Case Citations.docx**

[46] Title III's lower F.3d 1277 bar., pg. 1, **Defendants Case Citations.docx**

[47] accommodation for ADA S. disability proof, requiring medical evidence)., pg. 2, **Defendants Case Citations.docx**

[48] burdens (e.g., specificity) not required under Title III., pg. 3, **Defendants Case Citations.docx**

[49] Key misrepresentati Southern on: Title I Reporter parallel employment case applied to Title III, importing stricter proof standards not mandated for, pg. 6, **Defendants Case Citations.docx**

[50] Key misrepresentati on: Defendant cites Title I employment case in Title III context, violating cross-title caution (Spector)., pg. 7, **Defendants Case Citations.docx**

- The document routinely flags defense citations as accurate for Title I, but misleading and erroneous when applied to Title III/FHA settings. [51] [52] [53]
- The cross-title warning in *Spector v. Norwegian Cruise Line Ltd.* is highlighted as instructive but frequently disregarded by defendants. [54]

## Conclusion

The document demonstrates a recurring defense strategy of citing Title I employment ADA cases to impose stricter evidentiary and procedural requirements in Title III or FHA litigation, particularly demanding expert medical testimony or restricting the range of permissible accommodations. [55] [56] [57] The internal analysis

---

[51] Defendant cites (federal accurately (Title I case), but misapplies to our Title III claims by importing employment- specific burdens not, pg. 2, **Defendants Case Citations.docx**

[52] Key misrepresentati Southern on: Title I Reporter parallel employment case applied to Title III, importing stricter proof standards not mandated for, pg. 6, **Defendants Case Citations.docx**

[53] Key misrepresentati on: Defendant cites Title I employment case in Title III context, violating cross-title caution (Spector)., pg. 7, **Defendants Case Citations.docx**

[54] Caution, pg. 5, **Defendants Case Citations.docx**

Doc. 22 at 7, pg. 5, **Defendants Case Citations.docx**

against, pg. 5, **Defendants Case Citations.docx**

(opposition, pg. 5, **Defendants Case Citations.docx**

cross-title, pg. 5, **Defendants Case Citations.docx**

brief; cited, pg. 5, **Defendants Case Citations.docx**

III, pg. 5, **Defendants Case Citations.docx**

often ignores in confirmed via, pg. 5, **Defendants Case Citations.docx**

ADA; apply misapplying, pg. 5, **Defendants Case Citations.docx**

web search, pg. 5, **Defendants Case Citations.docx**

title-specific Title I to, pg. 5, **Defendants Case Citations.docx**

standards., pg. 5, **Defendants Case Citations.docx**

Title III)., pg. 5, **Defendants Case Citations.docx**

practice by citing Title I cases., pg. 5, **Defendants Case Citations.docx**

[55] Defendant cites (federal accurately (Title I case), but misapplies to our Title III claims by importing employment- specific burdens not, pg. 2, **Defendants Case Citations.docx**

[56] disability, pg. 6, **Defendants Case Citations.docx**

burden)., pg. 6, **Defendants Case Citations.docx**

medical evidence., pg. 6, **Defendants Case Citations.docx**

Key misrepresentati Southern on: Title I Reporter parallel employment case applied to Title III, importing stricter proof standards not mandated for, pg. 6, **Defendants Case Citations.docx**

[57] Reasonable accommodat US Airways, ions under Inc. v. Title I do not (opposition, pg. 7, **Defendants Case Citations.docx**

Doc. 22 at 6, pg. 7, **Defendants Case Citations.docx**

Barnett, 535 override, pg. 7, **Defendants Case Citations.docx**

brief; cited, pg. 7, **Defendants Case Citations.docx**

U.S. 391 seniority as example I, pg. 7, **Defendants Case Citations.docx**

(2002)        (no, pg. 7, **Defendants Case Citations.docx**

systems of Title I, pg. 7, **Defendants Case Citations.docx**

and cited authority repeatedly flag this as a misapplication, warning that the two titles have significantly different standards and that importing Title I principles risks overburdening plaintiffs in public accommodation and housing cases. [58] [59] [60] [61] [62] [63]

---

**Result:**

Analyze how the defendant uses these cases.

## Analysis of How the Defendant Uses These Cases

The defendant's use of cited cases reveals several distinct patterns and strategic approaches, some of which involve misrepresenting or overextending the holdings, especially through cross-title analogies and ignoring statutory distinctions. Below is a detailed, case-by-case analysis grounded directly in the provided document.

---

So. Rep., pg. 7, **Defendants Case Citations.docx**

absent misapplicatio, pg. 7, **Defendants Case Citations.docx**

parallel)., pg. 7, **Defendants Case Citations.docx**

special n to Title III)., pg. 7, **Defendants Case Citations.docx**

circumstanc es., pg. 7, **Defendants Case Citations.docx**

Key misrepresentati on: Defendant cites Title I employment case in Title III context, violating cross-title caution (Spector)., pg. 7, **Defendants Case Citations.docx**

[58] accommodation for ADA S. disability proof, requiring medical evidence)., pg. 2, **Defendants Case Citations.docx**

[59] burdens (e.g., specificity) not required under Title III., pg. 3, **Defendants Case Citations.docx**

[60] misrepresents by implying Title I-like request specificity, which Title III does not require., pg. 4, **Defendants Case Citations.docx**

[61] Caution, pg. 5, **Defendants Case Citations.docx**

Doc. 22 at 7, pg. 5, **Defendants Case Citations.docx**

against, pg. 5, **Defendants Case Citations.docx**

(opposition, pg. 5, **Defendants Case Citations.docx**

cross-title, pg. 5, **Defendants Case Citations.docx**

brief; cited, pg. 5, **Defendants Case Citations.docx**

III, pg. 5, **Defendants Case Citations.docx**

often ignores in confirmed via, pg. 5, **Defendants Case Citations.docx**

ADA; apply misapplying, pg. 5, **Defendants Case Citations.docx**

web search, pg. 5, **Defendants Case Citations.docx**

title-specific Title I to, pg. 5, **Defendants Case Citations.docx**

standards., pg. 5, **Defendants Case Citations.docx**

Title III)., pg. 5, **Defendants Case Citations.docx**

practice by citing Title I cases., pg. 5, **Defendants Case Citations.docx**

[62] Key misrepresentati Southern on: Title I Reporter parallel employment case applied to Title III, importing stricter proof standards not mandated for, pg. 6, **Defendants Case Citations.docx**

[63] Key misrepresentati on: Defendant cites Title I employment case in Title III context, violating cross-title caution (Spector)., pg. 7, **Defendants Case Citations.docx**

9

## 1. Bhogaita v. Altamonte Heights Condo. Ass'n, 765 F.3d 1277 (11th Cir. 2014)

- **How Defendant Uses the Case:** Defendant cites this FHA failure-to-accommodate case regarding whether expert medical evidence is required to support a disability claim, particularly referencing the sufficiency of lay evidence or a doctor's letter in some FHA contexts. [64] [65] [66] [67] [68]
- **Accuracy/Strategy:** The citation is used to argue that expert evidence is required, but the source materials note that this is only the case in some FHA contexts and that Title III has a "lower bar." [69] [70] There's a misapplication when defendant overemphasizes the need for expert evidence in Title III cases, applying a standard stricter than the holding supports. [71] [72] [73]
- **Citation Verification:** Defendant's representation is flagged as inaccurate. [74]

## 2. Camarillo v. Carrols Corp., 518 F.3d 153 (2d Cir. 2008)

- **How Defendant Uses the Case:** Cited in opposition briefing for a Title III claim, specifically for timely and effective communication, but defendant

---

[64] Doc. 297 at 2, pg. 1, **Defendants Case Citations.docx**
but, pg. 1, **Defendants Case Citations.docx**
[65] cited for, pg. 1, **Defendants Case Citations.docx**
lay evidence, pg. 1, **Defendants Case Citations.docx**
[66] can suffice in some FHA contexts,, pg. 1, **Defendants Case Citations.docx**
[67] doctor's, pg. 1, **Defendants Case Citations.docx**
burden)., pg. 1, **Defendants Case Citations.docx**
[68] letter) supported plaintiff's PTSD claim., pg. 1, **Defendants Case Citations.docx**
(11th Cir. 2014)") and NHL P PDF summarizing FHA elements with expert support for PTSD., pg. 1, **Defendants Case Citations.docx**
[69] can suffice in some FHA contexts,, pg. 1, **Defendants Case Citations.docx**
[70] Title III's lower F.3d 1277 bar., pg. 1, **Defendants Case Citations.docx**
[71] burden)., pg. 1, **Defendants Case Citations.docx**
Title III's lower F.3d 1277 bar., pg. 1, **Defendants Case Citations.docx**
[72] misrepresents tool results,, pg. 1, **Defendants Case Citations.docx**
by ignoring that e.g., Harvard, pg. 1, **Defendants Case Citations.docx**
reasonable, pg. 1, **Defendants Case Citations.docx**
elements of, pg. 1, **Defendants Case Citations.docx**
[73] contrary to, pg. 1, **Defendants Case Citations.docx**
[74] Defendant cites Verified: No, pg. 1, **Defendants Case Citations.docx**

10

analogizes to requirements of specificity typical of Title I (employment) claims. [75] [76] [77] [78]

- **Accuracy/Strategy:** The holding in Camarillo is accurate as to Title III (regarding modifications and delays), yet defendant misrepresents it by suggesting requirements akin to Title I standards (e.g., specificity in request), which are not demanded under Title III. [79] [80] [81]
- **Citation Verification:** Flagged as a misrepresentation on statutory context. [82] [83]

---

## 3. Carruthers v. BSA Advertising, Inc., 357 F.3d 1213 (11th Cir. 2004)

- **How Defendant Uses the Case:** Used in a motion to strike, the defendant claims that plaintiff's lay testimony is insufficient for ADA disability proof, importing Title I (employment law) burdens into a Title III context. [84] [85]
- **Accuracy/Strategy:** Although the citation is accurate for a Title I (employment) setting, its application to Title III (public accommodation) is flagged as a misapplication, imposing stricter proof standards not required under Title III. [86] [87]

---

[75] Doc. 22 at 10, pg. 1, **Defendants Case Citations.docx**
correctly for Title III, but, pg. 1, **Defendants Case Citations.docx**

[76] modification, pg. 1, **Defendants Case Citations.docx**
(opposition brief; cited, pg. 1, **Defendants Case Citations.docx**

[77] for proactive Title III duties)., pg. 1, **Defendants Case Citations.docx**

[78] like specificity, contrary to Title III's, pg. 1, **Defendants Case Citations.docx**

[79] correctly for Title III, but, pg. 1, **Defendants Case Citations.docx**

[80] analogously III, pg. 1, **Defendants Case Citations.docx**
misrepresents parallel by implying our (federal requests require Title I- non-Southern appellate,, pg. 1, **Defendants Case Citations.docx**

[81] like specificity, contrary to Title III's, pg. 1, **Defendants Case Citations.docx**

[82] misrepresents parallel by implying our (federal requests require Title I- non-Southern appellate,, pg. 1, **Defendants Case Citations.docx**

[83] Verified: No Southern Reporter parallel (federal appellate case); holding, pg. 1, **Defendants Case Citations.docx**

[84] Doc. 304 at 3 (motion to strike; cited to counter plaintiffs', pg. 2, **Defendants Case Citations.docx**
I claim that lay testimony suffices without experts)., pg. 2, **Defendants Case Citations.docx**

[85] Defendant cites (federal accurately (Title I case), but misapplies to our Title III claims by importing employment- specific burdens not, pg. 2, **Defendants Case Citations.docx**

[86] Defendant cites (federal accurately (Title I case), but misapplies to our Title III claims by importing employment- specific burdens not, pg. 2, **Defendants Case Citations.docx**

[87] accommodation for ADA S. disability proof, requiring medical evidence)., pg. 2, **Defendants Case Citations.docx**

11

- **Citation Verification:** Confirmed as misapplied due to context mismatch. [88] [89]

---

## 4. Dunn v. Phoenix West II, LLC, No. Civ.A. 15-00258-KD-N, 2016 WL [unpublished]

- **How Defendant Uses the Case:** Defendant cites this in arguing that condominium associations are not "owners" of common elements for purposes of Title III liability. [90]
- **Accuracy/Strategy:** While accurately cited for the point that residential condominium associations generally don't trigger Title III unless public access is present, the document notes defendant also misrepresents by overlooking hybrid uses (e.g., rentals) that might invoke Title III. [91]
- **Citation Verification:** No clear misrepresentation noted except for hybrid-usage caveat. [92] [93]

---

[88] Defendant cites (federal accurately (Title I case), but misapplies to our Title III claims by importing employment- specific burdens not, pg. 2, **Defendants Case Citations.docx**

[89] accommodation for ADA S. disability proof, requiring medical evidence)., pg. 2, **Defendants Case Citations.docx**

[90] Doc. 22 at 2-, pg. 3, **Defendants Case Citations.docx**

Civ.A. 15-, pg. 3, **Defendants Case Citations.docx**

Alabama, pg. 3, **Defendants Case Citations.docx**

4 (opposition, pg. 3, **Defendants Case Citations.docx**

00258-KD-, pg. 3, **Defendants Case Citations.docx**

Uniform, pg. 3, **Defendants Case Citations.docx**

brief; cited to, pg. 3, **Defendants Case Citations.docx**

N, 2016 WL, pg. 3, **Defendants Case Citations.docx**

Condominiu, pg. 3, **Defendants Case Citations.docx**

argue, pg. 3, **Defendants Case Citations.docx**

[91] misrepresents by ignoring potential hybrid uses (e.g., rentals) that, pg. 3, **Defendants Case Citations.docx**

2016)    (unpublishe, pg. 3, **Defendants Case Citations.docx**

under ADA, pg. 3, **Defendants Case Citations.docx**

Title III, pg. 3, **Defendants Case Citations.docx**

d; no So. Rep. parallel)., pg. 3, **Defendants Case Citations.docx**

unless public access applies (e.g., rental office)., pg. 3, **Defendants Case Citations.docx**

[92] misrepresents by ignoring potential hybrid uses (e.g., rentals) that, pg. 3, **Defendants Case Citations.docx**

[93] by ignoring hybrid rental, pg. 6, **Defendants Case Citations.docx**

confirmed via web search tool results (limited, pg. 6, **Defendants Case Citations.docx**

uses that could public invoke Title III. access, but consistent with summaries on condo ADA inapplicabilit y). Verified: No, pg. 6, **Defendants Case Citations.docx**

12

## 5. Gil v. Winn-Dixie Stores, Inc., 993 F.3d 1266 (11th Cir. 2021)

- **How Defendant Uses the Case:** Defendant uses this to argue that Title III claims do not require employment-law burdens (such as specificity of requests), tying accessibility to a physical nexus. [94]
- **Accuracy/Strategy:** Accurate in the distinction, but misrepresents by analogizing to Title I requirements not present in Title III. [95]
- **Citation Verification:** Holding confirmed as accurate for Title III, but misapplication noted. [96]

## 6. Lancaster v. Phillips Invs., LLC, 482 F. Supp. 2d 1362 (M.D. Ala. 2007)

- **How Defendant Uses the Case:** Cited to establish that the ADA does not apply to residential condominiums unless they function like hotels (e.g., short-term rentals). [97] [98]
- **Accuracy/Strategy:** Defendant correctly cites the holding but misrepresents the case by downplaying potential Title III applicability to public/common areas, ignoring relevant statutory definitions. [99]
- **Citation Verification:** Accurate citation, but caveat on misrepresentation by omission. [100]

---

[94] Doc. 22 at 7, pg. 3, **Defendants Case Citations.docx**

Stores, Inc., not import 993 F.3d Title I's, pg. 3, **Defendants Case Citations.docx**

(opposition brief; cited for Title III, pg. 3, **Defendants Case Citations.docx**

[95] Accurate for Title III, but defendant misrepresents by analogizing to Title I, pg. 3, **Defendants Case Citations.docx**

[96] Accurate for Title III, but defendant misrepresents by analogizing to Title I, pg. 3, **Defendants Case Citations.docx**

[97] Doc. 6 at 1;, pg. 4, **Defendants Case Citations.docx**

Phillips, pg. 4, **Defendants Case Citations.docx**

condominiu, pg. 4, **Defendants Case Citations.docx**

Doc. 22 at 2, pg. 4, **Defendants Case Citations.docx**

[98] ms; must (response to, pg. 4, **Defendants Case Citations.docx**

482 F. share hotel- TRO and, pg. 4, **Defendants Case Citations.docx**

Supp. 2d 1362 (M.D., pg. 4, **Defendants Case Citations.docx**

[99] Defendant cites correctly but misrepresents by downplaying potential Title III applicability to common areas with public features, ignoring 42 U.S.C. § 12181(7)(A)., pg. 4, **Defendants Case Citations.docx**

[100] Defendant cites correctly but misrepresents by downplaying potential Title III applicability to common areas with public features, ignoring 42 U.S.C. § 12181(7)(A)., pg. 4, **Defendants Case Citations.docx**

## 7. PGA Tour, Inc. v. Martin, 532 U.S. 661 (2001)

- **How Defendant Uses the Case:** Defendant uses the case to contend that Title III modifications are only required if they do not fundamentally alter the activity and implies a requirement for detailed request specificity akin to Title I. [101] [102]
- **Accuracy/Strategy:** The holding (no hyper-specificity required) is confirmed. Defendant misrepresents by importing Title I specificity requirements into Title III analysis. [103] [104]
- **Citation Verification:** Confirmed as a misrepresentation. [105]

## 8. Condos. of Pine Island Ridge Ass'n v. Fischer, 6 F. Supp. 3d 1272 (S.D. Fla. 2014)

- **How Defendant Uses the Case:** Used in a motion to strike to support the argument that medical records are required for FHA accommodation requests in condos. [106]
- **Accuracy/Strategy:** No express misrepresentation flagged regarding the legal holding, but reference is made to the context-specific distinction for notice triggering duty. [107]
- **Citation Verification:** Verified as accurate, appears context-appropriate. [108]

## 9. Spector v. Norwegian Cruise Line Ltd., 545 U.S. 119 (2005)

- **How Defendant Uses the Case:** Defendant cites Spector to caution against cross-title borrowing, i.e., importing Title I (employment) standards to Title III (public accommodation) litigation. [109]

---

[101] s upheld if not Doc. 22 at 8, pg. 4, **Defendants Case Citations.docx**
Martin, 532 fundamentall (opposition U.S. 661 (2001) (no for Title III So. Rep. standards). parallel)., pg. 4, **Defendants Case Citations.docx**

[102] activity; no hyper- specific request needed., pg. 4, **Defendants Case Citations.docx**

[103] activity; no hyper- specific request needed., pg. 4, **Defendants Case Citations.docx**

[104] misrepresents by implying Title I-like request specificity, which Title III does not require., pg. 4, **Defendants Case Citations.docx**

[105] misrepresents by implying Title I-like request specificity, which Title III does not require., pg. 4, **Defendants Case Citations.docx**

[106] Doc. 304 at 3, pg. 5, **Defendants Case Citations.docx**
(motion to strike; cited for notice triggering duty)., pg. 5, **Defendants Case Citations.docx**

[107] III distinctions. medical, pg. 5, **Defendants Case Citations.docx**

[108] III distinctions. medical, pg. 5, **Defendants Case Citations.docx**

[109] Doc. 22 at 7, pg. 5, **Defendants Case Citations.docx**
against, pg. 5, **Defendants Case Citations.docx**
(opposition, pg. 5, **Defendants Case Citations.docx**

14

- **Accuracy/Strategy:** The document flags that defendant's broader strategy nonetheless often involves importing Title I case law into a Title III context, despite quoting Spector as a caution. [110]
- **Citation Verification:** Usage appropriately described, but broader contradiction noted. [111]

## 10. Sabal Palm Court

- **How Defendant Uses the Case:** Cited to argue that associations are not entitled to pre-suit medical records for discovery in litigation. [112]
- **Accuracy/Strategy:** Defendant uses a pre-suit FHA standard to justify expansive discovery during litigation, which is flagged as a misapplication, conflating pre-suit and in-litigation demands and statutory contexts. [113]
- **Citation Verification:** Holding used as a defense but flagged for overbroad application. [114]

## 11. Thompson v. Sand Cliffs Owners Ass'n, No. Civ.A. 3:97cv335/LAC, 1998 U.S. Dist. LEXIS 23632

- **How Defendant Uses the Case:** Used to claim that residential condo associations are not public accommodations under Title III, even if managing rentals. [115]

---

cross-title, pg. 5, **Defendants Case Citations.docx**

brief; cited, pg. 5, **Defendants Case Citations.docx**

[110] ADA; apply misapplying, pg. 5, **Defendants Case Citations.docx**

web search, pg. 5, **Defendants Case Citations.docx**

title-specific Title I to, pg. 5, **Defendants Case Citations.docx**

standards., pg. 5, **Defendants Case Citations.docx**

Title III)., pg. 5, **Defendants Case Citations.docx**

practice by citing Title I cases., pg. 5, **Defendants Case Citations.docx**

[111] borrowing in against, pg. 5, **Defendants Case Citations.docx**

[112] Doc. 92 at 3 (reply to, pg. 5, **Defendants Case Citations.docx**

response on, pg. 5, **Defendants Case Citations.docx**

FH, pg. 5, **Defendants Case Citations.docx**

A, pg. 5, **Defendants Case Citations.docx**

[113] Defendant misrepresents by using pre- suit FHA context to justify broad discovery demands in litigation, ignoring Title, pg. 5, **Defendants Case Citations.docx**

[114] Accurate citation; defendant uses to defend but, pg. 5, **Defendants Case Citations.docx**

[115] Doc. 297 at 2, pg. 6, **Defendants Case Citations.docx**

AC, 1998, pg. 6, **Defendants Case Citations.docx**

U.S. Dist., pg. 6, **Defendants Case Citations.docx**

associations not public accommodat ions under Title III, even if managing rentals., pg. 6, **Defendants Case Citations.docx**

(motion for judgment; cited to III, pg. 6, **Defendants Case Citations.docx**

- **Accuracy/Strategy:** Defendant correctly cites the headline holding, but misrepresents by failing to acknowledge that hybrid use (e.g., short-term rentals) could still trigger Title III application. [116]
- **Citation Verification:** Holding verified, misrepresentation flagged for omission. [117]

---

## 12. Toyota Motor Mfg., Ky., Inc. v. Williams, 534 U.S. 184 (2002)

- **How Defendant Uses the Case:** Cited for the necessity of medical evidence for a disability under the ADA, specifically regarding substantial limitation in major life activities. [118]
- **Accuracy/Strategy:** Defendant imports Title I (employment law) standards into Title III context, requiring more stringent medical proof than Title III demands. [119]
- **Citation Verification:** Holding flagged as misapplied. [120]

---

## 13. US Airways, Inc. v. Barnett, 535 U.S. 391 (2002)

- **How Defendant Uses the Case:** Cited as an example where reasonable accommodation under Title I does not override seniority systems, utilizing this in arguing for Title III. [121]

---

[116] Defendant cites holding correctly, but misrepresents, pg. 6, **Defendants Case Citations.docx** by ignoring hybrid rental, pg. 6, **Defendants Case Citations.docx**

[117] confirmed via web search tool results (limited, pg. 6, **Defendants Case Citations.docx** uses that could public invoke Title III. access, but consistent with summaries on condo ADA inapplicabilit y). Verified: No, pg. 6, **Defendants Case Citations.docx**

[118] Doc. 297 at 3, pg. 6, **Defendants Case Citations.docx**
Ky. v. limitation in (motion for, pg. 6, **Defendants Case Citations.docx**
Williams, major life judgment;, pg. 6, **Defendants Case Citations.docx**
534 U.S. activities; cited for, pg. 6, **Defendants Case Citations.docx**
184 (2002), pg. 6, **Defendants Case Citations.docx**
disability, pg. 6, **Defendants Case Citations.docx**
burden)., pg. 6, **Defendants Case Citations.docx**
medical evidence., pg. 6, **Defendants Case Citations.docx**

[119] Key misrepresentati Southern on: Title I Reporter parallel employment case applied to Title III, importing stricter proof standards not mandated for, pg. 6, **Defendants Case Citations.docx**

[120] Key misrepresentati Southern on: Title I Reporter parallel employment case applied to Title III, importing stricter proof standards not mandated for, pg. 6, **Defendants Case Citations.docx**

[121] Doc. 22 at 6, pg. 7, **Defendants Case Citations.docx**
Barnett, 535 override, pg. 7, **Defendants Case Citations.docx**
brief; cited, pg. 7, **Defendants Case Citations.docx**
U.S. 391 seniority as example I, pg. 7, **Defendants Case Citations.docx**

16

- **Accuracy/Strategy:** Defendant violates the cross-title caution (from Spector) by invoking a Title I employment law case in a Title III public accommodation context. [122]
- **Citation Verification:** Misrepresentation identified. [123]

---

## Synthesis and Broader Patterns

- **Cross-Title Borrowing:** Defendant frequently cites Title I employment cases to support arguments in Title III public accommodation contexts, often importing stricter standards for proof, documentation, and specificity, despite legal and factual distinctions cautioned by the judiciary itself (e.g., per Spector). [124] [125] [126] [127]
- **Misrepresentation by Omission:** On multiple occasions, the defendant accurately states a holding but omits key contextual limitations, such as the potential applicability of Title III for condos with hybrid uses or public access elements. [128] [129] [130]
- **Misapplication of Evidentiary Burdens:** Defendant emphasizes a supposed need for expert medical testimony in every case, even when controlling law

---

[122] special n to Title III)., pg. 7, **Defendants Case Citations.docx**
circumstanc es., pg. 7, **Defendants Case Citations.docx**
Key misrepresentati on: Defendant cites Title I employment case in Title III context, violating cross-title caution (Spector)., pg. 7, **Defendants Case Citations.docx**

[123] Key misrepresentati on: Defendant cites Title I employment case in Title III context, violating cross- title caution (Spector)., pg. 7, **Defendants Case Citations.docx**

[124] Accurate for Title III, but defendant misrepresents by analogizing to Title I, pg. 3, **Defendants Case Citations.docx**

[125] ADA; apply misapplying, pg. 5, **Defendants Case Citations.docx**
web search, pg. 5, **Defendants Case Citations.docx**
title-specific Title I to, pg. 5, **Defendants Case Citations.docx**
standards., pg. 5, **Defendants Case Citations.docx**
Title III)., pg. 5, **Defendants Case Citations.docx**
practice by citing Title I cases., pg. 5, **Defendants Case Citations.docx**

[126] Key misrepresentati Southern on: Title I Reporter parallel employment case applied to Title III, importing stricter proof standards not mandated for, pg. 6, **Defendants Case Citations.docx**

[127] special n to Title III)., pg. 7, **Defendants Case Citations.docx**
circumstanc es., pg. 7, **Defendants Case Citations.docx**
Key misrepresentati on: Defendant cites Title I employment case in Title III context, violating cross-title caution (Spector)., pg. 7, **Defendants Case Citations.docx**

[128] misrepresents by ignoring potential hybrid uses (e.g., rentals) that, pg. 3, **Defendants Case Citations.docx**

[129] Defendant cites correctly but misrepresents by downplaying potential Title III applicability to common areas with public features, ignoring 42 U.S.C. § 12181(7)(A)., pg. 4, **Defendants Case Citations.docx**

[130] by ignoring hybrid rental, pg. 6, **Defendants Case Citations.docx**

17

or context (especially under Title III) allows for lay or circumstantial supporting evidence. [131] [132] [133] [134]

- **Conflating Pre-Suit and Litigation Discovery:** Defendant relies on pre-suit standards to justify broader discovery during litigation itself, contrary to statutory and judicial distinctions. [135]
- **Accurate Uses:** In select instances, defendant's citations accurately reflect the holding and context (e.g., distinguishing residential condos from public accommodations under certain circumstances), especially where the case law and statutory provisions are squarely on point. [136] [137] [138]
- **Selective Use of Cautionary Precedent:** While invoking cases cautioning against cross-title borrowing, defendant's actual litigation conduct (across the chart) undercuts such cautions. [139]

## Conclusion

The defendant systematically employs case citations to import higher burdens and requirements—often from the employment law (Title I) context—into public accommodation claims (Title III), regularly misrepresenting or overextending holdings beyond their actual scope. This strategy includes omitting crucial legal and factual limitations, conflating distinct statutory standards, and selectively quoting cases that warn against the very tactics being deployed. Accurate application is

---

[131] burden)., pg. 1, **Defendants Case Citations.docx**

Title III's lower F.3d 1277 bar., pg. 1, **Defendants Case Citations.docx**

[132] like specificity, contrary to Title III's, pg. 1, **Defendants Case Citations.docx**

[133] accommodation for ADA S. disability proof, requiring medical evidence)., pg. 2, **Defendants Case Citations.docx**

[134] medical evidence., pg. 6, **Defendants Case Citations.docx**

[135] Defendant misrepresents by using pre- suit FHA context to justify broad discovery demands in litigation, ignoring Title, pg. 5, **Defendants Case Citations.docx**

[136] Defendant accurately cites for Title III non- applicability to residential condos, but, pg. 3, **Defendants Case Citations.docx**

[137] e.g., vLex summary (ADA inapplicable to residential condos lacking lodging traits). Verified: No Southern Reporter, pg. 4, **Defendants Case Citations.docx**

[138] III distinctions. medical, pg. 5, **Defendants Case Citations.docx**

[139] ADA; apply misapplying, pg. 5, **Defendants Case Citations.docx**

web search, pg. 5, **Defendants Case Citations.docx**

title-specific Title I to, pg. 5, **Defendants Case Citations.docx**

standards., pg. 5, **Defendants Case Citations.docx**

Title III)., pg. 5, **Defendants Case Citations.docx**

practice by citing Title I cases., pg. 5, **Defendants Case Citations.docx**

18

found in some contexts, but misrepresentation is a consistent and prevalent pattern. [140] [141] [142] [143] [144] [145] [146] [147] [148] [149] [150] [151] [152] [153] [154]

---

**Result:**

---

[140] can suffice in some FHA contexts,, pg. 1, **Defendants Case Citations.docx**

[141] Title III's lower F.3d 1277 bar., pg. 1, **Defendants Case Citations.docx**

[142] correctly for Title III, but, pg. 1, **Defendants Case Citations.docx**

[143] misrepresents parallel by implying our (federal requests require Title I- non-Southern appellate,, pg. 1, **Defendants Case Citations.docx**

[144] like specificity, contrary to Title III's, pg. 1, **Defendants Case Citations.docx**

[145] Defendant cites (federal accurately (Title I case), but misapplies to our Title III claims by importing employment- specific burdens not, pg. 2, **Defendants Case Citations.docx**

[146] accommodation for ADA S. disability proof, requiring medical evidence)., pg. 2, **Defendants Case Citations.docx**

[147] Accurate for Title III, but defendant misrepresents by analogizing to Title I, pg. 3, **Defendants Case Citations.docx**

[148] Defendant cites correctly but misrepresents by downplaying potential Title III applicability to common areas with public features, ignoring 42 U.S.C. § 12181(7)(A)., pg. 4, **Defendants Case Citations.docx**

[149] misrepresents by implying Title I-like request specificity, which Title III does not require., pg. 4, **Defendants Case Citations.docx**

[150] ADA; apply misapplying, pg. 5, **Defendants Case Citations.docx**
web search, pg. 5, **Defendants Case Citations.docx**
title-specific Title I to, pg. 5, **Defendants Case Citations.docx**
standards., pg. 5, **Defendants Case Citations.docx**
Title III)., pg. 5, **Defendants Case Citations.docx**
practice by citing Title I cases., pg. 5, **Defendants Case Citations.docx**

[151] Defendant misrepresents by using pre- suit FHA context to justify broad discovery demands in litigation, ignoring Title, pg. 5, **Defendants Case Citations.docx**

[152] by ignoring hybrid rental, pg. 6, **Defendants Case Citations.docx**

[153] Key misrepresentati Southern on: Title I Reporter parallel employment case applied to Title III, importing stricter proof standards not mandated for, pg. 6, **Defendants Case Citations.docx**

[154] special n to Title III)., pg. 7, **Defendants Case Citations.docx**
circumstanc es., pg. 7, **Defendants Case Citations.docx**
Key misrepresentati on: Defendant cites Title I employment case in Title III context, violating cross-title caution (Spector)., pg. 7, **Defendants Case Citations.docx**

19

Assess the correctness and applicability to the current facts.

## Assessment of Correctness and Applicability of Defendant's Cited Authorities

### 1. Bhogaita v. Altamonte Heights Condo. Ass'n, 765 F.3d 1277 (11th Cir. 2014)

- **Correctness:** The defendant cites Bhogaita for the proposition that lay evidence can suffice in some FHA contexts regarding disability, request, necessity, and refusal, particularly where doctor's letters supported a PTSD claim. This is accurately drawn from the case's holding. [155] [156]
- **Applicability:** The application is correct for FHA reasonable accommodation claims. However, the document notes the defendant overemphasizes expert necessity and may not fully capture the lower evidentiary burden in some FHA cases. [157] [158] [159] [160]

### 2. Camarillo v. Carrols Corp., 518 F.3d 153 (2d Cir. 2008)

- **Correctness:** Defendant cites Camarillo correctly for Title III's timely modification requirements to policies for effective communication but misrepresents by implying that Title III requests must meet Title I-like specificity, which is incorrect. [161] [162]

---

[155] can suffice in some FHA contexts,, pg. 1, **Defendants Case Citations.docx**
("Bhogaita v. Altamonte, pg. 1, **Defendants Case Citations.docx**

[156] letter) supported plaintiff's PTSD claim., pg. 1, **Defendants Case Citations.docx**

[157] lay evidence, pg. 1, **Defendants Case Citations.docx**

[158] can suffice in some FHA contexts,, pg. 1, **Defendants Case Citations.docx**

[159] doctor's, pg. 1, **Defendants Case Citations.docx**
burden)., pg. 1, **Defendants Case Citations.docx**

[160] (11th Cir. 2014)") and NHL P PDF summarizing FHA elements with expert support for PTSD., pg. 1, **Defendants Case Citations.docx**

[161] Camarillo v. requires Carrols timely, pg. 1, **Defendants Case Citations.docx**
Doc. 22 at 10, pg. 1, **Defendants Case Citations.docx**
correctly for Title III, but, pg. 1, **Defendants Case Citations.docx**

[162] analogously III, pg. 1, **Defendants Case Citations.docx**
misrepresents parallel by implying our (federal requests require Title I- non-Southern appellate,, pg. 1, **Defendants Case Citations.docx**

- **Applicability:** The defendant tries to analogize Title III to Title I burdens, which is not appropriate. Title III has a broader access mandate and does not require the same level of specific, proactive requests as Title I. [163] [164] [165] [166] [167]
- **Verification:** The holding is confirmed to be as cited. [168]

## 3. Carruthers v. BSA Advertising, Inc., 357 F.3d 1213 (11th Cir. 2004)

- **Correctness:** Defendant accurately describes Carruthers' requirement (in an ADA Title I context) that plaintiff's lay testimony alone is insufficient to prove disability; medical evidence is needed. [169] [170] [171]
- **Applicability:** The defendant misapplies this employment case to a Title III or public accommodation context by importing stricter ADA employment standards not required under Title III. [172]
- **Verification:** The holding is confirmed. [173]

## 4. Dunn v. Phoenix West II, LLC, No. Civ.A. 15-00258-KD-N, 2016 WL 7647525 (S.D. Ala. Feb. 23, 2016)

- **Correctness:** Defendant cites this unpublished opinion for the proposition that condo associations do not own common elements under Alabama's

---

[163] correctly for Title III, but, pg. 1, **Defendants Case Citations.docx**

[164] misrepresents parallel by implying our (federal requests require Title I- non-Southern appellate,, pg. 1, **Defendants Case Citations.docx**

[165] for proactive Title III duties)., pg. 1, **Defendants Case Citations.docx**

[166] access; delays can, pg. 1, **Defendants Case Citations.docx**
like specificity, contrary to Title III's, pg. 1, **Defendants Case Citations.docx**

[167] Titl Misrepresenta Citation e / tion Analysis Verification FH A broader access web search mandate. tool results, e.g., Casemine, pg. 2, **Defendants Case Citations.docx**
summary (visually impaired plaintiff's Title III claim for fast-food, pg. 2, **Defendants Case Citations.docx**
access) and, pg. 2, **Defendants Case Citations.docx**
Courthouse News PDF citing effective communicati on duty. Verified: No Southern Reporter parallel, pg. 2, **Defendants Case Citations.docx**

[168] holding confirmed via, pg. 1, **Defendants Case Citations.docx**

[169] insufficient, pg. 2, **Defendants Case Citations.docx**
Advertising, to prove Inc., 357 F.3d 1213 (11th Cir. 2004) (no So. Rep. parallel)., pg. 2, **Defendants Case Citations.docx**

[170] under ADA; medical, pg. 2, **Defendants Case Citations.docx**
evidence required to show substantial limitation., pg. 2, **Defendants Case Citations.docx**

[171] accommodation for ADA S. disability proof, requiring medical evidence)., pg. 2, **Defendants Case Citations.docx**

[172] Defendant cites (federal accurately (Title I case), but misapplies to our Title III claims by importing employment- specific burdens not, pg. 2, **Defendants Case Citations.docx**

[173] confirmed via web search tool results,, pg. 2, **Defendants Case Citations.docx**

Uniform Condominium Act and are not liable as public accommodations under Title III. [174] [175]

- **Applicability:** The statement is correct for purely residential condominiums but the defendant misrepresents by ignoring potential "hybrid uses" (such as condos with rental operations or public-access areas) that may trigger Title III obligations. [176] [177]
- **Verification:** The legal summary matches the authority as found. [178]

## 5. Gil v. Winn-Dixie Stores, Inc., 993 F.3d 1266 (11th Cir. 2021)

- **Correctness:** Defendant cites Gil for Title III's requirement of effective communication and its distinction that employment burdens from Title I are not imported into Title III. [179] [180]
- **Applicability:** While Gil is cited appropriately for Title III standards, defendant misrepresents or over-analogizes by drawing parallels to Title I burdens where not warranted. [181]

---

[174] do not own, pg. 3, **Defendants Case Citations.docx**
Phoenix, pg. 3, **Defendants Case Citations.docx**
common, pg. 3, **Defendants Case Citations.docx**
West II,, pg. 3, **Defendants Case Citations.docx**
elements, pg. 3, **Defendants Case Citations.docx**
LLC, No., pg. 3, **Defendants Case Citations.docx**
under, pg. 3, **Defendants Case Citations.docx**
[175] III, pg. 3, **Defendants Case Citations.docx**
(S.D. Ala., pg. 3, **Defendants Case Citations.docx**
not liable as a public, pg. 3, **Defendants Case Citations.docx**
[176] misrepresents by ignoring potential hybrid uses (e.g., rentals) that, pg. 3, **Defendants Case Citations.docx**
[177] unless public access applies (e.g., rental office)., pg. 3, **Defendants Case Citations.docx**
Defendant accurately cites for Title III non- applicability to residential condos, but, pg. 3, **Defendants Case Citations.docx**
[178] unpublished); holding confirmed via web search tool results (limited hits, but consistent with case summaries on accessibility in condos under Title III). Verified: No Southern, pg. 3, **Defendants Case Citations.docx**
[179] Title III requires effective, pg. 3, **Defendants Case Citations.docx**
Gil v. Winn- communicati, pg. 3, **Defendants Case Citations.docx**
Dixie on but does, pg. 3, **Defendants Case Citations.docx**
Doc. 22 at 7, pg. 3, **Defendants Case Citations.docx**
Stores, Inc., not import 993 F.3d Title I's, pg. 3, **Defendants Case Citations.docx**
[180] employment, pg. 3, **Defendants Case Citations.docx**
burdens;, pg. 3, **Defendants Case Citations.docx**
distinctions)., pg. 3, **Defendants Case Citations.docx**
[181] Accurate for Title III, but defendant misrepresents by analogizing to Title I, pg. 3, **Defendants Case Citations.docx**

- **Verification:** The cited principle is correct. [182]

## 6. Lancaster v. Phillips Invs., LLC, 482 F. Supp. 2d 1362 (M.D. Ala. 2007)

- **Correctness:** Defendant accurately cites that ADA does not apply to residential condominiums unless they share hotel-like characteristics. [183]
- **Applicability:** The defendant fails to acknowledge that common areas with public features or short-term rental aspects could invoke Title III obligations under 42 U.S.C. § 12181(7)(A). [184]
- **Verification:** The statement aligns with general summaries found. [185]

## 7. PGA Tour, Inc. v. Martin, 532 U.S. 661 (2001)

- **Correctness:** Defendant cites PGA Tour, Inc. for upholding Title III modifications if not fundamentally altering the activity and for not requiring hyper-specific request formulations. [186]
- **Applicability:** Defendant misrepresents by implying that Title I-like specificity for requests is necessary under Title III when it is not. [187]

---

[182] Reporter parallel (federal appellate); holding confirmed via, pg. 3, **Defendants Case Citations.docx**

[183] ADA does not apply to Lancaster v. residential, pg. 4, **Defendants Case Citations.docx**

Doc. 6 at 1;, pg. 4, **Defendants Case Citations.docx**

Phillips, pg. 4, **Defendants Case Citations.docx**

condominiu, pg. 4, **Defendants Case Citations.docx**

Doc. 22 at 2, pg. 4, **Defendants Case Citations.docx**

Invs., LLC,, pg. 4, **Defendants Case Citations.docx**

ms; must (response to, pg. 4, **Defendants Case Citations.docx**

482 F. share hotel- TRO and, pg. 4, **Defendants Case Citations.docx**

Supp. 2d 1362 (M.D., pg. 4, **Defendants Case Citations.docx**

like characteristi brief; cited to, pg. 4, **Defendants Case Citations.docx**

Ala. 2007), pg. 4, **Defendants Case Citations.docx**

cs (e.g., argue non-, pg. 4, **Defendants Case Citations.docx**

[184] Defendant cites correctly but misrepresents by downplaying potential Title III applicability to common areas with public features, ignoring 42 U.S.C. § 12181(7)(A)., pg. 4, **Defendants Case Citations.docx**

[185] e.g., vLex summary (ADA inapplicable to residential condos lacking lodging traits). Verified: No Southern Reporter, pg. 4, **Defendants Case Citations.docx**

[186] PGA Tour, Inc. v., pg. 4, **Defendants Case Citations.docx**

s upheld if not Doc. 22 at 8, pg. 4, **Defendants Case Citations.docx**

Martin, 532 fundamentall (opposition U.S. 661 (2001) (no for Title III So. Rep. standards). parallel)., pg. 4, **Defendants Case Citations.docx**

activity; no hyper- specific request needed., pg. 4, **Defendants Case Citations.docx**

[187] misrepresents by implying Title I-like request specificity, which Title III does not require., pg. 4, **Defendants Case Citations.docx**

- **Verification:** Cited content matches the holding. [188]

## 8. Condos. of Pine Island Ridge Ass'n v. Fischer, 6 F. Supp. 3d 1272 (S.D. Fla. 2014)

- **Correctness:** Defendant cites for the requirement concerning medical records for FHA accommodation requests before suit, which represents the holding. [189]
- **Applicability:** This is correctly applied to the scenario of medical documentation and discovery under the FHA for condominiums. [190]

## 9. Spector v. Norwegian Cruise Line Ltd., 545 U.S. 119 (2005)

- **Correctness:** Used to caution against importing Title I standards into Title III, which is a correct principle. [191]
- **Applicability:** This principle is apt as other entries in the document show the defendant improperly borrows Title I burdens for Title III cases. [192]

## 10. Sabal Palm

- **Correctness:** Defendant cites for the limits on discovery in litigation versus pre-suit requirements under the FHA. [193]

---

[188] confirmed via web search tool results, e.g., Justia and Oyez summaries (golf cart as reasonable modification, pg. 4, **Defendants Case Citations.docx**

[189] medical records pre- suit for accommodat ion requests; additional discovery info does not change result., pg. 5, **Defendants Case Citations.docx**

[190] medical records pre- suit for accommodat ion requests; additional discovery info does not change result., pg. 5, **Defendants Case Citations.docx**

[191] Caution, pg. 5, **Defendants Case Citations.docx**
Doc. 22 at 7, pg. 5, **Defendants Case Citations.docx**
against, pg. 5, **Defendants Case Citations.docx**
(opposition, pg. 5, **Defendants Case Citations.docx**
cross-title, pg. 5, **Defendants Case Citations.docx**
brief; cited, pg. 5, **Defendants Case Citations.docx**
III, pg. 5, **Defendants Case Citations.docx**
often ignores in confirmed via, pg. 5, **Defendants Case Citations.docx**
ADA; apply misapplying, pg. 5, **Defendants Case Citations.docx**

[192] title-specific Title I to, pg. 5, **Defendants Case Citations.docx**
standards., pg. 5, **Defendants Case Citations.docx**
Title III)., pg. 5, **Defendants Case Citations.docx**
practice by citing Title I cases., pg. 5, **Defendants Case Citations.docx**

[193] Associations not entitled to all, pg. 5, **Defendants Case Citations.docx**

24

- **Applicability:** Defendant misrepresents by arguing pre-suit context justifies broader discovery in litigation, ignoring distinctions between FHA and Title III/other claims. [194]
- **Verification:** Summaries support the point. [195]

## 11. Thompson v. Sand Cliffs Owners Ass'n, No. Civ.A. 3:97cv335/LAC, 1998 U.S. Dist. LEXIS 23632 (N.D. Fla. Mar. 30, 1998)

- **Correctness:** Defendant cites this unpublished case to show residential condo associations are not public accommodations under Title III even if managing rentals. [196]
- **Applicability:** This is generally accurate, but the defendant misrepresents by ignoring "hybrid rental uses" that could trigger Title III applicability. [197]

## 12. Toyota Motor Mfg., Ky. v. Williams, 534 U.S. 184 (2002)

- **Correctness:** Accurately cited for the requirement under ADA Title I that disability requires a substantial limitation in major life activities, with medical evidence. [198]

---

[194] Defendant misrepresents by using pre- suit FHA context to justify broad discovery demands in litigation, ignoring Title, pg. 5, **Defendants Case Citations.docx**

[195] e.g., Justia and Casemine opinions (limits on, pg. 5, **Defendants Case Citations.docx**

[196] Residential condo, pg. 6, **Defendants Case Citations.docx**

Doc. 297 at 2, pg. 6, **Defendants Case Citations.docx**

AC, 1998, pg. 6, **Defendants Case Citations.docx**

U.S. Dist., pg. 6, **Defendants Case Citations.docx**

associations not public accommodat ions under Title III, even if managing rentals., pg. 6, **Defendants Case Citations.docx**

[197] Defendant cites holding correctly, but misrepresents, pg. 6, **Defendants Case Citations.docx**

by ignoring hybrid rental, pg. 6, **Defendants Case Citations.docx**

[198] Toyota, pg. 6, **Defendants Case Citations.docx**

Disability requires, pg. 6, **Defendants Case Citations.docx**

Motor Mfg., substantial, pg. 6, **Defendants Case Citations.docx**

Doc. 297 at 3, pg. 6, **Defendants Case Citations.docx**

Ky. v. limitation in (motion for, pg. 6, **Defendants Case Citations.docx**

Williams, major life judgment;, pg. 6, **Defendants Case Citations.docx**

534 U.S. activities; cited for, pg. 6, **Defendants Case Citations.docx**

184 (2002), pg. 6, **Defendants Case Citations.docx**

disability, pg. 6, **Defendants Case Citations.docx**

burden)., pg. 6, **Defendants Case Citations.docx**

medical evidence., pg. 6, **Defendants Case Citations.docx**

- **Applicability:** Defendant misapplies a strict Title I employment evidentiary standard to Title III/public accommodations, contrary to Spector's cross-title caution. [199]

## 13. US Airways, Inc. v. Barnett, 535 U.S. 391 (2002)

- **Correctness:** Cited for the Title I accommodation rule that employer accommodations do not override seniority systems absent special circumstances. [200]
- **Applicability:** Defendant improperly uses a Title I precedent as though controlling in a Title III context, violating the cross-title caution from Spector. [201]
- **Verification:** The holding is correctly summarized but misapplied. [202]

## Summary Table: Correctness and Applicability

| Citation | Correctness of Holding Statement | Applicability to Current Facts | Noted Misrepresentation/Misapplication |
|---|---|---|---|
| Bhogaita v. Altamonte Heights Condo. Ass'n | Accurately reflects holding on sufficiency of lay evidence in some FHA contexts. [203] [204] | Generally applicable to FHA claims; possible | May overstate expert burden. [208] |

[199] Key misrepresentati Southern on: Title I Reporter parallel employment case applied to Title III, importing stricter proof standards not mandated for, pg. 6, **Defendants Case Citations.docx**

[200] Barnett, 535 override, pg. 7, **Defendants Case Citations.docx**

brief; cited, pg. 7, **Defendants Case Citations.docx**

U.S. 391 seniority as example I, pg. 7, **Defendants Case Citations.docx**

(2002)       (no, pg. 7, **Defendants Case Citations.docx**

systems of Title I, pg. 7, **Defendants Case Citations.docx**

[201] special n to Title III)., pg. 7, **Defendants Case Citations.docx**

circumstanc es., pg. 7, **Defendants Case Citations.docx**

Key misrepresentati on: Defendant cites Title I employment case in Title III context, violating cross-title caution (Spector)., pg. 7, **Defendants Case Citations.docx**

[202] Southern Reporter parallel (Supreme Court); holding confirmed via web search tool results, e.g., Justia and FindLaw opinions (accommodat ions not required if conflicting with seniority rules)., pg. 7, **Defendants Case Citations.docx**

[203] can suffice in some FHA contexts,, pg. 1, **Defendants Case Citations.docx**

("Bhogaita v. Altamonte, pg. 1, **Defendants Case Citations.docx**

[204] letter) supported plaintiff's PTSD claim., pg. 1, **Defendants Case Citations.docx**

[208] (11th Cir. 2014)") and NHL P PDF summarizing FHA elements with expert support for PTSD., pg. 1, **Defendants Case Citations.docx**

| Citation | Correctness of Holding Statement | Applicability to Current Facts | Noted Misrepresentation/Misapplication |
|---|---|---|---|
| | | overemphasis on expert need. [205] [206] [207] | |
| Camarillo v. Carrols Corp. | Holding cited correctly but suggests stricter request specificity from Title I. [209] [210] | Title III does not require Title I specificity; analogy is flawed. [211] [212] [213] [214] | Implies proactive duties requiring more specificity than Title III demands. [215] [216] [217] |
| Carruthers v. BSA Advertising | Accurate for ADA Title I (employment); holding that lay testimony is insufficient. [218] [219] | Misapplied to Title III/public accommodation, which doesn't require importation of Title I standard. [220] | Imports higher burden than required for public accommodation proof. [221] [222] |

---

[205] lay evidence, pg. 1, **Defendants Case Citations.docx**

[206] can suffice in some FHA contexts,, pg. 1, **Defendants Case Citations.docx**

[207] doctor's, pg. 1, **Defendants Case Citations.docx**

burden)., pg. 1, **Defendants Case Citations.docx**

[209] Camarillo v. requires Carrols timely, pg. 1, **Defendants Case Citations.docx**

Doc. 22 at 10, pg. 1, **Defendants Case Citations.docx**

correctly for Title III, but, pg. 1, **Defendants Case Citations.docx**

[210] analogously III, pg. 1, **Defendants Case Citations.docx**

misrepresents parallel by implying our (federal requests require Title I- non-Southern appellate,, pg. 1, **Defendants Case Citations.docx**

[211] correctly for Title III, but, pg. 1, **Defendants Case Citations.docx**

[212] misrepresents parallel by implying our (federal requests require Title I- non-Southern appellate,, pg. 1, **Defendants Case Citations.docx**

[213] for proactive Title III duties)., pg. 1, **Defendants Case Citations.docx**

[214] access; delays can, pg. 1, **Defendants Case Citations.docx**

like specificity, contrary to Title III's, pg. 1, **Defendants Case Citations.docx**

[215] correctly for Title III, but, pg. 1, **Defendants Case Citations.docx**

[216] misrepresents parallel by implying our (federal requests require Title I- non-Southern appellate,, pg. 1, **Defendants Case Citations.docx**

[217] for proactive Title III duties)., pg. 1, **Defendants Case Citations.docx**

[218] insufficient, pg. 2, **Defendants Case Citations.docx**

Advertising, to prove Inc., 357 F.3d 1213 (11th Cir. 2004) (no So. Rep. parallel)., pg. 2, **Defendants Case Citations.docx**

[219] under ADA; medical, pg. 2, **Defendants Case Citations.docx**

evidence required to show substantial limitation., pg. 2, **Defendants Case Citations.docx**

[220] Defendant cites (federal accurately (Title I case), but misapplies to our Title III claims by importing employment- specific burdens not, pg. 2, **Defendants Case Citations.docx**

[221] Defendant cites (federal accurately (Title I case), but misapplies to our Title III claims by importing employment- specific burdens not, pg. 2, **Defendants Case Citations.docx**

[222] accommodation for ADA S. disability proof, requiring medical evidence)., pg. 2, **Defendants Case Citations.docx**

| Citation | Correctness of Holding Statement | Applicability to Current Facts | Noted Misrepresentation/Misapplication |
|---|---|---|---|
| Dunn v. Phoenix West II | Cited for lack of public accommodation liability of condo associations. [223] [224] | Correct for residential-only condos, but ignores possible hybrid/public access uses. [225] [226] | Fails to consider if rentals/public spaces invoke Title III. [227] [228] |
| Gil v. Winn-Dixie Stores, Inc. | Cited for effective communication and Title I/III burden distinction. [229] [230] | Generally correct but overextends analogy to Title I burdens. [231] | Inappropriately analogizes to employment-specific burdens. [232] |

---

[223] do not own, pg. 3, **Defendants Case Citations.docx**

Phoenix, pg. 3, **Defendants Case Citations.docx**

common, pg. 3, **Defendants Case Citations.docx**

West II,, pg. 3, **Defendants Case Citations.docx**

elements, pg. 3, **Defendants Case Citations.docx**

LLC, No., pg. 3, **Defendants Case Citations.docx**

under, pg. 3, **Defendants Case Citations.docx**

[224] III, pg. 3, **Defendants Case Citations.docx**

(S.D. Ala., pg. 3, **Defendants Case Citations.docx**

not liable as a public, pg. 3, **Defendants Case Citations.docx**

[225] misrepresents by ignoring potential hybrid uses (e.g., rentals) that, pg. 3, **Defendants Case Citations.docx**

[226] unless public access applies (e.g., rental office)., pg. 3, **Defendants Case Citations.docx** Defendant accurately cites for Title III non- applicability to residential condos, but, pg. 3, **Defendants Case Citations.docx**

[227] misrepresents by ignoring potential hybrid uses (e.g., rentals) that, pg. 3, **Defendants Case Citations.docx**

[228] unless public access applies (e.g., rental office)., pg. 3, **Defendants Case Citations.docx** Defendant accurately cites for Title III non- applicability to residential condos, but, pg. 3, **Defendants Case Citations.docx**

[229] Title III requires effective, pg. 3, **Defendants Case Citations.docx**

Gil v. Winn- communicati, pg. 3, **Defendants Case Citations.docx**

Dixie on but does, pg. 3, **Defendants Case Citations.docx**

Doc. 22 at 7, pg. 3, **Defendants Case Citations.docx**

Stores, Inc., not import 993 F.3d Title I's, pg. 3, **Defendants Case Citations.docx**

[230] employment, pg. 3, **Defendants Case Citations.docx**

burdens;, pg. 3, **Defendants Case Citations.docx**

distinctions)., pg. 3, **Defendants Case Citations.docx**

[231] Accurate for Title III, but defendant misrepresents by analogizing to Title I, pg. 3, **Defendants Case Citations.docx**

[232] Accurate for Title III, but defendant misrepresents by analogizing to Title I, pg. 3, **Defendants Case Citations.docx**

28

| Citation | Correctness of Holding Statement | Applicability to Current Facts | Noted Misrepresentation/Misapplication |
|---|---|---|---|
| Lancaster v. Phillips Invs. | ADA inapplicable to strictly residential condos. [233] | Ignores applicability to common/public features and rentals. [234] | Downplays scope of Title III in certain contexts. [235] |
| PGA Tour, Inc. v. Martin | Modification must not fundamentally alter activity; request need not be hyper-specific. [236] | Misapplies by suggesting request specificity from Title I is needed. [237] | Suggests higher request specificity than Title III requires. [238] |
| Condos. of Pine Island Ridge | Cited for pre-suit medical record need under FHA. [239] | Properly applied for documentation/discovery requirements. [240] | No misrepresentation noted. |

[233] ADA does not apply to Lancaster v. residential, pg. 4, **Defendants Case Citations.docx**
Doc. 6 at 1;, pg. 4, **Defendants Case Citations.docx**
Phillips, pg. 4, **Defendants Case Citations.docx**
condominiu, pg. 4, **Defendants Case Citations.docx**
Doc. 22 at 2, pg. 4, **Defendants Case Citations.docx**
Invs., LLC,, pg. 4, **Defendants Case Citations.docx**
ms; must (response to, pg. 4, **Defendants Case Citations.docx**
482 F. share hotel- TRO and, pg. 4, **Defendants Case Citations.docx**
Supp. 2d 1362 (M.D., pg. 4, **Defendants Case Citations.docx**
like characteristi brief; cited to, pg. 4, **Defendants Case Citations.docx**
Ala. 2007), pg. 4, **Defendants Case Citations.docx**
cs (e.g., argue non-, pg. 4, **Defendants Case Citations.docx**
[234] Defendant cites correctly but misrepresents by downplaying potential Title III applicability to common areas with public features, ignoring 42 U.S.C. § 12181(7)(A)., pg. 4, **Defendants Case Citations.docx**
[235] Defendant cites correctly but misrepresents by downplaying potential Title III applicability to common areas with public features, ignoring 42 U.S.C. § 12181(7)(A)., pg. 4, **Defendants Case Citations.docx**
[236] PGA Tour, Inc. v., pg. 4, **Defendants Case Citations.docx**
s upheld if not Doc. 22 at 8, pg. 4, **Defendants Case Citations.docx**
Martin, 532 fundamentall (opposition U.S. 661 (2001) (no for Title III So. Rep. standards). parallel)., pg. 4, **Defendants Case Citations.docx**
activity; no hyper- specific request needed., pg. 4, **Defendants Case Citations.docx**
[237] misrepresents by implying Title I-like request specificity, which Title III does not require., pg. 4, **Defendants Case Citations.docx**
[238] misrepresents by implying Title I-like request specificity, which Title III does not require., pg. 4, **Defendants Case Citations.docx**
[239] medical records pre- suit for accommodat ion requests; additional discovery info does not change result., pg. 5, **Defendants Case Citations.docx**
[240] medical records pre- suit for accommodat ion requests; additional discovery info does not change result., pg. 5, **Defendants Case Citations.docx**

| Citation | Correctness of Holding Statement | Applicability to Current Facts | Noted Misrepresentation/Misapplication |
|---|---|---|---|
| Ass'n v. Fischer | | | |
| Spector v. Norwegian Cruise Line Ltd. | Cited as caution against cross-title importation of standards. [241] | Correct and important given other misapplications. [242] | Noted as violation in multiple defendant arguments. [243] |
| Sabal Palm | Cited for discovery limits versus pre-suit requests. [244] | Defendant misrepresents, using pre-suit to justify broader litigation discovery. [245] | Misapplies pre-suit context to litigation demands. [246] |
| Thompson v. Sand Cliffs Owners Ass'n | Residential condo associations not public | Ignores hybrid rental/public use scenarios. [248] | Omits potential Title III triggers from rentals. [249] |

---

[241] Caution, pg. 5, **Defendants Case Citations.docx**

Doc. 22 at 7, pg. 5, **Defendants Case Citations.docx**

against, pg. 5, **Defendants Case Citations.docx**

(opposition, pg. 5, **Defendants Case Citations.docx**

cross-title, pg. 5, **Defendants Case Citations.docx**

brief; cited, pg. 5, **Defendants Case Citations.docx**

III, pg. 5, **Defendants Case Citations.docx**

often ignores in confirmed via, pg. 5, **Defendants Case Citations.docx**

ADA; apply misapplying, pg. 5, **Defendants Case Citations.docx**

[242] title-specific Title I to, pg. 5, **Defendants Case Citations.docx**

standards., pg. 5, **Defendants Case Citations.docx**

Title III)., pg. 5, **Defendants Case Citations.docx**

practice by citing Title I cases., pg. 5, **Defendants Case Citations.docx**

[243] title-specific Title I to, pg. 5, **Defendants Case Citations.docx**

standards., pg. 5, **Defendants Case Citations.docx**

Title III)., pg. 5, **Defendants Case Citations.docx**

practice by citing Title I cases., pg. 5, **Defendants Case Citations.docx**

[244] Associations not entitled to all, pg. 5, **Defendants Case Citations.docx**

[245] Defendant misrepresents by using pre- suit FHA context to justify broad discovery demands in litigation, ignoring Title, pg. 5, **Defendants Case Citations.docx**

[246] Defendant misrepresents by using pre- suit FHA context to justify broad discovery demands in litigation, ignoring Title, pg. 5, **Defendants Case Citations.docx**

[248] Defendant cites holding correctly, but misrepresents, pg. 6, **Defendants Case Citations.docx** by ignoring hybrid rental, pg. 6, **Defendants Case Citations.docx**

[249] Defendant cites holding correctly, but misrepresents, pg. 6, **Defendants Case Citations.docx** by ignoring hybrid rental, pg. 6, **Defendants Case Citations.docx**

30

| Citation | Correctness of Holding Statement | Applicability to Current Facts | Noted Misrepresentation/Misapplication |
|---|---|---|---|
| | accommodations, even with rentals. [247] | | |
| Toyota Motor Mfg., Ky. v. Williams | Accurate for ADA Title I substantial limitation requirement. [250] | Inappropriately imports employment proof standard to Title III. [251] | Violates Spector's cross-title caution. [252] |
| US Airways, Inc. v. Barnett | Cited for accommodation/seniority conflict in Title I. [253] | Inapposite to Title III; defendant misapplies holding. [254] | Cross-title misapplication contrary to Spector. [255] |

[247] Residential condo, pg. 6, **Defendants Case Citations.docx**

Doc. 297 at 2, pg. 6, **Defendants Case Citations.docx**

AC, 1998, pg. 6, **Defendants Case Citations.docx**

U.S. Dist., pg. 6, **Defendants Case Citations.docx**

associations not public accommodat ions under Title III, even if managing rentals., pg. 6, **Defendants Case Citations.docx**

[250] Toyota, pg. 6, **Defendants Case Citations.docx**

Disability requires, pg. 6, **Defendants Case Citations.docx**

Motor Mfg., substantial, pg. 6, **Defendants Case Citations.docx**

Doc. 297 at 3, pg. 6, **Defendants Case Citations.docx**

Ky. v. limitation in (motion for, pg. 6, **Defendants Case Citations.docx**

Williams, major life judgment;, pg. 6, **Defendants Case Citations.docx**

534 U.S. activities; cited for, pg. 6, **Defendants Case Citations.docx**

184 (2002), pg. 6, **Defendants Case Citations.docx**

disability, pg. 6, **Defendants Case Citations.docx**

burden)., pg. 6, **Defendants Case Citations.docx**

medical evidence., pg. 6, **Defendants Case Citations.docx**

[251] Key misrepresentati Southern on: Title I Reporter parallel employment case applied to Title III, importing stricter proof standards not mandated for, pg. 6, **Defendants Case Citations.docx**

[252] Key misrepresentati Southern on: Title I Reporter parallel employment case applied to Title III, importing stricter proof standards not mandated for, pg. 6, **Defendants Case Citations.docx**

[253] Barnett, 535 override, pg. 7, **Defendants Case Citations.docx**

brief; cited, pg. 7, **Defendants Case Citations.docx**

U.S. 391 seniority as example I, pg. 7, **Defendants Case Citations.docx**

(2002)      (no, pg. 7, **Defendants Case Citations.docx**

systems of Title I, pg. 7, **Defendants Case Citations.docx**

[254] special n to Title III)., pg. 7, **Defendants Case Citations.docx**

circumstanc es., pg. 7, **Defendants Case Citations.docx**

Key misrepresentati on: Defendant cites Title I employment case in Title III context, violating cross-title caution (Spector)., pg. 7, **Defendants Case Citations.docx**

[255] special n to Title III)., pg. 7, **Defendants Case Citations.docx**

circumstanc es., pg. 7, **Defendants Case Citations.docx**

Key misrepresentati on: Defendant cites Title I employment case in Title III context, violating cross-title caution (Spector)., pg. 7, **Defendants Case Citations.docx**

31

## Synthesis and Conclusion

- The majority of defendant's case citations accurately reflect the original LEGAL HOLDINGS, but there are significant issues with their *applicability* to

the facts of the present dispute. [256 257 258 259 260 261 262 263 264 265 266 267 268 269 270 271 272 273 274 275 276 277]

---

[256] can suffice in some FHA contexts,, pg. 1, **Defendants Case Citations.docx**

("Bhogaita v. Altamonte, pg. 1, **Defendants Case Citations.docx**

[257] letter) supported plaintiff's PTSD claim., pg. 1, **Defendants Case Citations.docx**

[258] Camarillo v. requires Carrols timely, pg. 1, **Defendants Case Citations.docx**

Doc. 22 at 10, pg. 1, **Defendants Case Citations.docx**

correctly for Title III, but, pg. 1, **Defendants Case Citations.docx**

[259] analogously III, pg. 1, **Defendants Case Citations.docx**

misrepresents parallel by implying our (federal requests require Title I- non-Southern appellate,, pg. 1, **Defendants Case Citations.docx**

[260] Defendant cites (federal accurately (Title I case), but misapplies to our Title III claims by importing employment- specific burdens not, pg. 2, **Defendants Case Citations.docx**

[261] do not own, pg. 3, **Defendants Case Citations.docx**

Phoenix, pg. 3, **Defendants Case Citations.docx**

common, pg. 3, **Defendants Case Citations.docx**

West II,, pg. 3, **Defendants Case Citations.docx**

elements, pg. 3, **Defendants Case Citations.docx**

LLC, No., pg. 3, **Defendants Case Citations.docx**

under, pg. 3, **Defendants Case Citations.docx**

[262] Title III requires effective, pg. 3, **Defendants Case Citations.docx**

Gil v. Winn- communicati, pg. 3, **Defendants Case Citations.docx**

Dixie on but does, pg. 3, **Defendants Case Citations.docx**

Doc. 22 at 7, pg. 3, **Defendants Case Citations.docx**

Stores, Inc., not import 993 F.3d Title I's, pg. 3, **Defendants Case Citations.docx**

[263] misrepresents by ignoring potential hybrid uses (e.g., rentals) that, pg. 3, **Defendants Case Citations.docx**

[264] ADA does not apply to Lancaster v. residential, pg. 4, **Defendants Case Citations.docx**

Doc. 6 at 1;, pg. 4, **Defendants Case Citations.docx**

Phillips, pg. 4, **Defendants Case Citations.docx**

condominiu, pg. 4, **Defendants Case Citations.docx**

Doc. 22 at 2, pg. 4, **Defendants Case Citations.docx**

Invs., LLC,, pg. 4, **Defendants Case Citations.docx**

ms; must (response to, pg. 4, **Defendants Case Citations.docx**

482 F. share hotel- TRO and, pg. 4, **Defendants Case Citations.docx**

Supp. 2d 1362 (M.D., pg. 4, **Defendants Case Citations.docx**

like characteristi brief; cited to, pg. 4, **Defendants Case Citations.docx**

Ala. 2007), pg. 4, **Defendants Case Citations.docx**

cs (e.g., argue non-, pg. 4, **Defendants Case Citations.docx**

[265] Defendant cites correctly but misrepresents by downplaying potential Title III applicability to common areas with public features, ignoring 42 U.S.C. § 12181(7)(A)., pg. 4, **Defendants Case Citations.docx**

[266] PGA Tour, Inc. v., pg. 4, **Defendants Case Citations.docx**

s upheld if not Doc. 22 at 8, pg. 4, **Defendants Case Citations.docx**

Martin, 532 fundamentall (opposition U.S. 661 (2001) (no for Title III So. Rep. standards). parallel)., pg. 4, **Defendants Case Citations.docx**

activity; no hyper- specific request needed., pg. 4, **Defendants Case Citations.docx**

[267] misrepresents by implying Title I-like request specificity, which Title III does not require., pg. 4, **Defendants Case Citations.docx**

33

- Many misrepresentations arise from importing stricter proving/disability standards from Title I (employment) cases into Title III (public

---

[268] medical records pre- suit for accommodat ion requests; additional discovery info does not change result., pg. 5, **Defendants Case Citations.docx**

[269] Caution, pg. 5, **Defendants Case Citations.docx**

Doc. 22 at 7, pg. 5, **Defendants Case Citations.docx**

against, pg. 5, **Defendants Case Citations.docx**

(opposition, pg. 5, **Defendants Case Citations.docx**

cross-title, pg. 5, **Defendants Case Citations.docx**

brief; cited, pg. 5, **Defendants Case Citations.docx**

III, pg. 5, **Defendants Case Citations.docx**

often ignores in confirmed via, pg. 5, **Defendants Case Citations.docx**

ADA; apply misapplying, pg. 5, **Defendants Case Citations.docx**

[270] Associations not entitled to all, pg. 5, **Defendants Case Citations.docx**

[271] Defendant misrepresents by using pre- suit FHA context to justify broad discovery demands in litigation, ignoring Title, pg. 5, **Defendants Case Citations.docx**

[272] Residential condo, pg. 6, **Defendants Case Citations.docx**

Doc. 297 at 2, pg. 6, **Defendants Case Citations.docx**

AC, 1998, pg. 6, **Defendants Case Citations.docx**

U.S. Dist., pg. 6, **Defendants Case Citations.docx**

associations not public accommodat ions under Title III, even if managing rentals., pg. 6, **Defendants Case Citations.docx**

[273] Defendant cites holding correctly, but misrepresents, pg. 6, **Defendants Case Citations.docx** by ignoring hybrid rental, pg. 6, **Defendants Case Citations.docx**

[274] Toyota, pg. 6, **Defendants Case Citations.docx**

Disability requires, pg. 6, **Defendants Case Citations.docx**

Motor Mfg., substantial, pg. 6, **Defendants Case Citations.docx**

Doc. 297 at 3, pg. 6, **Defendants Case Citations.docx**

Ky. v. limitation in (motion for, pg. 6, **Defendants Case Citations.docx**

Williams, major life judgment;, pg. 6, **Defendants Case Citations.docx**

534 U.S. activities; cited for, pg. 6, **Defendants Case Citations.docx**

184 (2002), pg. 6, **Defendants Case Citations.docx**

disability, pg. 6, **Defendants Case Citations.docx**

burden)., pg. 6, **Defendants Case Citations.docx**

medical evidence., pg. 6, **Defendants Case Citations.docx**

[275] Key misrepresentati Southern on: Title I Reporter parallel employment case applied to Title III, importing stricter proof standards not mandated for, pg. 6, **Defendants Case Citations.docx**

[276] Barnett, 535 override, pg. 7, **Defendants Case Citations.docx**

brief; cited, pg. 7, **Defendants Case Citations.docx**

U.S. 391 seniority as example I, pg. 7, **Defendants Case Citations.docx**

(2002)    (no, pg. 7, **Defendants Case Citations.docx**

systems of Title I, pg. 7, **Defendants Case Citations.docx**

[277] special n to Title III)., pg. 7, **Defendants Case Citations.docx**

circumstanc es., pg. 7, **Defendants Case Citations.docx**

Key misrepresentati on: Defendant cites Title I employment case in Title III context, violating cross-title caution (Spector)., pg. 7, **Defendants Case Citations.docx**

34

accommodations) or FHA (housing) contexts, which the cited case Spector cautions against. [278] [279] [280] [281]

- The defendant often fails to grapple with "hybrid" or rental uses of condominiums, public-facing operations, or common areas open to the public, which may trigger Title III obligations, even where strictly residential condos are not covered. [282] [283] [284] [285]

- Where discovery and proof burdens are concerned, the defendant sometimes conflates pre-suit requirements for FHA requests with broader, inadmissible demands in litigation, or exaggerates the necessity of expert testimony. [286] [287] [288] [289]

- In summary, most holdings cited by the defendant are correctly stated; however, their legal application to the present facts is frequently flawed due to reliance on the wrong statutory title or failure to acknowledge factual

---

[278] Defendant cites (federal accurately (Title I case), but misapplies to our Title III claims by importing employment- specific burdens not, pg. 2, **Defendants Case Citations.docx**

[279] Accurate for Title III, but defendant misrepresents by analogizing to Title I, pg. 3, **Defendants Case Citations.docx**

[280] Key misrepresentati Southern on: Title I Reporter parallel employment case applied to Title III, importing stricter proof standards not mandated for, pg. 6, **Defendants Case Citations.docx**

[281] special n to Title III)., pg. 7, **Defendants Case Citations.docx**

circumstanc es., pg. 7, **Defendants Case Citations.docx**

Key misrepresentati on: Defendant cites Title I employment case in Title III context, violating cross-title caution (Spector)., pg. 7, **Defendants Case Citations.docx**

[282] misrepresents by ignoring potential hybrid uses (e.g., rentals) that, pg. 3, **Defendants Case Citations.docx**

[283] unless public access applies (e.g., rental office)., pg. 3, **Defendants Case Citations.docx**

Defendant accurately cites for Title III non- applicability to residential condos, but, pg. 3, **Defendants Case Citations.docx**

[284] Defendant cites correctly but misrepresents by downplaying potential Title III applicability to common areas with public features, ignoring 42 U.S.C. § 12181(7)(A)., pg. 4, **Defendants Case Citations.docx**

[285] Defendant cites holding correctly, but misrepresents, pg. 6, **Defendants Case Citations.docx** by ignoring hybrid rental, pg. 6, **Defendants Case Citations.docx**

[286] lay evidence, pg. 1, **Defendants Case Citations.docx**

[287] (11th Cir. 2014)") and NHL P PDF summarizing FHA elements with expert support for PTSD., pg. 1, **Defendants Case Citations.docx**

[288] accommodation for ADA S. disability proof, requiring medical evidence)., pg. 2, **Defendants Case Citations.docx**

[289] Defendant misrepresents by using pre- suit FHA context to justify broad discovery demands in litigation, ignoring Title, pg. 5, **Defendants Case Citations.docx**

nuances about mixed-use or public attributes of the subject property. [290] [291] [292] [293] [294] [295] [296] [297] [298] [299] [300] [301] [302] [303] [304]

---

[290] can suffice in some FHA contexts,, pg. 1, **Defendants Case Citations.docx**

("Bhogaita v. Altamonte, pg. 1, **Defendants Case Citations.docx**

[291] letter) supported plaintiff's PTSD claim., pg. 1, **Defendants Case Citations.docx**

[292] Camarillo v. requires Carrols timely, pg. 1, **Defendants Case Citations.docx**

Doc. 22 at 10, pg. 1, **Defendants Case Citations.docx**

correctly for Title III, but, pg. 1, **Defendants Case Citations.docx**

[293] analogously III, pg. 1, **Defendants Case Citations.docx**

misrepresents parallel by implying our (federal requests require Title I- non-Southern appellate,, pg. 1, **Defendants Case Citations.docx**

[294] Defendant cites (federal accurately (Title I case), but misapplies to our Title III claims by importing employment- specific burdens not, pg. 2, **Defendants Case Citations.docx**

[295] do not own, pg. 3, **Defendants Case Citations.docx**

Phoenix, pg. 3, **Defendants Case Citations.docx**

common, pg. 3, **Defendants Case Citations.docx**

West II,, pg. 3, **Defendants Case Citations.docx**

elements, pg. 3, **Defendants Case Citations.docx**

LLC, No., pg. 3, **Defendants Case Citations.docx**

under, pg. 3, **Defendants Case Citations.docx**

[296] misrepresents by ignoring potential hybrid uses (e.g., rentals) that, pg. 3, **Defendants Case Citations.docx**

[297] unless public access applies (e.g., rental office)., pg. 3, **Defendants Case Citations.docx**

Defendant accurately cites for Title III non- applicability to residential condos, but, pg. 3, **Defendants Case Citations.docx**

[298] Accurate for Title III, but defendant misrepresents by analogizing to Title I, pg. 3, **Defendants Case Citations.docx**

[299] ADA does not apply to Lancaster v. residential, pg. 4, **Defendants Case Citations.docx**

Doc. 6 at 1;, pg. 4, **Defendants Case Citations.docx**

Phillips, pg. 4, **Defendants Case Citations.docx**

condominiu, pg. 4, **Defendants Case Citations.docx**

Doc. 22 at 2, pg. 4, **Defendants Case Citations.docx**

Invs., LLC,, pg. 4, **Defendants Case Citations.docx**

ms; must (response to, pg. 4, **Defendants Case Citations.docx**

482 F. share hotel- TRO and, pg. 4, **Defendants Case Citations.docx**

Supp. 2d 1362 (M.D., pg. 4, **Defendants Case Citations.docx**

like characteristi brief; cited to, pg. 4, **Defendants Case Citations.docx**

Ala. 2007), pg. 4, **Defendants Case Citations.docx**

cs (e.g., argue non-, pg. 4, **Defendants Case Citations.docx**

[300] Defendant cites correctly but misrepresents by downplaying potential Title III applicability to common areas with public features, ignoring 42 U.S.C. § 12181(7)(A)., pg. 4, **Defendants Case Citations.docx**

[301] PGA Tour, Inc. v., pg. 4, **Defendants Case Citations.docx**

s upheld if not Doc. 22 at 8, pg. 4, **Defendants Case Citations.docx**

Martin, 532 fundamentall (opposition U.S. 661 (2001) (no for Title III So. Rep. standards). parallel)., pg. 4, **Defendants Case Citations.docx**

activity; no hyper- specific request needed., pg. 4, **Defendants Case Citations.docx**

36

**Result:**

Determine whether this constitutes a misrepresentation intended to mislead the court.

## Analysis of Whether the Defendant's Conduct Constitutes a Misrepresentation Intended to Mislead the Court

The document provides a table-by-table analysis of the Defendant's use of legal citations, explicitly flagging and discussing multiple alleged misrepresentations or misapplications. Below is a structured assessment of whether the conduct, as evidenced by the source, constitutes a misrepresentation intended to mislead the court.

### 1. Nature and Pattern of Alleged Misrepresentation

The document identifies numerous instances where the Defendant has cited legal authorities—especially Title I (employment discrimination) cases—in the context of Title III (public accommodations) or Fair Housing Act claims, and has been flagged for misrepresenting or misapplying the underlying law in a way that may mislead the court regarding the correct standards, burdens, or elements applicable to the dispute at hand. [305] [306] [307] [308] [309] [310]

Examples cited include: - Using Title I-specific requirements or standards (such as those for expert testimony, request specificity, or medical proof) as if they governed

---

[302] misrepresents by implying Title I-like request specificity, which Title III does not require., pg. 4, **Defendants Case Citations.docx**

[303] Key misrepresentati Southern on: Title I Reporter parallel employment case applied to Title III, importing stricter proof standards not mandated for, pg. 6, **Defendants Case Citations.docx**

[304] special n to Title III)., pg. 7, **Defendants Case Citations.docx**
circumstanc es., pg. 7, **Defendants Case Citations.docx**
Key misrepresentati on: Defendant cites Title I employment case in Title III context, violating cross-title caution (Spector)., pg. 7, **Defendants Case Citations.docx**

[305] misrepresents parallel by implying our (federal requests require Title I- non-Southern appellate,, pg. 1, **Defendants Case Citations.docx**

[306] Defendant cites (federal accurately (Title I case), but misapplies to our Title III claims by importing employment- specific burdens not, pg. 2, **Defendants Case Citations.docx**

[307] Accurate for Title III, but defendant misrepresents by analogizing to Title I, pg. 3, **Defendants Case Citations.docx**

[308] misrepresents by implying Title I-like request specificity, which Title III does not require., pg. 4, **Defendants Case Citations.docx**

[309] Key misrepresentati Southern on: Title I Reporter parallel employment case applied to Title III, importing stricter proof standards not mandated for, pg. 6, **Defendants Case Citations.docx**

[310] Key misrepresentati on: Defendant cites Title I employment case in Title III context, violating cross- title caution (Spector)., pg. 7, **Defendants Case Citations.docx**

37

Title III or FHA public accommodation disputes, despite explicit authority cautioning against such cross-title borrowing. [311] [312] [313] [314] [315] [316] - Ignoring the lower bar or differing elements required under Title III as contrasted with Title I, and representing to the court that more demanding standards apply. [317] [318] [319] - Downplaying the potential applicability of Title III to certain common areas, contrary to statutory provisions cited in the document. [320]

The document does not suggest these are isolated or inadvertent errors, but describes "systematic" importation of inappropriate Title I standards into Title III analyses across several authorities. [321] [322] [323] [324] [325] [326]

## 2. Materiality and Centrality

These alleged misrepresentations are material: They are identified in the document as being central to the Defendant's argument structure (e.g., arguing a stricter standard of proof or burden of specificity than actually required under controlling

---

[311] misrepresents parallel by implying our (federal requests require Title I- non-Southern appellate,, pg. 1, **Defendants Case Citations.docx**

[312] Defendant cites (federal accurately (Title I case), but misapplies to our Title III claims by importing employment- specific burdens not, pg. 2, **Defendants Case Citations.docx**

[313] Accurate for Title III, but defendant misrepresents by analogizing to Title I, pg. 3, **Defendants Case Citations.docx**

[314] misrepresents by implying Title I-like request specificity, which Title III does not require., pg. 4, **Defendants Case Citations.docx**

[315] Key misrepresentati Southern on: Title I Reporter parallel employment case applied to Title III, importing stricter proof standards not mandated for, pg. 6, **Defendants Case Citations.docx**

[316] Key misrepresentati on: Defendant cites Title I employment case in Title III context, violating cross- title caution (Spector)., pg. 7, **Defendants Case Citations.docx**

[317] like specificity, contrary to Title III's, pg. 1, **Defendants Case Citations.docx**

[318] burdens (e.g., specificity) not required under Title III., pg. 3, **Defendants Case Citations.docx**

[319] misrepresents by implying Title I-like request specificity, which Title III does not require., pg. 4, **Defendants Case Citations.docx**

[320] Defendant cites correctly but misrepresents by downplaying potential Title III applicability to common areas with public features, ignoring 42 U.S.C. § 12181(7)(A)., pg. 4, **Defendants Case Citations.docx**

[321] misrepresents parallel by implying our (federal requests require Title I- non-Southern appellate,, pg. 1, **Defendants Case Citations.docx**

[322] Defendant cites (federal accurately (Title I case), but misapplies to our Title III claims by importing employment- specific burdens not, pg. 2, **Defendants Case Citations.docx**

[323] Accurate for Title III, but defendant misrepresents by analogizing to Title I, pg. 3, **Defendants Case Citations.docx**

[324] misrepresents by implying Title I-like request specificity, which Title III does not require., pg. 4, **Defendants Case Citations.docx**

[325] Key misrepresentati Southern on: Title I Reporter parallel employment case applied to Title III, importing stricter proof standards not mandated for, pg. 6, **Defendants Case Citations.docx**

[326] Key misrepresentati on: Defendant cites Title I employment case in Title III context, violating cross- title caution (Spector)., pg. 7, **Defendants Case Citations.docx**

Title III or FHA law). [327] [328] [329] [330] [331] The cases are relied upon in motions and opposition briefs to counter critical aspects of the Plaintiff's case, particularly regarding the sufficiency of evidence, the nature of reasonable accommodations, and the applicability of the law to residential or rental scenarios. [332] [333] [334] [335]

## 3. Evidence of Intent or Strategy

There is circumstantial evidence, as indicated in the source, that the Defendant's conduct was not simply error: - The document author states the Defendant "misrepresents" holdings by "ignoring" explicit distinctions or "downplaying" judicially recognized applicability, despite the existence of controlling statutes and precedent warning against such cross-title conflation (including a Supreme Court decision cited in Spector v. Norwegian Cruise Line Ltd., referenced as a cautionary authority against this very error). [336] [337] [338] [339] [340] - The table indicates repeated reliance on authorities outside the governing title context, with explicit author

---

[327] like specificity, contrary to Title III's, pg. 1, **Defendants Case Citations.docx**

[328] burdens (e.g., specificity) not required under Title III., pg. 3, **Defendants Case Citations.docx**

[329] misrepresents by implying Title I-like request specificity, which Title III does not require., pg. 4, **Defendants Case Citations.docx**

[330] Key misrepresentati Southern on: Title I Reporter parallel employment case applied to Title III, importing stricter proof standards not mandated for, pg. 6, **Defendants Case Citations.docx**

[331] Key misrepresentati on: Defendant cites Title I employment case in Title III context, violating cross- title caution (Spector)., pg. 7, **Defendants Case Citations.docx**

[332] Doc. 297 at 2, pg. 1, **Defendants Case Citations.docx**

[333] Doc. 22 at 10, pg. 1, **Defendants Case Citations.docx**

[334] Doc. 6 at 1;, pg. 4, **Defendants Case Citations.docx**

[335] Doc. 304 at 3, pg. 5, **Defendants Case Citations.docx**

[336] Caution, pg. 5, **Defendants Case Citations.docx**

[337] cross-title, pg. 5, **Defendants Case Citations.docx**

[338] title-specific Title I to, pg. 5, **Defendants Case Citations.docx**

[339] standards., pg. 5, **Defendants Case Citations.docx**

[340] Key misrepresentati on: Defendant cites Title I employment case in Title III context, violating cross- title caution (Spector)., pg. 7, **Defendants Case Citations.docx**

analysis calling out the Defendant's "pattern" or "strategy" of misapplication, not mere isolated mistakes. [341] [342] [343] [344] [345] [346]

## 4. Verification by External Sources and Warnings Ignored

The document indicates that verification through web tools or case summaries was performed, often finding that the Defendant's representation was contrary to those summaries and to explicit statutory language. [347] [348] [349] [350] [351] [352] Yet the Defendant continued to rely on such representations. [353] [354] [355] [356] [357] [358]

## 5. Limits and Caveats

The document does not provide direct evidence of Defendant's subjective intent (e.g., internal memos or explicit statements expressing a goal to deceive), so

[341] misrepresents parallel by implying our (federal requests require Title I- non-Southern appellate,, pg. 1, **Defendants Case Citations.docx**

[342] Defendant cites (federal accurately (Title I case), but misapplies to our Title III claims by importing employment- specific burdens not, pg. 2, **Defendants Case Citations.docx**

[343] Accurate for Title III, but defendant misrepresents by analogizing to Title I, pg. 3, **Defendants Case Citations.docx**

[344] misrepresents by implying Title I-like request specificity, which Title III does not require., pg. 4, **Defendants Case Citations.docx**

[345] Key misrepresentati Southern on: Title I Reporter parallel employment case applied to Title III, importing stricter proof standards not mandated for, pg. 6, **Defendants Case Citations.docx**

[346] Key misrepresentati on: Defendant cites Title I employment case in Title III context, violating cross- title caution (Spector)., pg. 7, **Defendants Case Citations.docx**

[347] Verified: No Southern Reporter parallel (federal appellate case); holding, pg. 1, **Defendants Case Citations.docx**

[348] confirmed via web search tool results,, pg. 2, **Defendants Case Citations.docx**

[349] web search tool results,, pg. 3, **Defendants Case Citations.docx**

[350] confirmed via web search tool results, e.g., Justia and Oyez summaries (golf cart as reasonable modification, pg. 4, **Defendants Case Citations.docx**

[351] nexus) and Holland & Knight summary. Verified: No Southern Reporter parallel (federal district); holding confirmed via web search tool results,, pg. 4, **Defendants Case Citations.docx**

[352] confirmed via web search tool results,, pg. 6, **Defendants Case Citations.docx**

[353] misrepresents parallel by implying our (federal requests require Title I- non-Southern appellate,, pg. 1, **Defendants Case Citations.docx**

[354] Defendant cites (federal accurately (Title I case), but misapplies to our Title III claims by importing employment- specific burdens not, pg. 2, **Defendants Case Citations.docx**

[355] Accurate for Title III, but defendant misrepresents by analogizing to Title I, pg. 3, **Defendants Case Citations.docx**

[356] misrepresents by implying Title I-like request specificity, which Title III does not require., pg. 4, **Defendants Case Citations.docx**

[357] Key misrepresentati Southern on: Title I Reporter parallel employment case applied to Title III, importing stricter proof standards not mandated for, pg. 6, **Defendants Case Citations.docx**

[358] Key misrepresentati on: Defendant cites Title I employment case in Title III context, violating cross- title caution (Spector)., pg. 7, **Defendants Case Citations.docx**

inference about intent must be drawn from the pattern, repetition, and the content of the misrepresentations as flagged by the document author. [359] [360] [361] [362] [363] [364]

## 6. Conclusion

Based solely on the provided document, there is substantial evidence that the Defendant's repeated and systematic citation of inapplicable Title I or FHA case law, and their importation of heightened standards into Title III public accommodation contexts (contrary to explicit statutory and precedential authority), constitutes misrepresentation. The author of the document goes beyond flagging errors and characterizes this as sustained, material, and strategic misuse, designed to argue for a higher threshold than required—supporting a conclusion that the

---

[359] misrepresents parallel by implying our (federal requests require Title I- non-Southern appellate,, pg. 1, **Defendants Case Citations.docx**

[360] Defendant cites (federal accurately (Title I case), but misapplies to our Title III claims by importing employment- specific burdens not, pg. 2, **Defendants Case Citations.docx**

[361] Accurate for Title III, but defendant misrepresents by analogizing to Title I, pg. 3, **Defendants Case Citations.docx**

[362] misrepresents by implying Title I-like request specificity, which Title III does not require., pg. 4, **Defendants Case Citations.docx**

[363] Key misrepresentati Southern on: Title I Reporter parallel employment case applied to Title III, importing stricter proof standards not mandated for, pg. 6, **Defendants Case Citations.docx**

[364] Key misrepresentati on: Defendant cites Title I employment case in Title III context, violating cross- title caution (Spector)., pg. 7, **Defendants Case Citations.docx**

41

conduct was intended, or at minimum reckless, with respect to misleading the court. [365] [366] [367] [368] [369] [370] [371] [372] [373] [374] [375] [376] [377]

This conclusion is necessarily limited by the fact that the document does not contain internal communications or direct statements of intent; rather, the source supports only a finding of circumstantially demonstrated intent based on pattern, materiality, and repeated warnings. [378] [379] [380] [381] [382] [383]

---

[365] misrepresents parallel by implying our (federal requests require Title I- non-Southern appellate,, pg. 1, **Defendants Case Citations.docx**

[366] like specificity, contrary to Title III's, pg. 1, **Defendants Case Citations.docx**

[367] Defendant cites (federal accurately (Title I case), but misapplies to our Title III claims by importing employment- specific burdens not, pg. 2, **Defendants Case Citations.docx**

[368] Accurate for Title III, but defendant misrepresents by analogizing to Title I, pg. 3, **Defendants Case Citations.docx**

[369] burdens (e.g., specificity) not required under Title III., pg. 3, **Defendants Case Citations.docx**

[370] Defendant cites correctly but misrepresents by downplaying potential Title III applicability to common areas with public features, ignoring 42 U.S.C. § 12181(7)(A)., pg. 4, **Defendants Case Citations.docx**

[371] misrepresents by implying Title I-like request specificity, which Title III does not require., pg. 4, **Defendants Case Citations.docx**

[372] Caution, pg. 5, **Defendants Case Citations.docx**

[373] cross-title, pg. 5, **Defendants Case Citations.docx**

[374] title-specific Title I to, pg. 5, **Defendants Case Citations.docx**

[375] standards., pg. 5, **Defendants Case Citations.docx**

[376] Key misrepresentati Southern on: Title I Reporter parallel employment case applied to Title III, importing stricter proof standards not mandated for, pg. 6, **Defendants Case Citations.docx**

[377] Key misrepresentati on: Defendant cites Title I employment case in Title III context, violating cross- title caution (Spector)., pg. 7, **Defendants Case Citations.docx**

[378] misrepresents parallel by implying our (federal requests require Title I- non-Southern appellate,, pg. 1, **Defendants Case Citations.docx**

[379] Defendant cites (federal accurately (Title I case), but misapplies to our Title III claims by importing employment- specific burdens not, pg. 2, **Defendants Case Citations.docx**

[380] Accurate for Title III, but defendant misrepresents by analogizing to Title I, pg. 3, **Defendants Case Citations.docx**

[381] misrepresents by implying Title I-like request specificity, which Title III does not require., pg. 4, **Defendants Case Citations.docx**

[382] Key misrepresentati Southern on: Title I Reporter parallel employment case applied to Title III, importing stricter proof standards not mandated for, pg. 6, **Defendants Case Citations.docx**

[383] Key misrepresentati on: Defendant cites Title I employment case in Title III context, violating cross- title caution (Spector)., pg. 7, **Defendants Case Citations.docx**