**COCOUNSEL**

---

**Skill:** Timeline

**Result created:** August 11, 2025

**Prompt:** timelines transcripts and defendants filings re expert required to prove disability.

**Files:**

- **defendants' filings re experts.docx**
- **cocounsel_timeline_2025_08_11-2.docx**

---

**Result:**

| Date | Description |
|---|---|
| Early November 2020 | The annual meeting of the association is attended by Mr. Harrell, where FHA and ADA issues, including the need for a service animal policy, are discussed. Mr. Heimkes is present with Logan, his service animal, wearing a vest and leash. [1] |

---

[1] The annual meeting of the association is attended by Mr. Harrell, where FHA and ADA issues, including the need for a service animal policy, are discussed. Mr. Heimkes is present with Logan, his service animal, wearing a vest and leash. 1, pg. 1, **cocounsel_timeline_2025_08_11-2.docx**
1 Early November 2020, pg. 1, KMA Edited -, pg. 1, **cocounsel_timeline_2025_08_11-2.docx**
cocounsel timeline_2025 08 11.docx, pg. 1, **cocounsel_timeline_2025_08_11-2.docx**
The annual meeting of the association is attended by Mr. Harrell in November 2020, where FHA and ADA issues, including the need for a service animal policy, are discussed. 1 2 3 4, pg. 1, KMA Edited - cocounsel timeline_2025_08 11.docx 1 whether Mr. Harrell had personal knowledge of Mr. Heimkes' disability and use of Rex as a service animal. But, before the Court, there's been unchallenged testimony that Mr. Harrell was at the November 2020 annual meeting, where they supposedly discussed FHA and the ADA, that they weren't subject to the ADA, and that they had a need for a service animal policy, and that sometime they'd eventually draft one. But what is glossed over or overlooked is that Mr. Heimkes was there, with Logan, wearing his service animal vest, and on a leash. And, so, when defendants are instructed by their counsel to say that he's never made a request, even though they've observed it for years and never complied with the law and say, oh, the burden shifts to us, case law demonstrates that - that is in my response to their motion - when they have that knowledge, the burden shifts to them to say: We either have to grant it and allow him the equal access as non-disabled people or we have to demonstrate why we can't. Is it a cost burden, a financial burden, or a physical burden, that, hey, we can't move those parking spaces because the code requires us to have handicapped spaces there, or a setback for a fire, or other barriers. None of that's been demonstrated., pg. 42, 2025-07-15 HEIMKES v FMRCOA.pdf, pg. 1, KMA Edited - cocounsel timeline_2025 08 11.docx, pg. 1, **cocounsel_timeline_2025_08_11-2.docx**
2 And then there was testimony that Mr. Harrell personally attended the November 2020 annual meeting. Had conversations with Mr. Heimkes about the FHA, and that they're not subject to the ADA. And, normally, those meetings are held outside - or, at least, that year, they were, because of COVID. And so he would have physically witnessed Logan there were a vest and a leash., pg. 53, 2025-07-15 HEIMKES V FMRCOA.pdf, pg. 1, KMA Edited - cocounsel timeline 2025 08 11.docx 3 Q. After that, do you recall attending the November 2020 annual meeting?, pg. 116, 2025-06-05 HEIMKES v FMRCOA.pdf, pg. 1, KMA Edited -, pg. 1, **cocounsel_timeline_2025_08_11-2.docx**

| Date | Description |
|------|-------------|
| Early November 2020 | Mr. Achee addresses the annual meeting, stating that FMRCOA would be subject to the FHA but not the ADA. [2] [3] |
| May 27, 2025 | The defense files a motion to preclude evidence and testimony regarding plaintiff's medical diagnoses and disabilities, arguing that no expert has been designated and that over 3000 pages of medical records have been produced without a prescription for a service dog. [4] [5] |

cocounsel timeline 2025 08 11.docx, pg. 1, **cocounsel_timeline_2025_08_11-2.docx**

A. Yes., pg. 116, 2025-06-05 HEIMKES v FMRCOA.pdf, pg. 1, KMA Edited - cocounsel timeline 2025 08 11.docx, pg. 1, **cocounsel_timeline_2025_08_11-2.docx**

[2] A. £ At that meeting, Mr. Achee was addressing the crowd, and stated that the FMRCOA would be falling under FHA., pg. 116, 2025-06-05 HEIMKES V FMRCOA.pdf, pg. 1, KMA Edited - cocounsel timeline_2025_08 11.docx, pg. 1, **cocounsel_timeline_2025_08_11-2.docx**

[3] Mr. Achee addresses the November 2020 annual meeting, stating that FMRCOA would be subject to the FHA but not the ADA. 2, pg. 2, **cocounsel_timeline_2025_08_11-2.docx**

May 27, 2025, pg. 2, **cocounsel_timeline_2025_08_11-2.docx**

The defense files a motion to preclude evidence and testimony regarding plaintiff's medical diagnoses and disabilities, arguing that no expert has been designated and that over 3000 pages of medical records have been produced without a prescription for a service dog. Defendant's attorney states that they have received over 3000 pages of medical records and that none of those records included a prescription for a service dog. 3, pg. 2, **cocounsel_timeline_2025_08_11-2.docx**

4 Q. And so they announced that the resort full under the FHA but not the ADA? A. Correct., pg. 116, 2025-06-05 HEIMKES v FMRCOA.pdf, pg. 1, KMA Edited - cocounsel_timeline_2025_08 11.docx, pg. 2, **cocounsel_timeline_2025_08_11-2.docx**

2 A. f At that meeting, Mr. Achee was addressing the crowd, and stated that the FMRCOA would be falling under FHA., pg. 116, 2025-06-05 HEIMKES V FMRCOA.pdf, pg. 1, KMA Edited - cocounsel timeline 2025 08 11.docx, pg. 2, **cocounsel_timeline_2025_08_11-2.docx**

4 Q. And so they announced that the resort full under the FHA but not the ADA? A. Correct., pg. 116, 2025-06-05 HEIMKES v FMRCOA.pdf, pg. 1, KMA Edited - cocounsel timeline_2025 08 11.docx, pg. 2, **cocounsel_timeline_2025_08_11-2.docx**

[4] The defense files a motion to preclude evidence and testimony regarding plaintiff's medical diagnoses and disabilities, arguing that no expert has been designated and that over 3000 pages of medical records have been produced without a prescription for a service dog. Defendant's attorney states that they have received over 3000 pages of medical records and that none of those records included a prescription for a service dog. 3, pg. 2, **cocounsel_timeline_2025_08_11-2.docx**

[5] The defense files a motion to preclude evidence and testimony regarding plaintiff's medical diagnoses and disabilities, arguing that no expert has been designated and that over 3000 pages of medical records have been produced without a prescription for a service dog. 5 6 7 8 9 10, pg. 2, KMA Edited - cocounsel timeline 2025 08 11.docx, pg. 2, **cocounsel_timeline_2025_08_11-2.docx**

May 27, 2025, pg. 2, KMA Edited - cocounsel timeline 2025 08 11.docx Defendant's attorney states that they have received over 3000 pages of medical records and that none of those records included a prescription for a service dog. 11 12 13 14, pg. 2, KMA Edited - cocounsel timeline 2025 08 11.docx May 27, 2025, pg. 2, KMA Edited - cocounsel timeline 2025 08 11.docx The court rules on the motion to preclude medical evidence, granting it in part and denying it in part, and clarifies that plaintiffs may testify, pg. 2, KMA Edited - cocounsel timeline_2025_08 11.docx, pg. 2, **cocounsel_timeline_2025_08_11-2.docx**

5 ATTORNEY DUNAGAN : Your Honor, it was the defendant's motion to preclude evidence and testimony regarding plaintiff's medical diagnoses and disabilities, that's Document 219., pg. 30,

2

| Date | Description |
|------|-------------|
| May 27, 2025 | Defendant's attorney states that they have received over 3000 pages of medical records and that none of those records included a prescription for a service dog. [6] [7] |
| May 27, 2025 | The court rules on the motion to preclude medical evidence, granting it in part and denying it in part, and clarifies that plaintiffs may testify about their own experiences but cannot offer expert medical testimony without a designated expert. [8] [9] |

2025-05-27 HEIMKES v FMRCOA.pdf, pg. 2, KMA Edited - cocounsel timeline_2025 08 11.docx, pg. 2, **cocounsel_timeline_2025_08_11-2.docx**

6 All right. There was a motion to preclude by the defendants, Document 219. Specifically, it related to any medical diagnosis and disabilities., pg. 39, 2025-05-27 HEIMKES v FMRCOA.pdf, pg. 2, KMA Edited - cocounsel_timeline_2025_08 11.docx, pg. 2, **cocounsel_timeline_2025_08_11-2.docx**

[6] The defense files a motion to preclude evidence and testimony regarding plaintiff's medical diagnoses and disabilities, arguing that no expert has been designated and that over 3000 pages of medical records have been produced without a prescription for a service dog. Defendant's attorney states that they have received over 3000 pages of medical records and that none of those records included a prescription for a service dog. 3, pg. 2, **cocounsel_timeline_2025_08_11-2.docx**

[7] May 27, 2025, pg. 2, KMA Edited - cocounsel timeline 2025 08 11.docx Defendant's attorney states that they have received over 3000 pages of medical records and that none of those records included a prescription for a service dog. 11 12 13 14, pg. 2, KMA Edited - cocounsel timeline 2025 08 11.docx May 27, 2025, pg. 2, KMA Edited - cocounsel timeline 2025 08 11.docx The court rules on the motion to preclude medical evidence, granting it in part and denying it in part, and clarifies that plaintiffs may testify, pg. 2, KMA Edited - cocounsel timeline_2025_08 11.docx, pg. 2, **cocounsel_timeline_2025_08_11-2.docx**

[8] The court rules on the motion to preclude medical evidence, granting it in part and denying it in part, and clarifies that plaintiffs may testify about their own experiences but cannot offer expert medical testimony without a designated expert. 4 5, pg. 3, **cocounsel_timeline_2025_08_11-2.docx**

[9] The court rules on the motion to preclude medical evidence, granting it in part and denying it in part, and clarifies that plaintiffs may testify, pg. 2, KMA Edited - cocounsel timeline_2025_08 11.docx, pg. 3, **cocounsel_timeline_2025_08_11-2.docx**

5 about their own experiences but cannot offer expert medical testimony without a designated expert. 15 16 17, pg. 3, KMA Edited - cocounsel timeline_2025 08 11.docx, pg. 3, **cocounsel_timeline_2025_08_11-2.docx**

July 6, 2025, pg. 3, KMA Edited - cocounsel timeline_2025 08 11.docx Defendant's attorney states that over 4,000 pages of medical records have been provided, but there is no prescription for a service dog. 18, pg. 3, KMA Edited - cocounsel timeline_2025_08 11.docx, pg. 3, **cocounsel_timeline_2025_08_11-2.docx**

15 THE COURT : I agree with the defendants to the extent that a doctor or some medical provider might be necessary to give an opinion. Not having identified any experts who are medical experts, I think their motion is due to be granted to that extent., pg. 48, 2025-05-27 HEIMKES v FMRCOA.pdf, pg. 3, KMA Edited - cocounsel timeline 2025 08 11.docx, pg. 3, **cocounsel_timeline_2025_08_11-2.docx**

16 So, to that extent, I would deny the defendant's motion. I'm going to have to hear whatever it is and then make my rulings within that regard., pg. 50, 2025-05-27 HEIMKES v FMRCOA.pdf, pg. 3, KMA Edited -, pg. 3, **cocounsel_timeline_2025_08_11-2.docx**

cocounsel timeline_2025 08 11.docx, pg. 3, **cocounsel_timeline_2025_08_11-2.docx**

| Date | Description |
|------|-------------|
| May 27, 2025 | During the hearing on the motion to preclude medical evidence, the court states that if a witness testifies to having PTSD and describes how their service animal assists them, such testimony is not precluded by the rules or case law cited by the defense. [10] |
| July 6, 2025 | Defendant's attorney states that over 4,000 pages of medical records have been provided, but there is no prescription for a service dog. [11] [12] [13] |
| July 8, 2025 | The board receives a redacted letter from Ironton Family Care Center regarding Mrs. Allfrey's medical condition, which omits the word 'controlled' in reference to her epilepsy. [14] [15] |
| July 8, 2025 | The defendant previously objects to the introduction of the redacted letter from Ironton Family Care Center regarding Mrs. Allfrey's medical condition for medical |

So it's granted in part, denied in part, without prejudice to the extent it's denied., pg. 50, 2025-05-27 HEIMKES v FMRCOA.pdf, pg. 3, KMA Edited - cocounsel timeline_2025_08 11.docx, pg. 3, **cocounsel_timeline_2025_08_11-2.docx**

[10] But if a witness says "I have PTSD," and they can say, "My doctors have told me I have PTSD and this is how I - these are my symptoms and this is how my dog or animal assists me," I don't see that as being within the ambient of any of these cases or the rules to preclude that testimony., pg. 50, 2025-05-27 HEIMKES v FMRCOA.pdf, pg. 3, KMA Edited - cocounsel timeline 2025 08 11.docx, pg. 4, **cocounsel_timeline_2025_08_11-2.docx**

[11] July 6, 2025, pg. 3, KMA Edited - cocounsel timeline_2025 08 11.docx Defendant's attorney states that over 4,000 pages of medical records have been provided, but there is no prescription for a service dog. 18, pg. 3, KMA Edited - cocounsel timeline_2025_08 11.docx, pg. 3, **cocounsel_timeline_2025_08_11-2.docx**

[12] Defendant's attorney states that over 4,000 pages of medical records have been provided, but there is no prescription for a service dog. 6 7, pg. 4, **cocounsel_timeline_2025_08_11-2.docx**

[13] 6 July 6, 2025, pg. 3, KMA Edited - cocounsel timeline_2025 08 11.docx Defendant's attorney states that over 4,000 pages of medical records have been provided, but there is no prescription for a service dog. 18, pg. 3, KMA Edited - cocounsel timeline_2025 08 11.docx, pg. 4, **cocounsel_timeline_2025_08_11-2.docx**

[14] The board receives a redacted letter from Ironton Family Care Center regarding Mrs. Allfrey's medical condition, which omits the word 'controlled' in reference to her epilepsy. 8 9, pg. 4, **cocounsel_timeline_2025_08_11-2.docx**

[15] 8 July 8, 2025, pg. 4, KMA Edited - cocounsel timeline 2025_08 11.docx The board receives a redacted letter from Ironton Family Care Center regarding Mrs. Allfrey's medical condition, which omits the word 'controlled' in reference to her epilepsy." 19 20 21, pg. 4, KMA Edited - cocounsel timeline_2025 08 11.docx 9 19 The defendant has previously objected to the introduction of this letter for medical and authentication reasons, but the Court has overruled our objection and entered it. So I wanted to ask you a question about it., pg. 103, 2025-07-08 HEIMKES V FMRCOA.pdf, pg. 4, KMA Edited - cocounsel timeline 2025 08 11.docx Earlier, you referenced or discussed a redacted letter that said Mrs. Allfrey takes medication for seizures., pg. 103, 2025-07-08 HEIMKES v FMRCOA.pdf Is this the letter you were referring to -, pg. 103, 2025-07-08 HEIMKES V FMRCOA.pdf, pg. 4, KMA Edited - cocounsel timeline_2025 08 11.docx, pg. 4, **cocounsel_timeline_2025_08_11-2.docx**

4

| Date | Description |
|---|---|
| | and authentication reasons, but the Court overrules the objection and enters the letter into evidence. [16] [17] |
| July 8, 2025 | Testimony is given confirming that the redacted letter from Ironton Family Care Center regarding Mrs. Allfrey's medical condition was the letter referenced in prior questioning, and that the board never received the letter. [18] |

---

[16] The defendant previously objected to the introduction of the redacted letter from Ironton Family Care Center regarding Mrs. Allfrey's medical condition for medical and authentication reasons, but the Court overruled the objection and entered the letter into evidence. 10, pg. 5, **cocounsel_timeline_2025_08_11-2.docx**

[17] 10 19 The defendant has previously objected to the introduction of this letter for medical and authentication reasons, but the Court has overruled our objection and entered it. So I wanted to ask you a question about it., pg. 103, 2025-07-08 HEIMKES V FMRCOA.pdf, pg. 4, KMA Edited - cocounsel timeline 2025 08 11.docx, pg. 5, **cocounsel_timeline_2025_08_11-2.docx**

[18] Testimony is given confirming that the redacted letter from Ironton Family Care Center regarding Mrs. Allfrey's medical condition was the letter referenced in prior questioning, and that the board never received the letter. 11, pg. 5, **cocounsel_timeline_2025_08_11-2.docx**
July 8, 2025, pg. 5, **cocounsel_timeline_2025_08_11-2.docx**
During litigation, the board receives over 3000 pages of Mr. Heimkes' medical records, but none include a prescription for a service dog. 12 13, pg. 5, **cocounsel_timeline_2025_08_11-2.docx**
A. Yes, it is. Q. that was redacted?, pg. 103, 2025-07-08 HEIMKES v FMRCOA.pdf 20 If we look at, after the word "epilepsy," you see, that's redacted out; correct?, pg. 104, 2025-07-08 HEIMKES v FMRCOA.pdf, pg. 4, KMA Edited -, pg. 5, **cocounsel_timeline_2025_08_11-2.docx**
cocounsel timeline 2025 08 11.docx, pg. 5, **cocounsel_timeline_2025_08_11-2.docx**
A. That's correct., pg. 104, 2025-07-08 HEIMKES v FMRCOA.pdf, pg. 4, KMA Edited - cocounsel timeline 2025 08 11.docx, pg. 5, **cocounsel_timeline_2025_08_11-2.docx**
21 Is this the letter that you never received or the board never received?, pg. 105, 2025-07-08 HEIMKES v FMRCOA.pdf, pg. 4, KMA Edited -, pg. 5, **cocounsel_timeline_2025_08_11-2.docx**
cocounsel timeline_2025 08 11.docx, pg. 5, **cocounsel_timeline_2025_08_11-2.docx**
A. That's correct., pg. 105, 2025-07-08 HEIMKES v FMRCOA.pdf, pg. 4, KMA Edited - cocounsel timeline 2025 08 11.docx, pg. 5, **cocounsel_timeline_2025_08_11-2.docx**
10 19 The defendant has previously objected to the introduction of this letter for medical and authentication reasons, but the Court has overruled our objection and entered it. So I wanted to ask you a question about it., pg. 103, 2025-07-08 HEIMKES V FMRCOA.pdf, pg. 4, KMA Edited - cocounsel timeline 2025 08 11.docx, pg. 5, **cocounsel_timeline_2025_08_11-2.docx**
11 Earlier, you referenced or discussed a redacted letter that said Mrs. Allfrey takes medication for seizures., pg. 103, 2025-07-08 HEIMKES v FMRCOA.pdf Is this the letter you were referring to -, pg. 103, 2025-07-08 HEIMKES V FMRCOA.pdf, pg. 4, KMA Edited - cocounsel timeline_2025 08 11.docx, pg. 5, **cocounsel_timeline_2025_08_11-2.docx**
A. Yes, it is. Q. that was redacted?, pg. 103, 2025-07-08 HEIMKES v FMRCOA.pdf 20 If we look at, after the word "epilepsy," you see, that's redacted out; correct?, pg. 104, 2025-07-08 HEIMKES v FMRCOA.pdf, pg. 4, KMA Edited -, pg. 5, **cocounsel_timeline_2025_08_11-2.docx**
cocounsel timeline_2025 08 11.docx, pg. 5, **cocounsel_timeline_2025_08_11-2.docx**
A. That's correct., pg. 104, 2025-07-08 HEIMKES v FMRCOA.pdf, pg. 4, KMA Edited - cocounsel timeline_2025_08 11.docx, pg. 5, **cocounsel_timeline_2025_08_11-2.docx**
21 Is this the letter that you never received or the board never received?, pg. 105, 2025-07-08 HEIMKES v FMRCOA.pdf, pg. 4, KMA Edited -, pg. 5, **cocounsel_timeline_2025_08_11-2.docx**
cocounsel timeline_2025 08 11.docx, pg. 5, **cocounsel_timeline_2025_08_11-2.docx**

5

| Date | Description |
|---|---|
| July 8, 2025 | During litigation, the board receives over 3000 pages of Mr. Heimkes' medical records, but none include a prescription for a service dog. [19] [20] |
| July 8, 2025 | A witness testifies that there have been thousands of pages of Mr. Heimkes' medical records received post-litigation, but the witness has not reviewed all of them. [21] |
| July 10, 2025 | During trial proceedings, the defendant's attorney states that they have received over 3000 pages of medical records and that none of those records contain a prescription for a service dog. [22] |
| July 15, 2025 | Defendant files Document 297 (Defendants Motion for Judgment on Partial Findings), arguing that neither plaintiff has presented any admissible medical evidence or other admissible evidence sufficient to satisfy their burdens of proof |

A. That's correct., pg. 105, 2025-07-08 HEIMKES v FMRCOA.pdf, pg. 4, KMA Edited - cocounsel timeline_2025 08 11.docx, pg. 5, **cocounsel_timeline_2025_08_11-2.docx**

[19] During litigation, the board receives over 3000 pages of Mr. Heimkes' medical records, but none include a prescription for a service dog. 12 13, pg. 5, **cocounsel_timeline_2025_08_11-2.docx**

[20] 12 July 8, 2025, pg. 4, KMA Edited - cocounsel timeline 2025 08 11.docx During litigation, the board receives over 3000 pages of Mr. Heimkes' medical records, but none include a prescription for a service dog. 22, pg. 4, KMA Edited - cocounsel timeline 2025 08 11.docx, pg. 5, **cocounsel_timeline_2025_08_11-2.docx**

[21] A witness testifies that there have been thousands of pages of Mr. Heimkes' medical records received post-litigation, but the witness has not reviewed all of them. 14, pg. 6, **cocounsel_timeline_2025_08_11-2.docx**
July 10, 2025, pg. 6, **cocounsel_timeline_2025_08_11-2.docx**
During trial proceedings, the defendant's attorney states that they have received over 3000 pages of medical records and that none of those records contain a prescription for a service dog. 15 16, pg. 6, **cocounsel_timeline_2025_08_11-2.docx**
14 22 Now, there have been some documents that have come in post-litigation that - I understand there's thousands of pages of Mr. Heimkes' medical records. I have not reviewed all those., pg. 43, 2025-07-08 HEIMKES v FMRCOA.pdf, pg. 4, KMA Edited - cocounsel timeline_2025 08 11.docx, pg. 6, **cocounsel_timeline_2025_08_11-2.docx**

[22] During trial proceedings, the defendant's attorney states that they have received over 3000 pages of medical records and that none of those records contain a prescription for a service dog. 15 16, pg. 6, **cocounsel_timeline_2025_08_11-2.docx**
14 22 Now, there have been some documents that have come in post-litigation that - I understand there's thousands of pages of Mr. Heimkes' medical records. I have not reviewed all those., pg. 43, 2025-07-08 HEIMKES v FMRCOA.pdf, pg. 4, KMA Edited - cocounsel timeline_2025 08 11.docx, pg. 6, **cocounsel_timeline_2025_08_11-2.docx**
15 July 10, 2025, pg. 4, KMA Edited - cocounsel timeline 2025 08 11.docx, pg. 6, **cocounsel_timeline_2025_08_11-2.docx**
During trial proceedings, the defendant's attorney states that they have received over 3000 pages of medical records and that none of those records contain a prescription for a service dog. 23, pg. 4, KMA Edited - cocounsel timeline_2025 08 11.docx, pg. 6, **cocounsel_timeline_2025_08_11-2.docx**
16 23 For Defendant FMRCOA: D. GREG DUNAGAN, ESQ. C. ANDREW HARRELL, ESQ., pg. 2, 2025-07-10 PUBLIC HEIMKES v FMRCOA.pdf, pg. 4, KMA Edited - cocounsel timeline_2025 08 11.docx, pg. 6, **cocounsel_timeline_2025_08_11-2.docx**

| Date | Description |
|------|-------------|
|  | under the ADA or FHA, and citing Federal Rules of Evidence 701, 702, 801, 802, 901. [23] |
| July 15, 2025 | Defendant argues in Document 297 that plaintiffs have presented no expert testimony or admissible medical evidence to establish a diagnosed impairment, causation, or necessity of a service animal, and cites multiple authorities including Toyota Motor Mfg., Ky. v. Williams, Bragdon v. Abbott, Schwarz v. City of Treasure Island, and Federal Rules of Evidence. [24] |

[23] 297 (Filed 07/15/2 5), pg. 1, **defendants' filings re experts.docx**
"Neither Plaintiff, however, has presented any admissible medical evidence to support these allegations or other admissible evidence sufficient to satisfy their requisite burdens of proof under the ADA or the FHA. See Fed. R. Evid. 701, 702, 801, 802, 901.", pg. 1, **defendants' filings re experts.docx**
Fed. R. Evid. 701, 702, 801, 802, 901, pg. 1, **defendants' filings re experts.docx**
1 animal. Specifically, Plaintiff Heimkes's claims are premised upon his conclusory and unsubstantiated contention that he has PTSD and TBI, that the symptoms and effects of PTSD and TBI substantially limit one or more of his major life activities, and that his purported service dog is required to ameliorate the effects of PTSD and TBI. Plaintiff Allfrey makes the equally unsupported assertions that she has PTSD, epilepsy, and PNES, that the symptoms and effects of these conditions substantially limit one or more of her major life activities, and that her purported service dog is required to ameliorate the effects of seizures due to epilepsy and PNES. Neither Plaintiff, however, has presented any admissible medical evidence to support these allegations or other admissible evidence sufficient to satisfy their requisite burdens of proof under the ADA or the FHA. See Fed. R. Evid. 701, 702, 801, 802, 901., pg. 2, 297 2025-07-15 Defendants Motion for Judgment on Partial Findings.pdf, pg. 1, **defendants' filings re experts.docx**
[24] "Plaintiffs have presented no expert testimony or admissible medical evidence to establish that they have a diagnosed mental or physical impairment, that any such impairment is the cause of any alleged limitation, or that any physician has ever prescribed a service animal or otherwise determined that a service animal is necessary, or even able, to ameliorate the effects of their claimed disabilities, or that the specific dogs they each requested be deemed service animals were individually trained to perform some task necessary to afford them an opportunity to use and enjoy their dwellings. Accordingly, neither Plaintiff can satisfy their burden to obtain any relief from FMRCOA. See Toyota Motor Mfg., Ky. v. Williams, 534 U.S. 184, 194- 95 (2002); Bragdon v. Abbott, 524 U.S. 624, 637 (1998); Schwarz v. City of Treasure Island, 544 F.3d 1201, 1218-19 (11th Cir. 2008). Fed. R. Evid. 701, 702, 801, 802, 901.", pg. 2, **defendants' filings re experts.docx**
Toyota Motor Mfg., Ky. v. Williams, Bragdon v. Abbott, Schwarz v. City of Treasure Island, Fed. R. Evid. 701, 702, 801, 802, 901, pg. 2, **defendants' filings re experts.docx**
2 Moreover, "[a] successful failure-to-accommodate claim has four elements. To prevail, one must prove that (1) he is disabled within the meaning of the FHA [or ADA], (2) he requested a reasonable accommodation, (3) the requested accommodation was necessary to afford him an opportunity to use and enjoy his dwelling, and (4) the defendants refused to make the accommodation." Bhogaita v. Altamonte Heights Condo. Ass'n, 765 F.3d 1277, 1285 (11th Cir. 2014). Neither Plaintiff can present the evidence required to satisfy any element of this mandatory burden. Plaintiffs have presented no expert testimony or admissible medical evidence to establish that they have a diagnosed mental or physical impairment, that any such impairment is the cause of any alleged limitation, or that any physician has ever prescribed a service animal or otherwise determined that a service animal is necessary, or even able, to ameliorate the effects of their claimed disabilities, or that the specific dogs they each requested be deemed service animals were individually trained to perform some task necessary to afford them an opportunity to use and enjoy their dwellings.

| Date | Description |
|---|---|
| July 15, 2025 | Defendant argues in Document 297 that neither plaintiff has made the threshold showing of an actual physical or mental impairment via admissible evidence, and that only a licensed physician is legally permitted to diagnose or link claimed limitations to a medically diagnosed impairment, citing Alabama law and Bragdon v. Abbott. [25] |
| July 15, 2025 | Defendant argues in Document 297 that medical evidence is required to show an impairment when a condition would be unfamiliar to a lay factfinder and only an expert could diagnose that condition, specifically referencing PTSD, TBI, epilepsy, |

Accordingly, neither Plaintiff can satisfy their burden to obtain any relief from FMRCOA. See Toyota Motor Mfg., Ky. v. Williams, 534 U.S. 184, 194-95 (2002); Bragdon v. Abbott, 524 U.S. 624, 637 (1998); Schwarz v. City of Treasure Island, 544 F.3d 1201, 1218-19 (11th Cir. 2008). Fed. R. Evid. 701, 702, 801, 802, 901., pg. 3, 297 2025-07-15 Defendants Motion for Judgment on Partial Findings.pdf, pg. 2, **defendants' filings re experts.docx**

[25] "Neither Plaintiff has made the threshold showing of an actual physical or mental impairment via admissible evidence. See Fed. R. Evid. 701, 702, 801, 802, 901.", pg. 3, **defendants' filings re experts.docx**

Fed. R. Evid. 701, 702, 801, 802, 901, pg. 3, **defendants' filings re experts.docx**

"[U]nder the law in Alabama, only a licensed physician is legally permitted '[t]o diagnose, treat, correct, advise or prescribe for any human disease, ailment, injury, infirmity, deformity, pain or other condition, physical or mental, real or imaginary, by any means or instrumentality.' ... Plaintiffs, however, have presented no testimony from a licensed physician to establish any medical diagnosis or to link any claimed limitation to a medically diagnosed mental or physical impairment. See Bragdon, 524 U.S. at 631 ...", pg. 3, **defendants' filings re experts.docx**

Ala. Code §§ 34-24-50(1), 34-24-51, 34-26-1(b); Bragdon v. Abbott, pg. 3, **defendants' filings re experts.docx**

3 As to the first step, neither Plaintiff has made the threshold showing of an actual physical or mental impairment via admissible evidence. See Fed. R. Evid. 701, 702, 801, 802, 901. The Supreme Court has made clear that a plaintiff may suffer from "physical characteristics or medical conditions that do not rise to the level of an impairment." Sutton v. United Air Lines, 527 U.S. 471, 490 (1999). A mental or physical impairment must be a "mental or physiological disorder." 29 C.F.R. § 1630.2(h)(1)-(2); 42 U.S.C.S. § 12205a; Forsyth v. Univ. of Ala., 2021 U.S. App. LEXIS 26945, at *12 (11th Cir. Sep. 8, 2021). In short, "medically diagnosed mental [or physiological] conditions are impairments." Emerson v. N. States Power Co., 256 F.3d 506, 511 (7th Cir. 2001) (quoting Krocka v. City of Chicago, 203 F.3d 507, 512 (7th Cir. 2000); emphasis added). Moreover, Plaintiffs failed to offer competent medical evidence establishing that their claimed limitations are "caused by their impairment." Toyota Motor, 534 U.S. at 198 (emphasis added)., pg. 7, 297 2025-07- 15 Defendants Motion for Judgment on Partial Findings. pdf, pg. 3, **defendants' filings re experts.docx**

4 801, 802, 901. Under the law in Alabama, only a licensed physician is legally permitted "[t]o diagnose, treat, correct, advise or prescribe for any human disease, ailment, injury, infirmity, deformity, pain or other condition, physical or mental, real or imaginary, by any means or instrumentality." Ala. Code §§ 34-24-50(1), 34-24-51, 34-26-1(b). In fact, any non-physician, "is guilty of the crime of 'Practicing medicine or osteopathy without license,' a Class C felony in Alabama, when such [person] undertakes activities subsumed within the 'practice of medicine." Shultz v. Wells, 2010 U.S. Dist. LEXIS 26984, at *33- 34 (M.D. Ala. Mar. 3, 2010) (citing Ala. Code § 34-24-51). Plaintiffs, however, have presented no testimony from a licensed physician to establish any medical diagnosis or to link any claimed limitation to a medically diagnosed mental or physical impairment. See Bragdon, 524 U.S. at 631; see also, Ala. Code § 24-8A-2(4)., pg. 8, 297 2025-07-15 Defendants Motion for Judgment on Partial Findings.pdf, pg. 3, **defendants' filings re experts.docx**

8

| Date | Description |
|------|-------------|
|  | or PNES, and citing Mancini v. City of Providence, Small v. Amgen, Inc., Bhogaita v. Altamonte Heights Condo. Ass'n, and Federal Rules of Evidence. [26] [27] |
| July 15, 2025 | Defendant argues in Document 297 that when impairments and resulting limitations require skilled and professional persons to determine the cause and |

[26] ""[I]n evaluating whether medical evidence [i]s required to show that [plaintiff] had a physical [or mental] impairment, the critical inquiry is whether a lay [factfinder] would be capable of making such an assessment without medical, pg. 4, **defendants' filings re experts.docx**
Mancini v. City of Providence, Small v. Amgen, Inc., Fed. R. Evid. 701, 702; Bhogaita v. Altamonte Heights Condo. Ass'n, pg. 4, **defendants' filings re experts.docx**
evidence.' ... [M]edical evidence is more likely to be necessary to show an impairment when a condition would be unfamiliar to a lay [factfinder] and only an expert could diagnose that condition; i.e., PTSD, TBI, epilepsy, or PNES. 'where a [factfinder] is asked to assess complex medical or scientific issues outside the scope of a layperson's knowledge, an expert's testimony is required.' Small v. Amgen, Inc .... See Bhogaita, 765 F.3d at 1286-87 (explaining the type of medical expert evidence required from, pg. 4, **defendants' filings re experts.docx**
5 "[I]n evaluating whether medical evidence [i]s required to show that [plaintiff] had a physical [or mental] impairment, the critical inquiry is whether a lay [factfinder] would be capable of making such an assessment without medical evidence." Mancini v. City of Providence, 909 F.3d 32, 39-40 (1st Cir. 2018). "Some long-term impairments would be obvious to a lay [factfinder] (e.g., a missing arm)." Id. Conversely, "[m]edical evidence is more likely to be necessary to show an impairment when a condition would be unfamiliar to a lay [factfinder] and only an expert could diagnose that condition"; i.e., PTSD, TBI, epilepsy, or PNES. Id. Put simply, "where a [factfinder] is asked to assess complex medical or scientific issues outside the scope of a layperson's knowledge, an expert's testimony is required." Small v. Amgen, Inc., 723 Fed. Appx 722, 726 (11th Cir. 2018); Fed. R. Evid. 701, 702. See Bhogaita, 765 F.3d at 1286-87 (explaining the type of medical, pg. 8, 297 2025-07-15 Defendants Motion for Judgment on Partial Findings.pdf Case 1:22-cv-00448-TFM-N, pg. 9, 297 2025-07-15 Defendants Motion for Judgment on Partial Findings.pdf, pg. 4, **defendants' filings re experts.docx**
[27] expert evidence required from plaintiff's physician - identifying plaintiff's diagnosed impairment, explaining the nature of the plaintiff's impairment and establishing that plaintiff's impairment caused plaintiff's claimed limitations in a major life activity, and that plaintiff's dog alleviated his symptoms of that disability - to establish that the requested service dog accommodation was necessary)., pg. 9, 297 2025-07-15 Defendants Motion for Judgment on Partial Findings.pdf, pg. 4, **defendants' filings re experts.docx**

9

| Date | Description |
|------|-------------|
|  | extent, they must be proved by the testimony of medical experts, citing Felkins v. City of Lakewood and other authorities. [28] [29] [30] |
| July 15, 2025 | Defendant argues in Document 297 that in every known Eleventh Circuit case in which PTSD was diagnosed, the diagnosis was made by a medical doctor or psychologist, and that non-physician witnesses may not testify to such diagnoses, |

---

[28] "when, as here, the impairments and resulting claimed limitations 'complained of are of such character as to require skilled and professional persons to determine the cause and extent thereof, they, pg. 5, **defendants' filings re experts.docx**
Felkins v. City of Lakewood, Ahmed v. Johnson & Johnson, pg. 5, **defendants' filings re experts.docx**
Healthcare Sys., King v. BP Expl. & Prod., Inc., Fuller v. Davis, Hruska v., pg. 5, **defendants' filings re experts.docx**
6 So, when, as here, the impairments and resulting claimed limitations "complained of are of such character as to require skilled and professional persons to determine the cause and extent thereof, they must be proved by the testimony of medical experts." Felkins v. City of Lakewood, 774 F.3d 647, 652 (10th Cir. 2014). See Ahmed v. Johnson & Johnson Healthcare Sys., 2024 U.S. Dist. LEXIS 28442, at 32 (S.D. Ala. Feb. 20, 2024) ("the identification and diagnosis of a medical condition ... demands the expertise and specialized training of a medical doctor"); King v. BP Expl. & Prod., Inc., 2023 U.S. Dist. LEXIS 212061, at 10 (S.D. Ala. Nov. 29, 2023) (a plaintiff "must rely on expert testimony to prove her medical diagnosis and causation"); Fuller v. Davis, 2017 U.S. Dist. LEXIS 192482, at 11 n.12 (N.D. Ala. Oct. 25, 2017) ("the plaintiff [is] unqualified to testify regarding a specific medical diagnosis"); Hruska v. On the Edge Dockside Grill, 2020 U.S. Dist. LEXIS 10306, at 4-5 (S.D. Fla. Jan. 22, 2020) ("Medical diagnosis and medical causation opinions typically require the specialized knowledge of an expert witness."); Ruiz v. Sharkninja Operating LLC & Walmart Inc., 2024 U.S. Dist. LEXIS 94853, at *3 (M.D. Fla. Feb. 27, 2024) ("There is no dispute that lay witnesses, including Plaintiff, cannot testify on matters that require expert opinions, such as a medical diagnosis."); Giordano v. Adaptive Learning Ctr. for Infants & Children, Inc., 616 F. Supp., pg. 9, 297 2025-07-15 Defendants Motion for Judgment on Partial Findings.pdf, pg. 5, **defendants' filings re experts.docx**
[29] 3d 1331, 1334 (N.D. Ga. 2022) ("testimony regarding Plaintiff's diagnosis or medical records would require medical testimony from an expert witness or treating, pg. 5, **defendants' filings re experts.docx**
physician, not a layperson such as Plaintiff or her husband"); Watkins v. Mobile Cty. Bd. of Comm'rs, 1994 U.S. Dist. LEXIS 6576, at *13 (S.D. Ala. Mar. 24, 1994) ("letter and Plaintiff's testimony as to Dr. Tam Le's diagnosis (which is substantially the same as set out in the letter) are hearsay which cannot be considered by the Court").2, pg. 10, 297 2025-07-15 Defendants Motion for Judgment on Partial Findings.pdf, pg. 5, **defendants' filings re experts.docx**
[30] must be proved by the testimony of medical experts.'", pg. 6, **defendants' filings re experts.docx**
On the Edge Dockside Grill, Ruiz v. Sharkninja Operating LLC & Walmart Inc., Giordano v. Adaptive Learning Ctr. for Infants & Children, Inc., Watkins v. Mobile Cty. Bd. of Comm'rs, Fed. R. Evid. 701, 702, pg. 6, **defendants' filings re experts.docx**

| Date | Description |
|------|-------------|
| | citing Thomas v. Austal, USA, LLC, Crocker v. City of Fairhope, and other authorities. [31] [32] [33] |
| July 15, 2025 | Defendant argues in Document 297 that Plaintiff Allfrey's proof suffers from the same defects, as there is no medical evidence supporting her allegations of PTSD, |

---

[31] "Indeed, 'in every known Eleventh Circuit case in which PTSD was, pg. 6, **defendants' filings re experts.docx**

Thomas v. Austal, USA, LLC, Crocker v. City of, pg. 6, **defendants' filings re experts.docx**

7 suffers from PTSD or TBI. Indeed, "in 'every known Eleventh Circuit case in which PTSD was diagnosed, the diagnosis was made by a medical doctor or psychologist[] ... a wealth of authority rejects the idea that [anyone else] is qualified to render such an opinion.' As such, [non-physician witnesses] may not testify that [a plaintiff has] PTSD.""" Thomas v. Austal, USA, LLC, 2011 U.S. Dist. LEXIS 146049, at 4-5 (S.D. Ala. Dec. 20, 2011) (quoting Crocker v. City of Fairhope, 2005 WL 6217200 (S.D. Ala. May 4, 2005); Fed. R. Evid. 701, 702, 801, 802, 901; Ala. Code §§ 34-24-50(1), 34-24-51. See Hetherington v. Wal- Mart, Inc., 2012 U.S. Dist. LEXIS 80438, at 40-41 (N.D. Ala. Apr. 24, 2012) (plaintiff cannot satisfy burden, because there is "no medical or other expert evidence of any diagnosis of a 'mental or psychological disorder, such as an intellectual disability ... organic brain syndrome, emotional or mental illness, and specific learning disabilities.' 29 C.F.R. § 1630.2(h)(2)"); In re Am. River Transp., Co., LLC, 2023 U.S. Dist. LEXIS 350, at 11 (E.D. La. Jan. 3, 2023) (Lay witness "not qualified to render a medical PTSD diagnosis or testify to medical causation"); Jones v. McDonough, 2021 U.S. Dist. LEXIS 48000, at 32- 33 (M.D. Tenn. Mar. 15, 2021) ("in the context of mental health impairments and other impairments based upon a specific medical condition, ... courts have regularly held that a self-diagnosis is not sufficient to establish the existence of an impairment"); Santiago v. N.Y.C. Police Dep't, 2007 U.S. Dist. LEXIS 91880, at *20 (S.D.N.Y. Dec. 14, 2007) ("[S]elf-diagnosis that he was depressed or upset or stressed out does not constitute an impairment. There is no competent, medical diagnosis of depression; and so there can be no impairment."); Frisone v. United States, 270 F.2d 401, 403 (9th Cir. 1959) ("[A] witness may not testify to his own mental condition, past or present ... Such testimony by appellant, pg. 11, 297 2025-07-15 Defendants Motion for Judgment on Partial Findings.pdf, pg. 6, **defendants' filings re experts.docx**

[32] was inadmissible as being hearsay or opinion evidence."); see also, In re Paoli R.R. Yard Pcb Litig., 35 F.3d 717, 762 (3d Cir. 1994) (cited, with approval, Allison v. McGhan Med. Corp., 184 F.3d 1300, 1321 (11th Cir. 1999)) (Because physician witnesses "based their conclusion as to a plaintiff's symptoms solely on the plaintiff's self-report of illness in preparation for litigation, the district court acted within its discretion in excluding the testimony as based on an unreliable source of information")., pg. 12, 297 2025-07-15 Defendants Motion for Judgment on Partial Findings.pdf, pg. 6, **defendants' filings re experts.docx**

[33] diagnosed, the diagnosis was made by a medical doctor or psychologist ... a wealth of authority rejects the idea that [anyone else] is qualified to render such an opinion.' As such, [non- physician witnesses] may not testify that [a plaintiff has] PTSD.", pg. 7, **defendants' filings re experts.docx**

Fairhope, Fed. R. Evid. 701, 702, Ala. Code §§ 34- 24-50(1), 34-24-51; Hetherington v. Wal-Mart, Inc .; In re Am. River Transp., Co., LLC; Jones v. McDonough; Santiago v. N.Y.C. Police Dep't; Frisone v. United States; In re Paoli R.R. Yard Pcb Litig., pg. 7, **defendants' filings re experts.docx**

| Date | Description |
|------|-------------|
|  | epilepsy, and PNES, and that her own statements are inadmissible as lay evidence, citing Felkins v. City of Lakewood and Federal Rules of Evidence. [34] [35] [36] |
| July 15, 2025 | Defendant argues in Document 297 that only the evaluation of medical evidence could permissibly lead the trier of fact to conclude that a plaintiff suffered from an impairment that substantially limited a major life activity, citing Bragdon, Mancini, |

---

[34] "Plaintiff Allfrey's proof suffers the same fatal defects. There simply is, pg. 7, **defendants' filings re experts.docx**

Felkins, 774 F.3d at 651; Fed. R. Evid. 701, 702, pg. 7, **defendants' filings re experts.docx**

8 Plaintiff Allfrey's proof suffers the same fatal defects. There simply is no "medical evidence [that] supports [Allfrey's] allegation that she has [PTSD, epilepsy and PNES] or details the degree to which [they] affect[] her major life activities ... That leaves only [Allfrey's] own declarations. She states that she has [PTSD, epilepsy and PNES] ... and that [they cause] her alleged difficulties [in performing activities of daily living]. Such lay evidence, however, is inadmissible in court ... [Allfrey is not] a medical expert, so her opinion testimony on a medical issue cannot be 'based on scientific, technical, or other specialized knowledge.' Fed. R. Evid. 701." Felkins, 774 F.3d at 651. Simply put, Allfrey's own statements "are inadmissible ... insofar as they diagnose her condition[s] as [PTSD, epilepsy and PNES] or state how [those conditions] cause[] limitations on major life activities, for those are clearly matters beyond the realm of common experience and, pg. 13, 297 2025-07-15 Defendants Motion for Judgment on Partial Findings.pdf, pg. 7, **defendants' filings re experts.docx**

[35] require the special skill and knowledge of an expert witness." Id. at 652; Fed. R. Evid. 701, 702. In cases, such as these, where only a physician could diagnose the impairment, (PTSD, TBI, epilepsy, and PNES), and a causal nexus between a claimed impairment and any limitation would not be obvious to a layman, only the, pg. 7, **defendants' filings re experts.docx**

[36] no 'medical evidence [that] supports [Allfrey's] allegation that she has [PTSD, epilepsy and PNES] or details the degree to which [they] affect[] her major life activities ... That leaves only [Allfrey's] own declarations. Such lay evidence, however, is inadmissible in court ... [Allfrey is not] a medical expert, so her opinion testimony on a medical issue cannot be 'based on scientific, technical, or other specialized knowledge.' Fed. R. Evid. 701.", pg. 8, **defendants' filings re experts.docx**

| Date | Description |
|------|-------------|
|  | Felkins, Heit v. Aerotek, Inc., Tesone v. Empire Mktg. Strategies, Sweeney v. Ala. Alcoholic Bev. Control Bd., and Munday v. Lees-Mcrae Coll. [37] [38] [39] |
| July 15, 2025 | Defendant argues in Document 297 that plaintiffs cannot satisfy their burden under the ADA or FHA without competent evidence establishing an impairment or |

[37] "evaluation of the medical evidence" could permissibly "lead [the trier of fact] to conclude that [a plaintiff suffered from an impairment that] substantially limited [a major life activity]." Bragdon, 524 U.S. at 639; Mancini, 909 F.3d at 39-40; Felkins, 774 F.3d at 652; Heit v. Aerotek, Inc., 726 Fed. Appx 648, 649 (9th Cir. 2018); see Tesone v. Empire Mktg. Strategies, 942 F.3d 979, 996 (10th Cir. 2019) ("Courts require expert evidence when a condition would be unfamiliar to a lay [factfinder] and only an expert could diagnose that condition."); Sweeney v. Ala. Alcoholic Bev. Control Bd., 94 F. Supp. 2d 1241, 1262 (M.D. Ala. 2000) ("in support of her claim that she suffers from 'fatigue syndrome,' Plaintiff has proffered only bald assertions that Dr. Beauchamp diagnosed her with 'fatigue syndrome' and recorded this diagnosis in a note ... The court ... finds that the only evidence supporting Plaintiff's 'fatigue syndrome' claim constitutes inadmissible hearsay. Thus, the court finds that Plaintiff has not met her burden of showing that she suffers from a physical impairment, as her statements are inadmissible hearsay"); Munday v. Lees-Mcrae Coll., 2022 U.S., pg. 7, **defendants' filings re experts.docx**

[38] "In cases, such as these, where only a physician could diagnose the impairment, (PTSD, TBI, epilepsy, and PNES), and a causal nexus between a claimed impairment and any limitation would not be obvious to a layman,, pg. 8, **defendants' filings re experts.docx**
Bragdon, 524 U.S. at 639; Mancini, 909 F.3d at 39- 40; Felkins, 774 F.3d at 652; Heit v. Aerotek, Inc .; Tesone v. Empire Mktg. Strategies; Sweeney v., pg. 8, **defendants' filings re experts.docx**
Dist. LEXIS 213251, at *26 (W.D.N.C. Nov. 28, 2022) ("While expert evidence is not always required to establish a disability, courts generally have required expert testimony when a condition would be unfamiliar to a lay jury and only an expert could diagnose that condition.")., pg. 14, 297 2025-07-15 Defendants Motion for Judgment on Partial Findings.pdf, pg. 8, **defendants' filings re experts.docx**
9 require the special skill and knowledge of an expert witness." Id. at 652; Fed. R. Evid. 701, 702. In cases, such as these, where only a physician could diagnose the impairment, (PTSD, TBI, epilepsy, and PNES), and a causal nexus between a claimed impairment and any limitation would not be obvious to a layman, only the "evaluation of the medical evidence" could permissibly "lead [the trier of fact] to conclude that [a plaintiff suffered from an impairment that] substantially limited [a major life activity]." Bragdon, 524 U.S. at 639; Mancini, 909 F.3d at 39-40; Felkins, 774 F.3d at 652; Heit v. Aerotek, Inc., 726 Fed. Appx 648, 649 (9th Cir. 2018); see Tesone v. Empire Mktg. Strategies, 942 F.3d 979, 996 (10th Cir. 2019) ("Courts require expert evidence when a condition would be unfamiliar to a lay [factfinder] and only an expert could diagnose that condition."); Sweeney v. Ala. Alcoholic Bev. Control Bd., 94 F. Supp. 2d 1241, 1262 (M.D. Ala. 2000) ("in support of her claim that she suffers from 'fatigue syndrome,' Plaintiff has proffered only bald assertions that Dr. Beauchamp diagnosed her with 'fatigue syndrome' and recorded this diagnosis in a note ... The court ... finds that the only evidence supporting Plaintiff's 'fatigue syndrome' claim constitutes inadmissible hearsay. Thus, the court finds that Plaintiff has not met her burden of showing that she suffers from a physical impairment, as her statements are inadmissible hearsay"); Munday v. Lees-Mcrae Coll., 2022 U.S. Dist. LEXIS 213251, at *26 (W.D.N.C. Nov. 28, 2022) ("While expert evidence is not always required to establish a disability, courts generally have required expert testimony when a condition would be unfamiliar to a lay jury and only an expert could diagnose that condition.")., pg. 14, 297 2025-07-15 Defendants Motion for Judgment on Partial Findings.pdf, pg. 8, **defendants' filings re experts.docx**

[39] only the 'evaluation of the medical evidence' could permissibly 'lead [the trier of fact] to conclude that [a plaintiff suffered from an impairment that] substantially limited [a major life activity].'", pg. 9, **defendants' filings re experts.docx**
Ala. Alcoholic Bev. Control Bd, pg. 9, **defendants' filings re experts.docx**

13

| Date | Description |
|------|-------------|
|      | linking limitations to a diagnosed impairment, and that in the absence of expert medical testimony, only inadmissible lay testimony remains, citing Davis v. United |

14

| Date | Description |
|---|---|
|  | States, Santiago, Luke v. United States, United States v. Buck, and other authorities. [40] [41] [42] [43] [44] |

[40] "Plaintiffs simply cannot satisfy their mandatory burden to establish a viable cause of action under the ADA or the FHA, as they have presented no competent evidence to this Court to establish an impairment or link any alleged limitation to a diagnosed physical or mental impairment. Given the complete absence of the required expert medical testimony, Plaintiffs could only attempt to present their own testimony of a diagnosed impairment, and limitations that they claim are caused by that impairment, which would be categorically inadmissible. Fed. R. Evid. 701, 702, 801, 802.", pg. 9, **defendants' filings re experts.docx**

Fed. R. Evid. 701, 702, 801, 802, pg. 9, **defendants' filings re experts.docx**

10 Plaintiffs simply cannot satisfy their mandatory burden to establish a viable cause of action under the ADA or the FHA, as they have presented no competent evidence to this Court to establish an impairment or link any alleged limitation to a diagnosed physical or mental impairment. Given the complete absence of the required expert medical testimony, Plaintiffs could only attempt to present their own testimony of a diagnosed impairment, and limitations that they claim are caused by that impairment, which would be categorically inadmissible. Fed. R. Evid. 701, 702, 801, 802. "There are no medical records before the Court, nor has [either] Plaintiff disclosed any competent witness with personal knowledge of his [or her] diagnoses who will testify at trial. While [each] Plaintiff may testify to his [or her] subjective impressions of his [or her limitations], [each] is a layperson who cannot draw inferences from those impressions or otherwise provide a medical opinion." Davis v. United States, 2022 U.S. Dist. LEXIS 145609, at 13 (M.D. Fla. Aug. 15, 2022). "Nor can [either] Plaintiff testify to statements of diagnoses purportedly made to him [or her] by his [or her] treating physicians." Id .; Fed. R. Evid. 701, 702, 801, 802. Indeed, pretermitting the need of further analysis, "[t]here is no competent, medical diagnosis of [PTSD, TBI, epilepsy, or PNES]; and so there can be no impairment." Santiago, 2007 U.S. Dist. LEXIS 91880, at 20; See Luke v. United States, 84 F.2d 823, 825 (5th Cir. 1936) (plaintiff's testimony that "doctors told him that [he] was disabled … [i]s clearly hearsay testimony, and [i]s properly excluded"); United States v. Buck, 70 F.2d 1007 (5th Cir. 1934) (plaintiff's testimony about statements of his medical diagnosis "are pure hearsay, with all the unreliability that attaches to such recitals by an interested witness of what was said long ago … statements of unidentified persons are not, pg. 16, 297 2025-07-15 Defendants Motion for Judgment on Partial Findings.pdf, pg. 9, **defendants' filings re experts.docx**

[41] "There are no medical records before the Court, nor has [either] Plaintiff disclosed any competent witness with personal knowledge of his [or her] diagnoses who will testify at trial. While [each] Plaintiff may testify to his [or her] subjective impressions of his [or her limitations], [each] is a layperson who cannot draw inferences from those impressions or otherwise provide a medical opinion.", pg. 10, **defendants' filings re experts.docx**

Davis v. United States, pg. 10, **defendants' filings re experts.docx**

Cites multiple examples where self-diagnosis, hearsay, and lay, pg. 10, **defendants' filings re experts.docx**

Santiago, 2007 U.S. Dist. LEXIS 91880; Luke v., pg. 10, **defendants' filings re experts.docx**

11 Plaintiffs simply cannot satisfy their mandatory burden to establish a viable cause of action under the ADA or the FHA, as they have presented no competent evidence to this Court to establish an impairment or link any alleged limitation to a diagnosed physical or mental impairment. Given the complete absence of the required expert medical testimony, Plaintiffs could only attempt to present their own testimony of a diagnosed impairment, and limitations that they claim are caused by that impairment, which would be categorically inadmissible. Fed. R. Evid. 701, 702, 801, 802. "There are no medical records before the Court, nor has [either] Plaintiff disclosed any competent witness with personal knowledge of his [or her] diagnoses who will testify at trial. While [each] Plaintiff may testify to his [or her] subjective impressions of his [or her limitations], [each] is a layperson who cannot

draw inferences from those impressions or otherwise provide a medical opinion." Davis v. United States, 2022 U.S. Dist. LEXIS 145609, at 13 (M.D. Fla. Aug. 15, 2022). "Nor can [either] Plaintiff testify to statements of diagnoses purportedly made to him [or her] by his [or her] treating physicians." Id .; Fed. R. Evid. 701, 702, 801, 802. Indeed, pretermitting the need of further analysis, "[t]here is no competent, medical diagnosis of [PTSD, TBI, epilepsy, or PNES]; and so there can be no impairment." Santiago, 2007 U.S. Dist. LEXIS 91880, at 20; See Luke v. United States, 84 F.2d 823, 825 (5th Cir. 1936) (plaintiff's testimony that "doctors told him that [he] was disabled ... [i]s clearly hearsay testimony, and [i]s properly excluded"); United States v. Buck, 70 F.2d 1007 (5th Cir. 1934) (plaintiff's testimony about statements of his medical diagnosis "are pure hearsay, with all the unreliability that attaches to such recitals by an interested witness of what was said long ago ... statements of unidentified persons are not, pg. 16, 297 2025-07-15 Defendants Motion for Judgment on Partial Findings.pdf, pg. 10, **defendants' filings re experts.docx**

12 Plaintiffs simply cannot satisfy their mandatory burden to establish a viable cause of action under the ADA or the FHA, as they have presented no competent evidence to this Court to establish an impairment or link any alleged limitation to a diagnosed physical or mental impairment. Given the complete absence of the required expert medical testimony, Plaintiffs could only attempt to present their own testimony of a diagnosed impairment, and limitations that they claim are caused by that impairment, which would be categorically inadmissible. Fed. R. Evid. 701, 702, 801, 802. "There are no medical records before the Court, nor has [either] Plaintiff disclosed any competent witness with personal knowledge of his [or her] diagnoses who will testify at trial. While [each] Plaintiff may testify to his [or her] subjective, pg. 10, **defendants' filings re experts.docx**

impressions of his [or her limitations], [each] is a layperson who cannot draw inferences from those impressions or otherwise provide a medical opinion." Davis v. United States, 2022 U.S. Dist. LEXIS 145609, at 13 (M.D. Fla. Aug. 15, 2022). "Nor can [either] Plaintiff testify to statements of diagnoses purportedly made to him [or her] by his [or her] treating physicians." Id .; Fed. R. Evid. 701, 702, 801, 802. Indeed, pretermitting the need of further analysis, "[t]here is no competent, medical diagnosis of [PTSD, TBI, epilepsy, or PNES]; and so there can be no impairment." Santiago, 2007 U.S. Dist. LEXIS 91880, at 20; See Luke v. United States, 84 F.2d 823, 825 (5th Cir. 1936) (plaintiff's testimony that "doctors told him that [he] was disabled ... [i]s clearly hearsay testimony, and [i]s properly excluded"); United States v. Buck, 70 F.2d 1007 (5th Cir. 1934) (plaintiff's testimony about statements of his medical diagnosis "are pure hearsay, with all the unreliability that attaches to such recitals by an interested witness of what was said long ago ... statements of unidentified persons are not, pg. 16, 297 2025-07-15 Defendants Motion for Judgment on Partial Findings.pdf, pg. 11, **defendants' filings re experts.docx**

[42] admissible to establish the facts stated, nor would they be if attributed to examining physicians of the army"); Schleife v. Royal Caribbean Cruises, Ltd., 2021 U.S. Dist. LEXIS 82996, at 9 (S.D. Fla. Apr. 30, 2021) ("a witness may not testify to a doctor's statements on the witness's diagnosis if those statements are offered to prove the truth of the matter asserted, because the doctor's statements are considered 'pure hearsay.'"); Jay v. Auburn Univ., 2019 U.S. Dist. LEXIS 84501, at 14 (S.D. Ala. May 20, 2019) ("Federal Rule of Evidence 803(4) makes an exception for statements made for the purpose of a medical diagnosis or treatment, but this exception is understood to apply to out-of-court statements made by the plaintiff, and not to such statements made by the treating physician." Likewise, the "medical records from [plaintiff's treating physicians] are inadmissible hearsay because they are diagnoses or treatment notes from a treating physician and not merely Jay's own experience of the symptoms. The declarants are the physicians (and not Jay) and were not disclosed as expert witnesses under the scheduling order."); Baird v. 1600 Church Rd. Condo. Ass'n, No. 17-4792, 2017 U.S. Dist. LEXIS 191533, at 12-13 (E.D. Pa. Nov. 17, 2017) ("Plaintiff failed to show that she suffers from a handicap. She presented the letter from Dr. Kron stating that she suffers from 'mental health issues.' Although Plaintiff testified specifically that she suffers from panic attacks, there was no medical evidence or expert testimony offered to substantiate this testimony. In addition, to establish a claim under the FHA, Plaintiff would have also needed to present evidence

16

| Date | Description |
|---|---|
| July 16, 2025 | Defendant files Document 301 (Defendant's Consolidated Responses to Plaintiffs' Motions in Limine and to Amend), reiterating that plaintiff must present |

---

that her panic attacks substantially limit one or more major life activities. Plaintiff testified that her sleep was affected by her panic attacks. However, ... she presented no expert testimony on this issue."); Smith v. Spindletop MHMR Servs., 2020 U.S. Dist. LEXIS 110476, at 6-7 (E.D., pg. 17, 297 2025-07-15 Defendants Motion for Judgment on Partial Findings.pdf, pg. 11, **defendants' filings re experts.docx**

Case 1:22-cv-00448-TFM-N Doc# 297 Filed 07/15/25 9827, pg. 18, 297 2025-07-15 Defendants Motion for Judgment on Partial Findings.pdf, pg. 11, **defendants' filings re experts.docx**

Page 18 of 43 PageID#, pg. 18, 297 2025-07-15 Defendants Motion for Judgment on Partial Findings.pdf, pg. 11, **defendants' filings re experts.docx**

Tex. Mar. 24, 2020) (Plaintiff "provides Social Security documentation indicating that he is a disabled individual. The SSA's disability determination is an extensive analysis that differs from the ADA's standards. 20 C.F.R. § 404.1520 ... Because of the, pg. 11, **defendants' filings re experts.docx**

[43] testimony are inadequate to establish an impairment, indicating expert testimony is required., pg. 12, **defendants' filings re experts.docx**

United States, United States v. Buck, Schleife v. Royal Caribbean Cruises, Ltd., Jay v. Auburn Univ., Baird v. 1600 Church Rd. Condo. Ass'n, Smith v. Spindletop MHMR Servs., pg. 12, **defendants' filings re experts.docx**

[44] differences between SSA and ADA's disability determination, [plaintiff's] qualification as a disabled individual by the SSA does not equate to a disability qualification under the ADA"); Berry v. Lewis Trucking & Grading, 2007 U.S. Dist. LEXIS 117036, at *45 (N.D. Ga. Mar. 23, 2007) (plaintiff's use of disability forms "to prove that Dr. Dawson diagnosed Plaintiff with major depressive disorder" prohibited as inadmissible hearsay)., pg. 18, 297 2025-07-15 Defendants Motion for Judgment on Partial Findings.pdf 13, pg. 12, **defendants' filings re experts.docx**

17

| Date | Description |
|------|-------------|
|  | admissible expert testimony in order to prove a disability and referencing prior filings with the same arguments. [45] [46] [47] [48] |
| August 11, 2025 | A review document is created summarizing and organizing the timeline of defendant's arguments that plaintiff must have an expert to prove disability, including references to all relevant filings and authorities. [49] |

---

[45] 301 (Filed 07/16/2 5), pg. 12, **defendants' filings re experts.docx**

"these cases are cited in support of Defendant's position that Plaintiff must present admissible expert testimony in order to prove a disability.", pg. 12, **defendants' filings re experts.docx**

No direct cases quoted here; reference to prior cited cases in Doc. 297, pg. 12, **defendants' filings re experts.docx**

[46]

22. Plaintiffs' assertion that Defendant's other cited case law is inapplicable is also incorrect. The noted cases stand for the propositions and principles for which they are cited. Just because Plaintiffs may point out some minor factual discrepancies does not make the cases distinguishable or inapplicable. Indeed, these cases are cited in support of Defendant's position that Plaintiff must present admissible expert testimony in order to prove a disability. Defense Counsel did not make misrepresentations to the Court about these cases. Just because Plaintiffs' Counsel may interpret the cases differently does not mean that Defense Counsel misrepresented their findings., pg. 16, 301 2025-07-16 Def's Consolidated Responses to Plts Mtn in Limine and Mtn to Amend.pdf, pg. 12, **defendants' filings re experts.docx**

23. Defendant further adopts and incorporates by reference as if fully set forth herein its arguments set forth in Defendant's Response to Plaintiffs' Motion in Limine to Preclude Defendant from Asserting Reliance on Counsel Defense and to Permit Introduction of Counsel's Testimony with Request for Expedited Ruling by July 10, 2025 (Doc. 284). Given the similarities of Plaintiffs' two pending Motion (Doc. 279 and Doc. 292), said previously filed Response (Doc. 284) should be taken in conjunction with this Consolidated Response., pg. 24, 301 2025-, pg. 12, **defendants' filings re experts.docx**

[47] fully set forth herein its arguments set forth in Defendant's Response to Plaintiffs' Motion in Limine to Preclude Defendant from Asserting Reliance on Counsel Defense and to Permit Introduction of Counsel's Testimony with Request for Expedited Ruling by July 10, 2025 (Doc. 284).", pg. 13, **defendants' filings re experts.docx**

[48] present admissible expert testimony in order to prove a disability" and references/ incorporates prior filings with the same arguments., pg. 16, **defendants' filings re experts.docx**

[49] Result created: August 11, 2025, pg. 1, **defendants' filings re experts.docx**

Prompt: Review the defendants' filings for any references or mentions that the plaintiff is required to have an expert to prove disability. Add these instances to the timeline, including the document number, exact quote, and any case referenced., pg. 1, **defendants' filings re experts.docx**

Files: See the Files Appendix., pg. 1, **defendants' filings re experts.docx**

Result:, pg. 1, **defendants' filings re experts.docx**

Chronological Timeline of Defendant's Arguments that Plaintiff Must Have an Expert to Prove Disability, pg. 1, **defendants' filings re experts.docx**

Below is a table listing, chronologically by document number, every instance in the defendant's filings referencing or arguing that the plaintiff is required to present expert medical testimony or admissible expert evidence to prove disability, along with the exact quotes and any cases referenced., pg. 1, **defendants' filings re experts.docx**

18

| Date | Description |
|------|-------------|
| September 22, 2025 | Defendant files Document 304 (Defendant's Motion to Strike Plaintiff's Response in Opposition to Defendant's Motion for Judgment), which does not contain references stating plaintiff must have an expert to prove disability. [50] |

---

[50] • 304 2025-09-22 Def's Motion to Strike Pits Response in Opp to Def Mtn for Judgment.pdf, pg. 16, **defendants' filings re experts.docx**