**Defendant's Caselaw**

| Case Name | Citation | Key Holding | Statute/Title Concerned | Representation Accuracy | How it is Used in the Document | Document Number |
|---|---|---|---|---|---|---|
| Bhogaita v. Altamonte Heights Condo. Ass'n | 765 F.3d 1277 (11th Cir. 2014) | Lay evidence, e.g., a doctor's letter, can suffice in some FHA contexts for disability accommodation claims. | FHA | Accurate for FHA, but **misuses** as analog for Title III requirements. | Cited for whether lay/expert evidence is needed for requests and to support PTSD claims. | Doc. 297 at 2, Doc. 314 |
| Camarillo v. Carrols Corp. | 518 F.3d 153 (2d Cir. 2008) | Title III requires proactive modification to policies for disabled access; delays can constitute denial of access. | ADA Title III | Cited correctly for Title III; **misrepresented** by implying Title III requires same specificity as Title I. | Cited in opposition brief as support for "timely modification" and proactive Title III duties. | Doc. 22 at 10 |
| Carruthers v. BSA Advertising, Inc. | 357 F.3d 1213 (11th Cir. 2004) | Plaintiff's testimony alone is insufficient to prove disability under ADA; medical evidence required. Accurate for ADA Title I (employment); holding | ADA Title I (Employment) | Misapplied to Title III/public accommodation, which doesn't require importation of Title I standard. [3] Cited accurately as Title I case, but **misapplied** to Title III by importing employment-specific burdens. | Cited in motion to strike to counter claim that lay testimony suffices without experts. Imports higher burden than required for public accommodation proof. [4][5] | Doc. 304 at 3 |

---

[3] Defendant cites (federal accurately (Title I case), but misapplies to our Title III claims by importing employment- specific burdens not, pg. 2, **Defendants Case Citations.docx**

[4] Defendant cites (federal accurately (Title I case), but misapplies to our Title III claims by importing employment- specific burdens not, pg. 2, **Defendants Case Citations.docx**

[5] accommodation for ADA S. disability proof, requiring medical evidence)., pg. 2, **Defendants Case Citations.docx**

| Case Name | Citation | Key Holding | Statute/Title Concerned | Representation Accuracy | How it is Used in the Document | Document Number |
|---|---|---|---|---|---|---|
| | | that lay testimony is insufficient. [1] [2] | | | | |
| Dunn v. Phoenix West II, LLC | No. Civ.A. 15-00258-KD-N, 2016 WL 7647527 (S.D. Ala. Feb. 23, 2016) (unpublished) | Condominium associations do not own common elements under Alabama Uniform Condominium Act; not liable as public accommodation. | ADA Title III | Holding confirmed; not liable unless public access applies (e.g., rental office). | Cited in opposition brief to argue associations not "owners" and not liable as public accommodation. | Doc. 22 at 2–4 |
| Gil v. Winn-Dixie Stores, Inc. | 993 F.3d 1266 (11th Cir. 2021) | Title III requires effective communication for access, but does not import Title I employment burdens; website accessibility tied to a physical place nexus. | ADA Title III | Accurate for Title III, but **misrepresented** by analogizing to Title I burdens. | Cited in opposition brief for Title III standards and to distinguish from Title I burdens. | Doc. 22 at 7 |
| Lancaster v. Phillips Invs., LLC | 482 F. Supp. 2d 1362 (M.D. Ala. 2007) | ADA does not apply to residential condos; must share hotel-like characteristics for applicability. | ADA Title III | Cited correctly but **misrepresent**s by downplaying possible Title III applicability to public/common areas. | Cited in response to TRO and brief to argue non-applicability of ADA to residential condos and reservations. | Doc. 6 at 1, Doc. 22 at 2 |
| PGA Tour, Inc. v. Martin | 532 U.S. 661 (2001) | Title III modifications allowed if not | ADA Title III | Citation is correct; defendant | Cited in opposition brief for reasonable | Doc. 22 at 8 |

[1] insufficient, pg. 2, **Defendants Case Citations.docx**
Advertising, to prove Inc., 357 F.3d 1213 (11th Cir. 2004) (no So. Rep. parallel)., pg. 2, **Defendants Case Citations.docx**
[2] under ADA; medical, pg. 2, **Defendants Case Citations.docx**
evidence required to show substantial limitation., pg. 2, **Defendants Case Citations.docx**

| Case Name | Citation | Key Holding | Statute/Title Concerned | Representation Accuracy | How it is Used in the Document | Document Number |
|---|---|---|---|---|---|---|
| | | fundamentally altering activity; no hyper-specific request required. | | **misrepresents** by implying Title I-like specificity in requests. | modification standards under Title III. | |
| Condos. of Pine Island Ridge Ass'n v. Fischer | 6 F. Supp. 3d 1272 (S.D. Fla. 2014) | Medical records not required pre-suit for accommodation; further discovery info does not alter this result. | FHA/ADA Title III Distinctions | Accurate citation; distinction between pre-suit medical records for FHA accommodations vs. Title III. | Cited for pre-suit medical record requirement and notice triggering accommodation duty. | Doc. 304 at 3 |
| Spector v. Norwegian Cruise Line Ltd. | 545 U.S. 119 (2005) | Title III applies to foreign-flag ships in U.S. waters, with limits on internal affairs; caution against cross-title borrowing. | ADA Title III | Accurate citation and use; cautions against applying Title I standards in Title III. | Cited in opposition brief to warn against cross-title misapplications. | Doc. 22 at 7 |
| Sabal Palm | Not provided | Associations not entitled to all medical records pre-suit to justify broad discovery in litigation; context matters. | FHA/ADA | Citation accurate; defendant uses to defend but **mischaracterizes** scope by using FHA context in litigation discovery context. | Cited in reply to response on FHA medical records. | Doc. 92 at 3 |
| Thompson v. Sand Cliffs Owners Ass'n | No. Civ.A. 3:97cv335/LAC, 1998 U.S. Dist. LEXIS 23632 (N.D. Fla. Mar. 30, 1998) (unpublished) | Residential condo associations are not public accommodations under Title III, even if they manage rentals. | ADA Title III | Cited holding correctly, but **misrepresents** by ignoring hybrid rental uses potentially invoking Title III. | Cited for judgment motion to show condos as non-public accommodation under Title III. | Doc. 297 at 2 |
| Toyota Motor Mfg., Ky. v. Williams | 534 U.S. 184 (2002) | ADA disability requires substantial limitation in major life activities, | ADA Title I (Employment) | **Misrepresented:** Employment (Title I) standard applied to Title | Cited for disability burden and need for medical evidence in | Doc. 297 at 3 |

3

Case 1:22-cv-00448-TFM-N    Doc# 319-8    Filed 08/11/25    Page 4 of 4    PageID# 11834

| Case Name | Citation | Key Holding | Statute/Title Concerned | Representation Accuracy | How it is Used in the Document | Document Number |
|---|---|---|---|---|---|---|
| | | proven with medical evidence. | | III, importing stricter proof standards not mandated. | public accommodation claims. | |
| US Airways, Inc. v. Barnett | 535 U.S. 391 (2002) | Reasonable accommodations under Title I do not override seniority systems absent special circumstances. | ADA Title I (Employment) | **Misrepresented:** Employment case cited in Title III context, contrary to Spector cross-title caution. | Cited as example of accommodations not required if conflicting with seniority rules. | Doc. 22 at 6 |

4