Carruthers v. BSA Advertising, Inc., 357 F.3d 1213 - Court of Appeals, 11th Circuit 2004 - Google Scholar    7/22/25, 2:39 PM

**357 F.3d 1213 (2004)**

## Jean E. CARRUTHERS, Plaintiff-Appellant,

### v.

## BSA ADVERTISING, INC., Defendant-Appellee.

No. 03-12308 Non-Argument Calendar.

**United States Court of Appeals, Eleventh Circuit.**

January 21, 2004.

Michael A. Moulis, Ft. Lauderdale, FL, for Plaintiff-Appellant.

Nikki M. Setnor, Allen, Norton & Blue, P.A., David E. Block, Jackson, Lewis, Schnitzler & Krupman, Miami, FL, for Defendant-Appellee.

Before BIRCH, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Jean E. Carruthers appeals the district court's grant of judgment as a matter of law in favor of BSA Advertising, Inc. ("BSA"), her former employer, on Carruthers's discrimination claim filed pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* We AFFIRM.

# I. BACKGROUND

In May of 2002, Carruthers filed a complaint alleging that BSA terminated her employment because of a disability or a perceived disability, in violation of the ADA. The undisputed and relevant facts of the case follow: (1) Carruthers was employed with BSA from 1993 through 2000, most recently in the position of Art Director; (2) on 28 February 2000, Carruthers visited her assigned workers' compensation physician after experiencing pain and swelling in both of her hands; (3) Carruthers's physician diagnosed her as suffering from a bilateral hand strain/ sprain and gave her various work restrictions, which were to be reviewed on a week-to-week basis; (4) Carruthers notified her supervisor of her diagnosis and work restrictions, which included a prohibition on any computer/mouse usage; (5) BSA placed a classified advertisement for Carruthers's replacement on 5 March 2000; and (6) BSA terminated Carruthers's employment on 8 March 2000.

The district court subsequently issued a scheduling order, which set (1) a deadline for 25 July 2002 for all amendments to the pleadings, (2) a deadline of 25 November 2002 for completion of all non-expert discovery, and (3) a trial date for the week commencing 24 March 2003. On January 17, 2003, Carruthers filed a motion for leave to amend her complaint, maintaining that, during the course of mediation, she had discovered that she had a cause of action for retaliatory discharge, on the theory that her termination was

based, at least in part, on her decision to seek workers' compensation. The district court denied Carruthers's motion, and the case proceeded to trial on 4 March 2003.

At the conclusion of Carruthers's case, BSA moved for judgment as a matter of law, arguing that Carruthers failed to show that BSA perceived her as having a disability under the ADA. In the alternative, BSA contended that, because of Carruthers's admission that ninety percent of her work was on the computer and because her work restrictions had forbidden any computer usage, she had failed to show that she could perform the essential functions of her job and that her request that BSA hire an assistant for her did not represent a reasonable accommodation. The district court granted BSA's motion. Carruthers now appeals.

## II. DISCUSSION

## A. *District Court's Judgment as a Matter of Law*

On appeal, Carruthers argues that the district court erred in granting BSA's motion for judgment as a matter of law pursuant to Rule 50(a) of the Federal Rules of Civil Procedure.[1] According to Carruthers, the district court wrongly concluded that her evidence, viewed in the light most favorable to her, failed to establish a *prima facie* case of employment discrimination in violation of the ADA. Specifically, she argues that the district court erred in determining that no reasonable juror could conclude that Carruthers's evidence showed that she was perceived to be disabled or that she was qualified to perform the essential functions of her job with or without a reasonable accommodation.

"We review the district court's grant of a Rule 50(a) motion for judgment as a matter of law *de novo,* considering all the evidence in the light most favorable to ... the non-moving party." *Mendoza v. Borden, Inc.,* 195 F.3d 1238, 1259 (11th Cir.1999). "A directed verdict is only proper when the facts and inferences so overwhelmingly favor the verdict that no reasonable juror could reach a contrary decision." *Id.* (citation and internal punctuation omitted). However, "a mere scintilla of evidence does not create a jury question"; instead, "there must be a substantial conflict in evidence to support a jury question." *Williams v. Motorola, Inc.,* 303 F.3d 1284, 1290 (11th Cir.2002).

The ADA forbids covered employers from discriminating "against a qualified individual with a disability because of the disability of such individual in regard to ... discharge of employees." 42 U.S.C. § 12112(a) (2000). To establish a *prima facie* case of discrimination under the ADA, Carruthers must show that she (1) had, or was perceived to have, a "disability"; (2) was a "qualified" individual; and (3) was discriminated against because of her disability. *Williams,* 303 F.3d at 1290. The ADA defines "disability" as "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(2).

In order for any ADA claim to succeed, the claimant must show that her condition of impairment rises to the level *1216 of a disability. In Carruthers's case, the sole basis of her contention that she was disabled is subsection (C) of § 12102(2). Under the "regarded as" prong, a person is "disabled" if her employer perceives her as having an ADA-qualifying disability, even if there is no factual basis for that perception. *Williams,* 303 F.3d at 1290. As with actual impairments, however, the perceived impairment must be one that, if real, would limit substantially a major life activity of the individual. 42 U.S.C. § 12102(2)(C); *see also Sutton v. Lader,* 185 F.3d 1203, 1208 (11th Cir.1999). Carruthers argues that BSA "perceived her as not performing a wide range of jobs." Appellant's Br. at 10. Although Carruthers offers no further description of the specific disability that BSA allegedly perceived her to have, we construe her argument to be that BSA perceived her hand condition as substantially limiting her in the major life activities of working and of performing manual tasks.

The regulations implementing the ADA enumerate several functions that qualify as "major life activities," included among which is the activity of "working." 29 C.F.R. § 1630.2(i) (2003). In order for Carruthers to establish that BSA regarded her as substantially limited in the major life activity of working, she must show that BSA perceived her as "significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills, and abilities." 29 C.F.R. § 1630.2(j)(3)(i); *see also Sutton v. United Air Lines, Inc.,* 527 U.S. 471, 491, 119 S.Ct. 2139, 2151, 144 L.Ed.2d 450 (1999) ("When the major life activity under consideration is that of working, the statutory phrase `substantially limits' requires, at a minimum, that plaintiffs allege they are unable to work in a broad class of jobs.").[2] "The inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working." 29 C.F.R. § 1630.2(j)(3)(i). Thus, an impairment must preclude — or at least be perceived to preclude — an individual from more than one type of job, even if the job foreclosed is the individual's job of choice. *See Sutton,* 527 U.S. at 492, 119 S.Ct. at 2151.

With regard to Carruthers's perceived impairment in performing manual tasks, the Supreme Court recently took up the question of when such an impairment constitutes an ADA disability. *Toyota Motor Mfg., Ky., Inc. v. Williams,* 534 U.S. 184, 122 S.Ct. 681, 151 L.Ed.2d 615 (2002). In rejecting plaintiff's argument that her carpal tunnel syndrome limited her ability to perform a broad class of manual tasks and thus impaired a major life activity, the *Toyota Motor* Court emphasized that both statutory language and congressional intent require that the ADA's "disability" definition be "interpreted strictly to create a demanding standard for qualifying as disabled." *Id.* at 197, 122 S.Ct. at 691. The Court highlighted several prerequisites in order for an impairment to the ability to perform manual tasks to qualify as a disability. Specifically, the Court held that the critical inquiry is whether the impairment (a) prevents or severely restricts the performance of (b) activities "of central importance to most people's daily lives." *Id.* at 198, 122 S.Ct. at 691. The Court further held that the impairment must have a permanent or longterm impact. *Id.; see also* 29 C.F.R. § 1630.2(j)(2)(iii).

We conclude that no reasonable jury could find that Carruthers's evidence established that BSA perceived her impairment as one that substantially limited the major life activities of working or

Carruthers v. BSA Advertising, Inc., 357 F.3d 1213 - Court of Appeals, 11th Circuit 2004 - Google Scholar    7/22/25, 2:39 PM

performing manual tasks. Carruthers herself admitted at trial that BSA's knowledge of her condition was limited to her physician's diagnosis of a bilateral hand strain/sprain and her work restrictions. Aside from BSA's awareness of her initial diagnosis and work restrictions, the only other support Carruthers offers for her contention that BSA perceived her to be disabled is the fact that (1) BSA informed her that she would be terminated if she could not maintain a full-time schedule and (2) BSA placed an advertisement for her replacement shortly after learning of her inability to perform the basic tasks of her position. Based on this record, we find no indication that BSA regarded, or would have had any reason to regard, Carruthers's condition as rendering her incapable of performing "either a class of jobs or a broad range of jobs in various classes." 29 C.F.R. § 1630.2(j)(3)(i).

Similarly, Carruthers failed to show that BSA perceived her limitations in performing manual tasks as having a permanent or long-term impact and as preventing or severely restricting her from performing activities of central importance to most persons' lives. *See* _Toyota Motor,_ 534 U.S. at 198, 122 S.Ct. at 691. Indeed, Carruthers admitted at trial that she was able to dress herself, apply her own makeup, and groom herself, albeit with some pain, and that there were no major life activities she could not perform. Moreover, BSA, which was informed that Carruthers's restrictions were to be reviewed on a week-byweek basis, offered to review its staffing situation when Carruthers was ready to return to work. *Cf.* _Sutton,_ 185 F.3d at 1206, 1209 (concluding that court did not err in finding that employer did not perceive employee as having a disability when employee provided employer with doctor's letter stating that he was totally disabled for one month and partially disabled for three weeks thereafter).

The district court did not err in finding that no reasonable juror could conclude that BSA regarded Carruthers as disabled, as that term is defined by the ADA. Accordingly, we need not consider Carruthers's argument that the district court erred in finding that she also failed to establish that she was a "qualified individual" under the ADA. Because Carruthers failed to establish the first prong of her *prima facie* case of discrimination in violation of the ADA, we conclude that the district court was correct in granting BSA's motion for judgment as a matter of law.

## B. *Denial of Carruthers's Motion for Leave to Amend*

Citing no authority, Carruthers summarily argues that the district court abused its discretion in denying her motion for leave to amend her first amended complaint to add a claim for retaliatory discharge. She asserts that the amendment would not have delayed the proceedings or prejudiced BSA because no additional discovery would have been required and because the essential witnesses for the retaliation claim were already available.

We review the denial of leave to amend for clear abuse of discretion. _Maynard       v. Bd. of Regents of Universities of Fla. Dept. of Educ.,_ 342 F.3d 1281, 1286-87 (11th Cir.2003); _Lowe's Home Centers, Inc. v. Olin Corp.,_ 313 F.3d 1307, 1314-15 (11th Cir.2002). Rule 15(a) instructs that leave of the court to amend pleadings "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). Nevertheless, a motion to amend may be denied on "numerous grounds, such as undue delay, undue prejudice to the

Carruthers v. BSA Advertising, Inc., 357 F. 3d 1213 - Court of Appeals, 11th Circuit 2004 - Google Scholar                    7/22/25, 2:39 PM

https://scholar.google.com/scholar_case?case=3609189254674585691...ng,+Inc.,+357+F.3d+1213,+1216+(11th+Cir.+2004)+&hl=en&as_sdt=206

defendants, and futility of the amendment." _Maynard,_ 342 F.3d at 1287 (citation and internal quotation marks omitted). Moreover, "[i]t is not an abuse of discretion for a district court to deny a motion for leave to amend following the close of discovery, past the deadline for amendments, and past the deadline for filing dispositive motions." _Lowe's,_ 313 F.3d at 1315.

We conclude that the district court properly exercised its discretion in denying Carruthers's motion. Carruthers filed her motion on 17 January 2003, six months after the court's 25 July 2002 deadline for amendments to the pleadings and two months after its 25 November 2002 deadline for completion of discovery. Carruthers offers no explanation as to why the interests of justice required leave to amend. Nor does she offer any explanation as to why she could not have discovered and pled retaliation in her original complaint or in her first amended complaint. We find that such unexplained tardiness constitutes undue delay. Moreover, granting the motion likely would have further delayed proceedings and prejudiced BSA, which had completed discovery and would have had to conduct additional discovery on the issue of whether Carruthers's filing of her workers' compensation claim was causally related to BSA's termination of her employment. The district court did not clearly abuse its discretion in denying Carruthers's motion to amend.

# III. CONCLUSION

Because no reasonable juror could conclude that Carruthers was disabled, the district court did not err in granting BSA's motion for judgment as a matter of law. Because Carruthers filed her motion for leave to amend her first amended complaint after the discovery deadline and after the close of pleadings, without adequately justifying the delay, the district court did not abuse its discretion in denying it. The judgment of the district court is

AFFIRMED.

[1] Rule 50(a) provides:

If during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue, the court may determine the issue against that party and may grant a motion for judgment as a matter of law against that party with respect to a claim or defense that cannot under controlling law be maintained or defeated without a favorable finding on that issue.

Fed.R.Civ.P. 50(a)(1).

[2] We do note that the Supreme Court more recently has expressed its reluctance to treat impairment of one's ability to work as an
ADA disability. _See_ _Toyota Motor Mfg., Ky., Inc. v. Williams,_ 534 U.S. 184, 200, 122 S.Ct. 681, 692, 151 L.Ed.2d 615 (2002) ("Because of the conceptual difficulties inherent in the argument that working could be a major life activity, we have been hesitant to hold as much, and we need not decide this difficult question today."). Previously, however, this circuit has, following the ADA regulations and _Sutton_'s above-quoted language, treated the activity of working as a major life activity. _See, e.g., Cash v. Smith,_ 231 F.3d 1301, 1306 (2000); _Gordon v. E.L. Hamm & Assocs., Inc.,_ 100 F.3d 907, 911-12 (11th Cir.1996). In the absence of a more explicit directive from the Supreme Court, we do not revisit that conclusion here.

Save trees - read court opinions online on Google Scholar.

Carruthers v. BSA Advertising, Inc., 357 F.3d 1213 - Court of Appeals, 11th Circuit 2004 - Google Scholar    7/22/25, 2:39 PM

https://scholar.google.com/scholar_case?case=3609189254674585691&...ng,+Inc.,+357+F.3d+1213,+1216+(11th+Cir.+2004)+&hl=en&as_sdt=206
https://scholar.google.com/scholar_case?case=3609189254674585691&...ng,+Inc.,+357+F.3d+1213,+1216+(11th+Cir.+2004)+&hl=en&as_sdt=206