Civ. No. 09-29-CG-B United States District Court, S.D. Alabama

# U.S. v. Wales West, LLC

Decided Jan 19, 2010

Civ. No. 09-29-CG-B.

January 19, 2010

FOR THE UNITED STATES OF AMERICA:, KENYEN R. BROWN, United States Attorney, Southern District of Alabama, ERIC J. HOLDER, JR., Attorney General, THOMAS E. PEREZ, Assistant Attorney General, Civil Rights Division, SAMUEL R. BAGENSTOS, Principal Deputy Assistant Attorney General, Civil Rights Division, EUGENE A. SEIDEL, Chief, Civil Division, United States Attorney's Office, Southern District of Alabama, JOHN L. WODATCH, Chief, PHILIP L. BREEN, Special Legal Counsel, ALLISON J. NICHOL, Deputy Chief, Disability Rights Section, Civil Rights Division, GARY A. MOORE, Assistant United States Attorney, United States Attorney's Office, Southern District of Alabama, Mobile, Alabama, KATHLEEN P. WOLFE, ELIZABETH JOHNSON, HILARY L. MARTINSON, Trial Attorneys, Civil Rights Division, U.S. Department of Justice, Washington, D.C. *15 FOR WALES WEST LLC:, KENNETH S. ZADNICHEK, Managing Partner, Wales West LLC, Silverhill, Alabama, FRANK L. PARKER, JR., Frank L. Parker, Jr., LLC, Attorney for Defendant, Mobile, Alabama, FRANCIS A. POGGI, JR., Attorney for Defendant, Mobile, Alabama. *16

## CONSENT DECREE

CALLIE GRANADE, District Judge

This matter is before the Court for entry of this judgment by consent of the United States of America and Wales West LLC, doing business as Wales West RV Resort and Train and Garden Lovers Family Park to effectuate a compromise and settlement of all claims in the above-captioned civil action. After review and consideration, the Court believes that entry of this Decree is in the interests of justice.

The United States alleges that Wales West LLC violated title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181, *et seq.,* and its implementing regulations, 28 C.F.R. Part 36, by denying a child with the Human Immunodeficiency Virus (HIV) and his family equal goods, services, facilities, *2 privileges, advantages, accommodations, or other opportunities offered at Wales West RV Resort.

As a result of ongoing settlement discussions, the United States and Wales West LLC have reached agreement that it is in the parties' best interest, and the United States believes that it is in the public interest, to resolve this lawsuit on mutually agreeable terms without adjudication of the factual or legal contentions asserted in this action.

In resolution of this action, the parties hereby AGREE, and the Court expressly APPROVES, ENTERS, AND ORDERS THE FOLLOWING:

## JURISDICTION AND VENUE

1. Jurisdiction. This Court has jurisdiction in this matter pursuant to 42 U.S.C. § 12188(b)(1)(B) and 28 U.S.C. §§ 1331 and 1345. This Court has authority to grant a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202, and authority to



grant equitable relief, monetary damages, and civil penalties under 42 U.S.C. § 12188(b)(2).

2. Venue. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Wales West RV Resort is located within this District and all of the events or omissions giving rise to this action occurred in this District. *3

## BACKGROUND

3. Plaintiff. The plaintiff is the United States of America. The Attorney General of the United States is authorized under title III of the ADA to investigate complaints and conduct compliance reviews of covered entities, and to bring a civil action in any situation where the Attorney General has reasonable cause to believe that a covered entity is engaged in a pattern or practice of disability discrimination or that any person or group of persons has been discriminated against on the basis of disability and such discrimination raises an issue of general public importance. 42 U.S.C. § 12188(b).

4. Defendant. The defendant is Wales West LLC, a private, for-profit corporation. Wales West LLC operates Wales West RV Resort and Train and Garden Lovers Family Park, which is a resort, campground, and place of recreation in Silverhill, Alabama. Wales West LLC is a public accommodation within the meaning of title III of the ADA. 42 U.S.C. § 12181(7); 28 C.F.R. § 36.104.

5. Factual Allegations. In this action, the United States alleges that Wales West LLC discriminated on the basis of disability against a couple ("the complainants") and their young child. On learning that the complainants' then two-year-old son has HIV, the manager of Wales West RV Resort informed the *4 complainants that their son could not use the resort's common areas, such as the swimming pool or showers.

6. Legal Contentions. Under title III of the ADA, no individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation. 42 U.S.C. § 12182(a). The United States contends that Wales West LLC discriminated on the basis of disability in violation of title III by the following:

(a) Denying, on the basis of disability, the opportunity of an individual or class of individuals to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of Wales West RV Resort, in violation of 42 U.S.C. § 12182(b)(1)(A)(i), and its implementing regulation, 28 C.F.R. § 36.202(a);

(b) Failing to afford an individual or class of individuals, on the basis of disability, with the opportunity to participate in or benefit from the services, facilities, privileges, advantages, or accommodations of Wales West RV Resort that is equal to that afforded to other individuals, in violation of 42 U.S.C. § 12182(b)(1)(A)(ii), and its implementing regulation, 28 C.F.R. § 36.202(b);

(c) Providing an individual or class of individuals, on the basis of disability, *5 with a good, service, facility, privilege, advantage, or accommodation at Wales West RV Resort that is different or separate from that afforded to others, in violation of 42 U.S.C. § 12182(b)(1)(A)(iii), and its implementing regulation, 28 C.F.R. § 36.202(c);

(d) Utilizing standards or criteria of methods of administration that have the effect of discriminating on the basis of disability, in violation of 42 U.S.C. § 12182(b)(1)(D)(i), and its implementing regulation, 28 C.F.R. § 36.204;

(e) Imposing or applying eligibility criteria that screen out or tend to screen out an individual or class of individuals with a disability from fully and equally enjoying any goods, services, facilities, privileges, advantages, or

U.S. v. Wales West, LLC   Civ. No. 09-29-CG-B (S.D. Ala. Jan. 19, 2010)

accommodations of Wales West RV Resort, in practices, and procedures regarding Wales West violation of 42 U.S.C. § 12182(b)(2)(A)(i), and its 7 LLC's obligations under title III of the *7 ADA, implementing regulation, 28 C.F.R. § 36.301(a); each of which is to be adopted and implemented at Wales West RV Resort within five (5) business days following the United States' approval. The policies and procedures shall, at a minimum, include the following:

(f) Failing to make reasonable modifications in policies, practices, and procedures when the modifications are necessary to avoid discrimination on the basis of disability, in violation of 42 U.S.C. § 12182(b)(2)(A)(ii), and its implementing regulation, 28 C.F.R. § 36.302; who shall have responsibility

(A) designation of an ADA Compliance Official to review all disability-related decisions related to the provision of services at Wales West RV Resort and to ensure that the policies, practices, and procedures set forth in this Decree are fully implemented;

(g) Excluding or otherwise denying equal goods, services, facilities, privileges, advantages, accommodations, or other opportunities to individuals because of such individuals' relationship or association with an individual with a *6 known disability, in violation of 42 U.S.C. § 12182(b)(1)(E) and its implementing regulation, 28 C.F.R. § 36.205.

(B) a nondiscrimination policy consistent with that set forth in Paragraph 7 of this Decree. The nondiscrimination policy will include contact information for the ADA Compliance Official and will be posted in the Wales West RV Resort registration office and on the Wales West RV Resort website and printed on all brochures and promotional materials during the term of this Decree; and

(C) policies and procedures to ensure that Wales West LLC documents each decision to deny an individual with a disability the full and equal enjoyment of services, facilities, or privileges offered at Wales West RV Resort.

## TERMS OF AGREEMENT

### 7. Non-discrimination Policy.

Wales West LLC will not discriminate against any individual on the basis of disability. Wales West LLC will make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford its services and facilities to individuals with disabilities, unless the modifications would fundamentally alter the nature of its services. Wales West LLC will not exclude any individual with a disability from the full and equal enjoyment of its services and facilities, unless the individual poses a direct threat to the health or safety of others that cannot be eliminated by a modification of policies, practices, or procedures. Wales West LLC will not exclude any individual from the full and equal enjoyment of its services and facilities because of the individual's association or relationship with a known disability.

### 9. Training.

Within sixty (60) days of entry of this Decree, and annually thereafter during its term, Wales West LLC shall distribute to each person working for, on behalf of, or in association with Wales West LLC:

(A) the nondiscrimination policy adopted pursuant to Paragraph 8(B); *8

(B) written notification and instruction for complying with the documentation obligation

U.S. v. Wales West, LLC    Civ. No. 09-29-CG-B (S.D. Ala. Jan. 19, 2010)

person with a disability.

## 8. Policies, Practices, and Procedures.

Within thirty (30) days of entry of this Decree,

Wales West LLC shall submit to the United States, for review and approval, written policies,

LLC to discriminate against patrons (or potential patrons) with HIV or AIDS.

Individuals who begin working for, on behalf of, or in association with Wales West LLC after the initial 60-day time frame set out herein shall be provided with the materials referenced herein within fourteen (14) days of hire.

## 10. Monetary Relief for Complainants.

(A) Following receipt of the signed release formattached as Appendix A to this Decree, Wales West LLC will pay the complainants the sum of $36,000 (thirty-six thousand dollars) as compensatory damages according to the following structured payment schedule:

$12,000 (twelve thousand dollars) on or before January 15, 2010;

$12,000 (twelve thousand dollars) on or before January 15, 2011;

$12,000 (twelve thousand dollars) on or before January 15, 2012.

(B) Because this Decree includes the benefit to Wales West LLC of a structured payment schedule, a copy of the Decree will be recorded in the official records of the Office of the Judge of Probate of Baldwin County, Alabama, at the *9 plaintiff's expense. Upon the defendant's full and complete payment of all structured payments, the plaintiff will file notice to cancel the earlier probate filing, even if non-monetary terms of the Decree are

established in Paragraph 8(C); and

(C) a directive instructing all persons working for, on behalf of, or in association with Wales West

LLC that it is against the policy of Wales West

not yet fulfilled. The probate filing shall in no manner affect the terms of the Decree.

11. Civil penalty. On or before July 1, 2010, Wales West LLC shall issue a check or money order in the amount of $10,000 (ten thousand dollars) payable to the United States Treasury as a civil penalty, pursuant to 42 U.S.C. § 12188(b)(2)(C) and 28 C.F.R. § 36.504(a)(3). Counsel for Wales West LLC will deliver the check or money order to counsel for the United States.

12. Consideration. In consideration of, and consistent with all the terms of this Consent Decree, the United States agrees to refrain from undertaking further investigation into or pursuing further legal proceedings regarding all matters contained within this Decree except as provided in Paragraph 13, below.

## 13. Enforcement of the Consent Decree.

(A) The United States may review compliance with this Decree at any time and may enforce this Decree if the United States believes that this Decree or any portion of it has been violated. In the event that the United States believes that Wales West LLC has violated any provision of this Decree, the United States will give written notice

(including reasonable particulars) of such violation and *10 Wales West LLC shall then respond to such notice and/or cure such noncompliance within thirty (30) calendar days. The parties shall negotiate in good faith to resolve any dispute relating thereto. If, after good faith negotiations, the parties are unable to resolve the

U.S. v. Wales West, LLC    Civ. No. 09-29-CG-B (S.D. Ala. Jan. 19, 2010)

dispute at issue, either party may petition the Court for relief under this Decree.

(B) In the event that Wales West LLC fails to deliver each or any structured payment of $12,000 (twelve thousand dollars) pursuant to the schedule agreed upon in Paragraph 10(A), or fails to deliver the civil penalty on or before the date agreed upon in Paragraph 11, the United States shall move the Court to enter judgment against Wales West LLC agrees that it shall immediately provide such to the United States and to the Court.

for the balance of the $36,000 (thirty-six thousand dollars) in compensatory damages remaining due and for the balance of the $10,000 (ten thousand dollars) in civil penalty remaining due. Wales West LLC expressly agrees that such Motion by the United States shall be represented to the Court as being filed without opposition by Wales West LLC. If the Court desires confirmation of such consent to judgment, Wales West LLC expressly be construed as a waiver of such enforcement with regard to other instances or provisions. *11

14.  Term of the Decree. This Decree shall become effective as of the date that it is entered by the Court and shall remain in effect for three years from that date. The Court shall retain jurisdiction for the duration of the Decree to enforce the terms of the Decree. Any party may apply to the Court for such further orders as may be necessary for, or shall engage in good faith negotiations in order to adopt mutually agreeable amendments to this

19. Severability. If any provision of this Decree is determined by any court to be unenforceable, the other provisions of this Decree shall nonetheless remain in full force and effect, provided, however, that if the severance of any such provision materially alters the rights or obligations of the parties, the United States and Wales West LLC shall engage in good faith negotiations in order to consistent with, the enforcement of this Decree.

Decree as may be necessary to restore the parties as closely as possible to the initially agreed upon relative rights and obligations.

15.  Scope. This Decree constitutes the entire agreement between the United States and Wales West LLC, relating to Civil Action No. 09-29 (S.D. Ala.) and D.J. No. 202-3-10 and concerns only the ADA claims under, arising out of, or related to Civil Action No. 09-29 and D.J. No. 202-3-10; no other statement, promise, or agreement, either written or oral, shall be enforceable regarding the matters raised in this Decree.

20. Signatory. A signatory to this document in a representative capacity for Wales West LLC certifies that he or she is authorized to enter into and consent to the terms and conditions of this Decree and to execute and legally bind that party to this Decree. *13

SO ORDERED. *14

16. Compliance with applicable laws. This Decree does not purport to remedy any other potential violations of the ADA or any other law. This Decree does not affect Wales West LLC's continuing responsibility to comply with the

CALLIE GRANADE, District Judge

**APPENDIX A  RELEASE OF ADA** continuing **CLAIMS** D.J. No. 202-3-10, Civil

U.S. v. Wales West, LLC    Civ. No. 09-29-CG-B (S.D. Ala. Jan. 19, 2010)

ADA.

17.    <u>Binding</u>. This Decree shall be binding on the United States and on Wales West LLC, including all principals, agents, executors, administrators, representatives, employees, successors in interest, beneficiaries, assigns, and legal representatives thereof. In the event that Wales West LLC seeks to sell, transfer, or assign all or part of its interest during the term of this Decree, as a condition of *12 sale, transfer, or assignment, Wales West LLC shall obtain the written accession of the successor or assignee to any obligation remaining under this Decree for the remaining term of this Decree.

18.    <u>Non-waiver.</u> Failure by either party to seek enforcement of this Decree pursuant to its terms with respect to any instance or provision will not

### Action No. 09-29 (S.D. Ala.)

For and in consideration of the acceptance of $36,000 (thirty-six thousand dollars) in damages, offered to me by Wales West LLC, doing business as Wales West RV Resort and Train and Garden Lovers Family Park, pursuant to a Consent Decree entered by the U.S. District Court for the Southern District of Alabama in *United States v. Wales West, LLC,* Civ. No. 09-29: I, Silvia Glover, on behalf of myself and my minor child, C.G., release and discharge Wales West LLC, its subsidiaries, affiliates, insurers, successors and assigns, and its current, past, and future officers, directors, shareholders, employees, and agents, of and from all legal and equitable claims under title III of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12181- 12189, arising out of or related

to the complaint, D.J. No. 202-3-10 and Civil Action No. 09-29 (S.D. Ala.), which pertain to alleged discriminatory treatment by Wales West LLC at Wales West RV Resort and Train and Garden Lovers Family Park on or around July 1, 2007. This Release concerns only the ADA claims raised in D.J. No. 202-3-10 and Civil Action No. 09-29 (S.D. Ala.).

This Release constitutes the entire agreement between myself and Wales West LLC as of the date of signature, below, without exception or exclusion, and concerns only the ADA matter raised in D.J. No. 202-3-10 and in Civil Action No. 09-29 (S.D. Ala.). This Release will be considered null and void in the event that Wales West fails to provide compensation as established

casetext

in Paragraph 10 of the Decree entered in this case. I acknowledge that a copy of the Decree in Civil Action *17 No. 09-29 has been made available to me. I further acknowledge that I have had the opportunity to review the terms of this Release with an attorney of my choosing, and, to the extent that I have not obtained that legal advice, I voluntarily and knowingly waive my right to do so. *1