**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **MARK HEIMKES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIV. ACT. NO. 1:22-cv-448-TFM-N** |
| | ) | |
| **FAIRHOPE MOTORCOACH RESORT** | ) | |
| **CONDOMINIUM OWNERS** | ) | |
| **ASSOCIATION, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| **SHEARLDINE MARIE ALLFREY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIV. ACT. NO. 1:22-cv-496-TFM-N** |
| | ) | |
| **FAIRHOPE MOTORCOACH RESORT** | ) | |
| **CONDOMINIUM OWNERS** | ) | |
| **ASSOCIATION, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION AND ORDER

The Court also issues this opinion and order as to the following motions:

(1)    Plaintiffs' Motion to Consolidate for Judicial Economy (Civ. Act. No. 1:22-cv-448, Doc. 238, filed 5/25/25; Civ. Act. No. 1:22-cv-496, Doc. 156, filed 5/25/25) in the above matters. The motion was not opposed by the Defendant.  On May 27, 2025, the Court entered an oral order granting to motion.  *See* Doc. 250.

(2)    Plaintiffs' Motion in Limine to Preclude Defendant from Asserting Reliance on Counsel Defense and to Permit Introduction of Counsels Testimony with Request for Expedited Ruling by July 10, 2025 (Doc. 279, filed 7/8/25).  Defendant filed a written response and Plaintiffs

filed a written reply. *See* Docs. 284, 285.

(3)  Plaintiffs Motion to Amend Complaint Pursuant to Fed. R. Civ. P. 15(B) and 21 to Add Defendants, Alternatively to Compel Testimony, for Sanctions Against Defendant and its Counsel Pursuant to Fed. R. Civ. P. 11 and the Courts Inherent Authority, and for Recusal Pursuant to 28 U.S.C. Sections 144 and 455 (Doc. 292, filed 7/14/25).  Defendant filed a written response. Doc. 301.

(4) Plaintiff Sheraldine Allfrey's Motion for Reasonable Accommodation and for Remote Testimony and Continuance (Doc. 280, filed 7/8/25).  Defendant filed a written response and Plaintiff filed a written reply. *See* Doc. 283, 286.

(5) Plaintiffs' Motion for Leave to File Response to Defendant's Motion for Sanctions Out of Time (Doc. 302, filed 7/17/25).

## I.    CONSOLIDATION

The Federal Rules of Civil Procedure state: "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." FED. R. CIV. P. 42(a).  Fed. R. Civ. P. 42(a) "is a codification of a trial court's inherent managerial power 'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985) (citing *In re Air Crash Disaster at Fla. Everglades*, 549 F.2d 1006, 1012 (5th Cir. 1977)).  However, as noted by the plain language in the use of the word "may," the Court's decision under Fed. R. Civ. P. 42(a) is purely discretionary. *See also Eghnayem v. Boston Sci. Corp.,* 873 F.3d 1304, 1313 (11th Cir. 2017) (quoting *Hendrix*, 776 F.2d at 1495) (emphasizing decision is "purely discretionary.").  In exercising that discretion, the Court must

take into account the following factors: (1) whether the specific risks of prejudice and possible confusion are overborne by the risk of inconsistent adjudications of common factual and legal issues; (2) the burden on parties, witnesses and available judicial resources posed by multiple lawsuits; (3) the length of time required to conclude multiple suits as against a single one; and (4) the relative expense to all concerned of the single-trial, multiple-trial alternatives. *Id*. Finally, the Court may decide to consolidate for pretrial, trial, or both.

The Court previously entered an order of limited consolidation for discovery purposes. *See* Doc. 52 as modified by Docs. 112; 128. At the status conference on April 9, 2025, the Court indicated that the cases, though not consolidated beyond discovery, would be heard in a joint presentation though not formally consolidated as it appeared there may be overlapping witnesses and exhibits. On May 25, 2025, on the eve of trial, Plaintiffs filed their formal motion to consolidate the cases. *See* Doc. 238. The Court then took up the motion on the first day of trial on May 27, 2025.

The Court finds that all of the above factors are met and favor consolidation. Additionally, Defendant's counsel stated during the hearing shortly before the oral ruling was issued that it did not object to the consolidation, and that it was already under the impression that the cases were consolidated. These cases were already consolidated for the limited purpose of discovery, and the Court and the parties had already discussed a joint presentation of evidence at trial. Therefore, the Court found that full consolidation was appropriate.

Administratively, the Court indicates that several motions show as pending on the Allfrey docket sheet that are motions that were filed simultaneously in both cases. Further, all but one motion has been ruled upon in the lead case. The only motion that has not already been resolved is the renewed motion for sanctions embedded in the Defendant's response to the motion for

recusal (Doc. 264 in Heimkes and Doc. 163 in Allfrey). Regardless, the motions were all filed in

the lead case, and anything filed in the Allfrey case was duplicative. Therefore, the Clerk of Court

is **DIRECTED** to terminate the duplicative motions in the Allfrey case, 1:22-cv-496. For clarity

the Court includes this reference chart.

| Date | Motion Title | Document number, 1:22-cv-448 | Document number, 1:22-cv-496 | Document number for Court's Ruling on Motion in 1:22-cv-448 |
|---|---|---|---|---|
| 5/15/25 | Defendant's Motion to Preclude Evidence and Testimony Regarding Plaintiffs' Medical Diagnoses and Disabilities | 219 | 143 | 251 |
| 5/15/25 | Defendant's Motion to Dismiss or, in the Alternative, to Exclude Plaintiffs' Trial Witnesses and Exhibits | 220 | 144 | 251 |
| 5/15/25 | Plaintiffs' Motion to Bifurcate Trial | 221 | 145 | 254 |
| 5/26/25 | Plaintiffs' Motion for Judicial Notice | 241 | 157 | 251 |
| 5/25/25 | Plaintiffs' Motion to Alter, Amend, or Vacate the Court's Orders on Pretrial Hearing Pursuant to Rule 60(d)(1) | 242 | 158 | 251 |
| 5/26/25 | Defendant's Motion for Sanctions and for Dismissal | 247 | 161 | 251 |
| 6/6/25 | Defendant's Response to Plaintiffs' Motion for Recusal, or in the Alternative Mistrial and Defendant's Renewed Motion for Sanctions | 264 | 163 | *Doc. 333 - opinion on recusal but left the issue of Defendant's request for sanctions pending. Doc. 333 at 24. |

Therefore, the following documents shall be terminated in the Allfrey case, Civ. Act. No. 1:22-cv-496 – Docs. 143, 144, 145, 157, 158, 161, 163. Those motions are all addressed in the lead case, Civ. Act. No. 1:22-cv-448.

## II.    PLAINTIFFS' MOTION IN LIMINE (DOC. 279)

Having reviewed the transcript, it does not appear the Court formally ruled on this motion but did discuss it extensively on July 14, 2025. Therefore, the Court issues its ruling now.

Plaintiffs moved the Court to preclude Defendant from asserting the affirmative defense of reliance on counsel and to permit Plaintiffs to introduce testimony from Defendant's counsel, Andrew Harrell, Jr. and Greg Dunagan, to rebut any such defense. Doc. 279 at 1. Plaintiffs argue that Defendant waived the reliance on counsel defense by failing to plead it, and that various directors' testimony throughout trial showed reliance on counsel, making counsels' testimony relevant. *Id.* at 6. Plaintiff further argues that reliance on counsel impacts damages, and that counsels' testimony is admissible due to privilege waiver. *Id.* at 7.

Defendant concedes that it did not plead reliance on counsel as an affirmative defense. Doc. 284 at 2. Defendant counters, however, that reliance on counsel is not an affirmative defense that must be specifically pled and therefore it was not waived. *Id.* at 3-4. Defendant further counters that it "has not asserted advice of counsel as an <u>element</u> of its defense. Defendant simply denies that Plaintiffs have proven the elements of their causes of action." *Id.* at 4. Defendant also argues that Plaintiffs' motion in limine is untimely because Plaintiff was aware at least as early as September 2024 when they took the depositions of the various board members that those board members relied on the advice of counsel and therefore was not a surprise at trial. *Id.* at 4-5. In reply, Plaintiffs argue that Defendant misapplies precedent, ignores mid-trial prejudice, and fails to address privilege waiver. Doc. 285 at 1-2.

The Eleventh Circuit case law is muddled as to whether reliance on counsel is an affirmative defense that must be pled in an answer or is otherwise waived. The Eleventh Circuit has held that reliance on counsel is an affirmative defense, of which a defendant bears the burden of proof. *United States v. Vernon*, 723 F.3d 1234, 1269 (11th Cir. 2013) (citing *United States v. Eisenstein*, 731 F.2d 1540, 1543-44 (11th Cir. 1984)). The Eleventh Circuit has not, however, clearly ruled that it must be pled in the answer or is otherwise waived. Though the Eleventh Circuit has not addressed the issue, some sister courts in this Circuit have held that defendants did not waive the affirmative defense of advice of counsel by failing to plead it in their answer. *See Sprint Commc'ns, LLC v. Calabrese*, Civ. Act. No. X, 2022 U.S. Dist. LEXIS 184739, at *14-15, 2022 WL 4767092 at *5 (S.D. Fla. Mar. 31, 2022) ("This Court, however, does not agree with Plaintiff's assertion that the 'advice of counsel' defense must be affirmatively pleaded under Federal Rule of Civil Procedure 8(c)(1) because it finds that Defendants' reliance upon advice of counsel serves merely as a factor to consider in determining whether Defendants acted willfully [. . .]."; *Brown v. Toscano*, 630 F. Supp. 2d 1342, 1349-50 (S.D. Fla. 2008) ("Defendants have not waived the advice of counsel defense by failing to plead it in their answer."). Plaintiff cites *United States v. Hialeah Hous. Auth.*, 418 Fed. App'x 872, 875 (11th Cir. 2011) for the proposition that reliance on counsel is an affirmative defense that must be specifically pled. *See* Doc. 285 at 5. However, the Court has reviewed *Hialeah* and that proposition does not exist in the opinion.

Upon review of the motion, reply, and response, neither party produced any case law binding on this Court that squarely addresses whether reliance on counsel is an affirmative defense that must be pled in the Defendant's answer or is otherwise waived. The Court did not come across such a case in its research. However, there is abundant Eleventh Circuit case law that explains, "the general rule is that, when a party fails to raise an affirmative defense in the pleadings, that

party waives its right to raise the issue at trial." *Hassan v. United States Postal Service*, 842 F.2d 260, 263 (11th Cir. 1988) (citing *American Nat'l Bank v. Federal Deposit Ins. Corp.*, 710 F.2d 1528, 1537 (11th Cir. 1983)). *Hassan* further explains, however, that courts must "avoid hypertechnicality in pleading requirements and focus, instead, on enforcing the actual purpose of the rule." *Id.*

> The purpose of Rule 8(c) is simply to guarantee that the opposing party has notice of any additional issue that may be raised at trial so that he or she is prepared to properly litigate it. *Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation*, 402 U.S. 313, 350, 91 S. Ct. 1434, 1453, 28 L. Ed. 2d 788 (1971). When a plaintiff has notice that an affirmative defense will be raised at trial, the defendant's failure to comply with Rule 8(c) does not cause the plaintiff any prejudice. And, when the failure to raise an affirmative defense does not prejudice the plaintiff, it is not error for the trial court to hear evidence on the issue. *See Bull's Corner Restaurant v. Director of the Federal Emergency Management Agency*, 759 F.2d 500, 502 (5th Cir. 1985); *see also Jones v. Miles*, 656 F.2d 103, 107 n. 7 (5th Cir. Unit B 1981) ("Failure to affirmatively plead the defense is simply noncompliance with a technicality and does not constitute a waiver where there is no claim of surprise.") (dicta) (citation omitted).

*Id.* Thus, *Hassan* still does not give the Court a clear answer as to whether advice of counsel must be asserted in the answer or is otherwise waived.

In this case, Defendant argues that Plaintiff had notice prior to trial because during various board members' depositions in September 2024, they stated that they followed the advice of their counsel. *See* Doc. 284 at 3. However, it does not appear that there was any discovery in this case as to the advice of counsel defense. *See Sprint Commc'ns, LLC*, 2022 U.S. Dist. LEXIS 184739, at *14, 2922 WL 4767092 at *4 ("It is well-established that when a party asserts a defense, such as the advice of counsel defense, that makes an attorney's advice an issue in the litigation, that party waives the attorney client privilege."). Thus, the assertion of the advice of counsel defense may result in at least some prejudice to Plaintiffs in this case due to the lack of discovery on the matter. In any event, Defendant very clearly states that "Plaintiffs are incorrect in that Defendant

has not asserted advice of counsel as an <u>element</u> of its defense.  Defendant simply denies that Plaintiffs have proven the elements of their causes of action."  Doc. 284 at 4.

Accordingly, because the allowing the advice of counsel defense would have result in at least some prejudice to Plaintiffs, and because Defendant stated that it is not asserting an advice of counsel defense, Plaintiffs' motion in limine is **GRANTED in part** and **DENIED in part**.  The motion is granted as to Plaintiffs' request to preclude Defendant from asserting a reliance on counsel defense.  The Court will therefore not entertain advice of counsel as an affirmative defense in this case.  The motion is denied as to Plaintiffs' request to permit them to call Mr. Harrell, Jr. and Mr. Dunagan to testify as to advice given to Defendant which the Court will address in more detail in the next section on compelling the testimony of counsel.

### III.    PLAINTIFFS MOTION TO AMEND COMPLAINT AND ALTERNATIVELY, COMPEL TESTIMONY, FOR SANCTIONS AGAINST DEFENDANT AND ITS COUNSEL, AND FOR RECUSAL (DOC. 292)

As with the prior motion, having reviewed the transcript, it does not appear the Court formally ruled on this motion (Doc. 292), but did discuss it extensively on July 14, 2025. Additionally, the Court addressed the three additional motions to recuse in its prior opinion issued on September 10, 2025.  *See* Doc. 333.

On the second to last day of the trial in this matter, Plaintiffs filed the referenced motion. *See* Doc. 292.  Plaintiffs make several requests in this motion.  First, Plaintiffs move the Court under Fed. R. Civ. P. 15(b)(2) and 21 to grant them leave to amend their complaints to add legal counsel for Defendant in this matter, Andrew Harrell, Jr. and Greg Dunagan, as Defendants.  *Id.* Plaintiffs argue that Mr. Harrell and Mr. Dunagan's advice was "reckless" and purport that the advice was the cause of the alleged violations in this case.  *Id.* at 7.  Plaintiffs further argue that "[t]he Court's refusal to allow Harrell and Dunagan to be questioned prejudices Plaintiff's ability

to obtain complete justice." *Id.* Defendant counters that the purpose of Rule 15(b) is to allow for amending pleadings to conform to evidence already obtained at trial, not to add new parties and new evidence. Doc. 301 at 2. Further, Defendant argues that adding defense counsel as new defendants is both legally improper and highly prejudicial to Defendant, that Plaintiffs have not shown defense counsel would be a necessary witness, and that any testimony sought to be elicited from defense counsel would be protected by attorney-client privilege and or work product privilege. *Id.* at 3-5. Finally, Defendant notes:

> No defense witness testified as to any specific advice that may have been given by Defense Counsel. At most, the testimony was that they "relied on advice of Counsel" or that they "turned it over to our lawyer." Therefore, there is no testimony as to any specific advice given. Just because Plaintiffs perceive that such advice was adverse to their position in the case, and likely adverse to their own attorney's advice to them, does not subject Defense Counsel to being made parties or witnesses so that Plaintiffs' Counsel can explore the details of the advice given— especially after all parties have rested their respective cases and trial has ended.

> The whole premise of Plaintiffs' Counsel's position seems to be that his interpretation of the law is correct and Defense Counsel's interpretation is incorrect and that he should be allowed to explore that difference through the lens of his interpretation. Regardless, it is the Court's interpretation that matters. Therefore, there is no support for Defense Counsel to be added as defendants so that Plaintiffs' Counsel can dissect their interpretation of the law and advice according to his standard. In virtually every lawsuit filed, opposing counsel differ on their interpretations of the facts and the law—such is the nature of litigation. This is nothing new. Deciding who is right is in the province of the Court, not Plaintiffs' Counsel.

*Id.* at 5-6.

As noted above, the Court granted Plaintiffs' motion in limine to preclude Defendant from asserting the affirmative defense of reliance on advice of counsel. Thus, Defendant is correct that defense counsels are not necessary witnesses and that any testimony sought to be elicited from them about their advice to Defendant would be protected by attorney-client privilege and/or work product privilege. Defendant rested its case on the premise that Plaintiffs are unable to meet the

elements of their claim.  Defendant did not argue that, even if Plaintiffs are able to meet the elements of their claim, it is not liable because it relied on the advice of counsel.  Plaintiffs will not be permitted to probe into the specific advice given by defense counsel in this matter simply because plaintiffs' counsel views the law differently than defense counsel.  As Defendant notes, such is the nature of litigation.

As to the request to compel the defense counsel to testify, the Court finds this request to be completely inappropriate and finds no legitimate basis to compel such testimony at this point as it would result in a deliberately created ethical conflict for the attorneys in question.

Ala Code § 12-21-161 states:

No attorney or his clerk shall be competent or compelled to testify in any court in this state for or against the client as to any matter or thing, knowledge of which may have been acquired from the client, or as to advice or counsel to the client given by virtue of the relation as attorney or given by reason of anticipated employment as attorney unless called to testify by the client, but shall be competent to testify, for or against the client, as to any matter or thing the knowledge of which may have been acquired in any other manner.

In addition, the Alabama Rules of Professional Conduct discusses a lawyer as a witness.  It states

(a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness, except where:
    (1) The testimony relates to an uncontested issue;
    (2) The testimony relates to the nature and value of legal services rendered in the case; or
    (3) Disqualification of the lawyer would work substantial hardship on the client.
(b) A lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness, unless precluded from doing so by Rule 1.7 or Rule 1.9.

Rule 3.7 of the Alabama Rules of Professional Conduct.  Finally, the Southern District of Alabama local rules state "[a]ttorneys appearing before this Court shall adhere to this Court's Local Rules, the Alabama Rules of Professional Conduct, and the Alabama Standards for Imposing Lawyer Discipline."  S.D. Ala. GenLR 83.3(i). As such, all the attorneys mentioned in the request would

be duty bound to comply with Rule 3.7(a).

"[R]ules of professional conduct generally disapprove of lawyers testifying at proceedings in which they are also advocates." *Putman v. Head*, 268 F.3d 1223, 1246 (11th Cir. 2001). The question here turns on whether the attorney-witnesses would be "a necessary witness" as contemplated under Rule 3.7. Moreover, "[b]ecause of the potential for abuse by opposing counsel, 'disqualification motions should be subjected to particularly strict scrutiny.'" *Harker v. Commissioner*, 82 F.3d 806, 808 (8th Cir. 1996) (quoting *Optyl Eyewear Fashion Int'l Corp. v. Style Cos.*, 760 F.2d 1045, 1050 (9th Cir. 1985)); *see also Hershewe v. Givens*, 89 F. Supp.3d 1288, 1291 (M.D. Ala. 2015) (quoting *Macheca Transp. Co. v. Phila. Indem. Ins. Co.*, 463 F.3d 827, 833 (8th Cir. 2006) and quoting same).

In construing the issue of "a necessary witness" within the meaning of Rule 3.7, Alabama appellate courts have stated that "[a] necessary witness is one who has crucial information in his possession which must be divulged." *Bradford v. State*, 734 So. 2d 364, 369 (Ala. Crim. App. 1999) (citations and internal quotations omitted). "Moreover, the testimony must be "relevant, material, and unobtainable elsewhere." *Lane v. State*, 80 So. 3d 380, 299 (Ala. Crim. App. 2010) (internal quotation marks omitted); *see also see also Pigott v. Sanibel Dev.*, LLC, Civ. Act. No. 07-83-WS, 2007 U.S. Dist. LEXIS 68623, 2007 WL 2713188, at *2 (S.D. Ala. Sep. 17, 2007) (holding that Rule 3.7 "requir[es] the party seeking disqualification to establish that relevant, material evidence could not be obtained other than by calling the attorney as a witness."). The necessity standard requires more than mere speculation that counsel will be required to testify." *Bradford*, 734 So. 2d at 369 (citation omitted).

In fact, numerous courts in other jurisdictions examining the same or substantially similar ethical prohibitions on counsel acting as both witness and advocate have held that disqualification

is warranted only if there is no other evidence available to prove facts as to which the attorney has personal knowledge.  *See, e.g., Macheca*, 463 F.3d at 833 (interpreting Missouri's version of Rule 3.7 to mean that "an attorney is a necessary witness only if there are things to which he will be the only one available to testify"); *Mettler v. Mettler*, 50 Conn. Supp. 357, 360 (Conn. Super. 2007) (under Rule 3.7, "[a] necessary witness is not just someone with relevant information, however, but someone who has material information that no one else can provide"); *Knowledge A-Z, Inc. v. Sentry Ins.*, 857 N.E.2d 411, 418 (Ind. App. 2006) ("If the evidence that would be offered by having an opposing attorney testify can be elicited through other means, then the attorney is not a necessary witness.") (citation omitted); *Clough v. Richelo*, 616 S.E.2d 888, 891-92 (Ga. App. 2005) (interpreting analogous Georgia rules as requiring party seeking disqualification under Rule 3.7 to demonstrate "that the lawyer's testimony is relevant to disputed, material questions of fact and that there is no other evidence available to prove those facts"); *Weigel v. Farmers Ins. Co.*, 356 Ark. 617, 626 (Ark. 2004) (adopting standard that disqualification is warranted under Rule 3.7 only if evidence of which attorney has personal knowledge "is unobtainable elsewhere"); *State v. Van Dyck*, 149 N.H. 604, 606 (N.H. 2003) ("A lawyer is a necessary witness if his or her testimony is relevant, material and unobtainable elsewhere.") (citation omitted); *Horaist v. Doctor's Hosp. of Opelousas*, 255 F.3d 261, 267 (5th Cir. 2001) (holding an attorney's testimony was not necessary under Rule 3.7 when each piece of information was available from another source); *Harter v. Univ. of Indianapolis*, 5 F. Supp.2d 657, 665 (S.D. Ind. 1998) ("A necessary witness is not the same thing as the 'best' witness.  If the evidence that would be offered by having an opposing attorney testify can be elicited through other means, then the attorney is not a necessary witness."); *World Youth Day, Inc. v. Famous Artists Merchandising Exchange, Inc.*, 866 F. Supp. 1297, 1302 (D. Colo. 1994) (same); *United States v. Childers*, Crim. Act. No. 24-102,

2024 U.S. Dist. LEXIS 153514, 2024 WL 3953993 (W.D. Okla. Aug. 27, 2024) (citations omitted; noting that AUSA may not be called as the listed subjects would not prove or disprove the falsity of the alleged declarations and AUSA thought process and strategy regarding questions asked and decisions made are likely privileged); *see also United States v. Torres*, 503 F.2d 1120, 1126 (2d Cir. 1974) (holding that a federal prosecutor should not take the stand to impeach a government witness "unless it is unavoidably necessary").

Upon review of the reasons provided by Plaintiffs for calling the attorney-witnesses, the Court finds that they do not meet the requirements of "relevant, material, and unobtainable elsewhere" and therefore they are not necessary. As the Court already determined in the motion in limine that the Defendant is precluded from asserting a reliance on the advice of counsel defense, the testimony sought is not relevant. Moreover, it cannot be used as a means to deliberately conflict the attorneys off the case as advocates.

Accordingly, the motion is denied as to Plaintiffs' request to amend their complaint to add defense counsels as new defendants in the midst of trial, and it is also due to be denied as to Plaintiffs' alternative request to compel the testimony of defense counsel.

Plaintiffs also argue that the Court should sanction Defendant and defense counsel under Rule 11(b) for "Defendant's false claims in Docs. 219 and 236 (denying Heimkes' requests, Allfrey's disability, training proof refusal, ADA applicability) and withholding of Duhe and Achee's testimony violate candor duties." Doc. 292 at 10. Plaintiffs also argue sanctions are warranted because they allege defense counsel misrepresented case law. *Id.* Defendant counters, essentially, that just because Plaintiffs' Counsel may interpret the facts of this case and the applicable case law differently does not mean that Defense Counsel has made misrepresentations to the Court. Doc. 301 at 15-17. Further, Defendant notes that "[i]t is unknown what Plaintiffs

contend by their assertion that Defense Counsel 'withheld' testimony from Pat Achee and David Duhe" and that it "is a vague and ambiguous assertion." *Id.* at 13.

The Court agrees with Defendant. First, the Plaintiffs' request for sanctions is vague. Both Mr. Achee and Mr. Duhe testified in this matter. Plaintiffs called both as witnesses in their case and questioned them at length. The only information that Plaintiffs were not permitted to inquire into were the details of the advice given to Mr. Achee and Mr. Duhe from legal counsel, an issue that this Court has already discussed at length. Second, what Plaintiffs view as "false claims" and misrepresentations are merely differing views on the facts and applicable law. As previously noted, such is the nature of litigation. The Court has not yet ruled on Plaintiffs' claims in this matter. It may turn out that Plaintiffs' position on the applicable law under the ADA and/or FHA is correct. That would not warrant sanctions against Defendant simply for arguing a different position on the applicable law. On the other hand, it may turn out that Defendant's position on the applicable law under the ADA and/or FHA is correct. That would also not warrant sanctions against Plaintiffs simply for arguing a different position on the applicable law. If this were the case, every time a party loses in litigation because the Court found its stance on the law or facts incorrect, that party and their counsel would be subject to sanctions. The Court has reviewed the case law cited by Defendant, and, while the Court has not yet determined whether it applies to the present case, and even if the Court does ultimately determine that it is distinguishable or inapplicable in the present case, Defendant's arguments under said cases are not so frivolous, unfounded, baseless, or false that they would warrant sanctions. Accordingly, Plaintiffs' motion is denied as to its request for sanctions.

Finally, Plaintiffs, yet another time, made a request for recusal. Doc. 292 at 11. The motion for recusal is denied. The Court addressed Plaintiffs' other motions for recusal in a separate written

opinion.  Nothing about this request is any different than the prior requests.

Accordingly, for these reasons, Plaintiffs' Motion to Amend Complaint Pursuant to Rule 15(b) and 21 to add defendants, alternatively to compel testimony, for sections, and for recusal (Doc. 292) is **DENIED.**

## IV.    MOTION FOR REASONABLE ACCOMMODATION AND FOR REMOTE TESTIMONY AND CONTINUANCE (DOC. 280)

The Court previously denied the motion as moot by oral order on July 15, 2025, but as the motion still shows as pending on the docket sheet, the Court issues this order summarizing the history and ruling.

On July 8, 2025, Plaintiff Sheraldine Allfrey filed a motion for reasonable accommodation for remote testimony and continuance.  *See* Doc. 280.  Plaintiff requests that she be permitted to testify remotely via video conferencing, to grant a continuance as needed following any seizure, and/or alternatively to allow Mr. Allfrey to testimony on her behalf.  *Id.*  On July 9, 2025, Defendant filed a response which indicated that it would prefer her to attend court and testify live, but if absolutely necessary, Defendant did not oppose testifying by zoom so long as it met certain criteria.  *See* Doc. 283.  Defendant opposed a continuance and adamantly opposed to Mr. Allfrey being able to testify as "next friend" in lieu of Plaintiff's testimony.  *Id.*

On July 9, 2025 the Court initially addressed the matter indicating that it was still considering the motion, but that if denied, the Court would plan some other relief to reduce the stressors of testifying.  The Court would clear the courtroom and have any spectators in an overflow courtroom watching by a live-feed instead of being present in the courtroom.  Therefore, the only persons present in the courtroom would be counsel, the corporate representative, and court personnel.  Instead of waiting for a final ruling, prior to lunch, Mrs. Allfrey appeared in the gallery and the Court and parties were informed that she intended to testify.  Therefore, during lunch the

Court made the arrangements it had previously indicated. Specifically, an overflow courtroom was set up for spectators, and the courtroom was cleared of everyone except those previously referenced. The Court also granted Plaintiff's request to allow Mrs. Heimkes to sit near her to assist in case she had "an episode" as noted by Plaintiff's counsel. Therefore, after lunch, Mrs. Allfrey began her testimony which mooted the majority of the original requests. Unfortunately, Mrs. Allfrey's testimony was pretermitted by a medical episode after which she was taken to the hospital by ambulance and the Court recessed for the remainder of the day.

Later that same day, Plaintiffs filed their reply to the response arguing that Plaintiff Allfrey's doctor advised that testifying presented significant health risks and had been determined temporarily incompetent at least for the foreseeable future which left only the alternative request of "appointment of next friend" such that Mr. Allfrey could testify as her spouse on her behalf. *See* Doc. 286. The Court then heard oral arguments on July 10, 2025 regarding the way ahead. The Court ultimately agrees with Defendant that Fed. R. Civ. P. 17 is inapplicable in this scenario. Additionally, the Court determined that Mrs. Allfrey would be declared unavailable under the federal rules of evidence which would then permit the admission of her deposition testimony. The parties agreed and the deposition testimony was entered as testimony for the purposes of the trial. Finally, the Court granted a short continuance of a couple days and would resume Monday, July 14, 2025 with Mr. Allfrey's testimony. On July 15, 2025 at the conclusion of Mr. Allfrey's testimony, the Court indicated that it would appear that the motion (Doc. 280) was now moot in light of the current posture and the admission of the deposition testimony as trial testimony. Plaintiff's counsel agreed and the Court orally denied the motion as moot.

## V.    REMAINING ISSUES

This leaves for resolution the following motions and issues:

(1) Renewed Motion for Sanctions (Doc. 264);

(2) Plaintiffs' Motion for Directed Verdict (Doc. 294);

(3) Defendant's Motion for Judgment on Partial Findings (Doc. 297),

(4) Plaintiffs' Motion for Leave to File Response to Defendant's Motion for Sanctions Out of Time (Doc. 302),

(5) Defendant's Motion to Strike Plaintiff's Response and for Sanctions (Doc. 304) referencing Doc. 296;

(6) The issue of sanctions as they relate to the use of Artificial Intelligence and the related Motion for Attorneys' Fees (Doc. 338).

The Court now resolves the Plaintiffs' Motion for Leave to File Response to Defendant's Motion for Sanctions Out of Time (Doc. 302) which is **GRANTED**. The Clerk of Court is **DIRECTED** to docket "Plaintiffs' Opposition to Defendant's Motion for Sanctions Against Counsel Franklin H. Eaton Jr." as a separate document effective July 17, 2025 with Exhibit A being the letter dated 4/2/25 from Ryan A. Forbess, M.D. The Court had previously already considered the response, but this order is to make that fact clear.

The two motions related to directed verdict and judgment as a matter of law (Docs. 294, 297) are **CARRIED** for resolution in conjunction with the bench opinion on the merits of the case. The sanctions related issues are **HELD IN ABEYANCE** at this time but are considered ripe in accordance with the show cause orders, briefing, and hearings already held.

## VI.    CONCLUSION

Accordingly, it is **ORDERED** as follows:

(1) Plaintiffs' Motion to Consolidate for Judicial Economy (Doc. 238) was orally **GRANTED** (Doc. 250) and this opinion merely summarizes the Court's reasoning.

(2)   Plaintiffs' Motion in Limine to Preclude Defendant from Asserting Reliance on Counsel Defense and to Permit Introduction of Counsels Testimony with Request for Expedited Ruling by July 10, 2025 (Doc. 279) is **GRANTED in part** and **DENIED in part** as articulated in this opinion.

(3)  Plaintiff Sheraldine Allfrey's Motion for Reasonable Accommodation and for Remote Testimony and Continuance (Doc. 280, filed 7/8/25) was orally **DENIED as moot** on July 15, 2025 right before the proceedings concluded.

(4) Plaintiffs Motion to Amend Complaint Pursuant to Fed. R. Civ. P. 15(B) and 21 to Add Defendants, Alternatively to Compel Testimony, for Sanctions Against Defendant and its Counsel Pursuant to Fed. R. Civ. P. 11 and the Courts Inherent Authority, and for Recusal Pursuant to 28 U.S.C. Sections 144 and 455 (Doc. 292) is **DENIED** for the reasons articulated in this opinion.

(5) The Plaintiffs' Motion for Leave to File Response to Defendant's Motion for Sanctions Out of Time (Doc. 302) is **GRANTED** and the Clerk of Court is **DIRECTED** to docket "Plaintiffs' Opposition to Defendant's Motion for Sanctions Against Counsel Franklin H. Eaton Jr." as a separate document effective July 17, 2025 with the letter dated 4/2/25 from Ryan A. Forbess, M.D. being attached as Exhibit A to the response in opposition.

**DONE** and **ORDERED** this the 9th day of December 2025.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE