IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| MARK HEIMKES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIV. ACT. NO. 1:22-cv-448-TFM-N |
| | ) | |
| FAIRHOPE MOTORCOACH RESORT CONDOMINIUM OWNERS ASSOCIATION, INC., | ) ) ) | |
| | ) | |
| Defendant. | ) | |
| | | |
| SHEARLDINE MARIE ALLFREY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIV. ACT. NO. 1:22-cv-496-TFM-N |
| | ) | |
| FAIRHOPE MOTORCOACH RESORT CONDOMINIUM OWNERS ASSOCIATION, INC., | ) ) ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiffs' Motion to Reopen the Record and Admit Newly Discovered Evidence (Doc. 344, filed 01/19/26). Defendant filed a response in opposition, which also included a motion to strike (Doc. 346, filed 01/27/26), and Plaintiffs filed an untimely reply (Doc. 347). Defendants also moved to strike Plaintiffs' untimely reply. *See* Doc. 348. Having considered the motion, response, evidentiary submissions in support of the motion, and relevant law, the Court finds Plaintiffs' motion is due to be denied and Defendant's motions to strike are due to be denied.

Page 1 of 4

Defendant argues that Plaintiffs' motion is due to be stricken for failing to comply with Fed. R. Civ. P. 11(a), which requires that every motion "must be signed by at least one attorney of record in the attorney's name." *See* Doc 346 at 2.  As Defendant notes, Plaintiffs' motion is signed "/s/ Franklin H. Eaton, Jr. By Permission."  *See* Doc. 344 at 7.   While the Court agrees with Defendant that the wording certainly indicates that Mr. Eaton did not sign it, Plaintiff clarified that Kris Allfrey, Mr. Eaton's paralegal, signed and filed the document for him.  Mr. Eaton takes full responsibility for the contents of the motion.  It is a common practice for attorneys to have their paralegals file motions for them.  The attorney's signature indicates that the attorney has reviewed the contents and takes full responsibility for whatever the motion states.  Thus, the motion to strike in this regard is due to be **DENIED**.

Turning to the substance of the Plaintiffs' motion, however, the Court finds that Plaintiffs arguments to reopen the record and admit "new" evidence fail.

Plaintiffs argue that that Court should reopen the record and admit "newly discovered evidence consisting of the 2025 Board meeting minutes of Defendant."  *See* Doc. 344 at 1.  The evidence that Plaintiffs claim is "newly discovered" includes meeting minutes from March 14, 2025, June 27, 2025, and September 13 and 18, 2025.

The Court notes that, while Plaintiffs seek to reopen the evidence rather than be granted an entire new trial, the criteria for granting a new trial on the basis of newly discovered evidence are instructive on whether to reopen evidence based on the same. Those factors are:

> (1) the evidence must be newly discovered since the trial; (2) due diligence on the part of the movant to discover the new evidence must be shown; (3) the evidence must not be merely cumulative or impeaching; (4) the evidence must be material; and (5) the evidence must be such that a new trial would probably produce a different result.

*Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1316 (11th Cir. 2000).  Further,

in order for evidence to qualify as "newly discovered" for purposes of a motion for new trial, "the evidence must be in existence at the time of the trial." *N.L.R.B. v. Jacob E. Decker and Sons*, 569 F.2d 357, 364 (5th Cir. 1978); *see also Betterbox Communications Ltd. v. BB Technologies, Inc.*, 300 F.3d 325, 331 (3rd Cir. 2002) ("newly discovered evidence must concern facts in existence at the time of trial"); *Davis by Davis v. Jellico Community Hosp. Inc.*, 912 F.2d 129, 136 (6th Cir. 1990) (discussing "well-conceived rule that newly discovered evidence for motions under Rule 59 or Rule 60(b)(2) must pertain to evidence which existed at the time of trial"); *Rivera v. M/T Fossarina*, 840 F.2d 152, 156 (1st Cir. 1988) (evidence that came into existence after the court's judgment is not newly discovered evidence within the meaning of Rules 59 and 60); *Peacock v. Board of School Comm'rs of City of Indianapolis*, 721 F.2d 210, 214 (7th Cir. 1983) ("Under Rule 59, the evidence also must have been in existence at the time of trial ...."). This is so because of bedrock principles of finality and certainty of judicial proceedings. Evidence which has only come into existence after the conclusion of a trial cannot justify the granting of a new trial "for the obvious reason that to allow such a procedure could mean the perpetual continuation of all trials." *Jacob E. Decker*, 569 F.2d at 364 (citation omitted); *see also State of Washington v. United States*, 214 F.2d 33, 46 (9th Cir. 1954) ("The policy of law in having an end to litigation, would in most cases prevent the reopening of a case because of after-occurring events."); *Hudson's Bay Co. Fur Sales v. American Legend Co-op.*, 115 F.R.D. 337, 341 (D.N.J. 1987) (cautioning that to allow new trial based on evidence that was new, not newly discovered, would be to "assure unending litigation and the demise of the concept of finality").

*Baucom v. Sisco Stevedoring, LLC*, 2008 WL 2428930, 2008 U.S. Dist. LEXIS 46030, at *14-16 (S. D. Ala. June 2008).

The trial in this matter concluded on July 15, 2025. Thus, the Board minutes from September 13 and 18, 2025 did not exist at the time of trial and are therefore new, not newly discovered. As noted above, the motion to reopen the evidence and admit new evidence that was created after the conclusion of trial would be to allow a perpetual trial. The rules of civil procedure simply do not permit a court to reopen the evidence to admit new evidence that did not exist at the time of trial, and the Court declines to adopt a policy that would do so.

As for the March and June meeting minutes, the Court has reviewed those minutes and finds, first, that they are not the smoking gun Plaintiffs seem to think they are. From the Court's review, they contain no information that would change the evidence already presented to the Court.

Plaintiffs claim "[t]hey prove the Board has control over rentals open to the public, with a managed program controlled by the Board, public access to rentals through the FMRCOA website, and extensive advertising, firmly establishing ADA applicability . . .." Doc. 344 at 5. A simple reading of the minutes reveals they contain no such revelations. Second, the meeting minutes would simply be cumulative and would not produce a different result. Plaintiffs questioned several Board members at trial and had ample opportunity to ask about the rental program or anything that was discussed during Board meetings that might be applicable to this case. And Plaintiffs did exactly that. In fact, Plaintiffs extensively questioned multiple members ad nauseum regarding the Board's involvement in rentals and the rental program, various events, and insurance policies. Those lines of questioning provide far more context than the outline of meeting discussions do, and they covered everything that Plaintiffs claim the March and June meeting minutes "reveal."

Finally, Defendant moves to strike Plaintiffs' untimely reply. *See* Doc. 348. Defendant is correct that Plaintiffs' reply was untimely. However, despite consideration of the reply, the Court still finds that Plaintiff's motion to reopen the evidence is due to be denied. Thus, there is not real harm to Defendant in the Court considering the reply.

Accordingly, Plaintiffs' Motion to Reopen the Record and Admit Newly Discovered Evidence (Doc. 344) is **DENIED**. Defendant's motions to strike (Doc. 346 and 348) are **DENIED**.

**DONE** and **ORDERED** this the 25th day of March 2026.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE